UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

EMMANUEL ST.FLEUR
   (petitioner)

                           CASE No._____

       V.

                      AGENCY FILE No.A41-483-086

John Ashcroft et. al.,
   (respondent)
_____/

PETITION FOR A WRIT OF HABEAS
CORPUS PURSUANT TO 28 U.S.C. §2241

     Comes Now, petitioner Emmanuel ST.FLEUR, hereby respectfully
petition this Honorable Court for a writ of habeas corpus, to
remedy his unlawful detention by the respondent, in support
of this petition and complaint for injunctive relief, petitioner
asserts the following:

## PRELIMINARY STATEMENT

Petitioner Emmanuel St.Fleur petitions this Honorable Court from the Immigartion Judge's refusal to certify petitioner as a Derivative Citizen of the United States; The Board of Immigration Appeals's abuse of discretion for not affirming the Immigration Judge's termination, and remanding the case for further proceedings; The Immigration Judge's error sustaining the ground of removability in the absence of the Government failure to prove removability by clear convincing evidence; the Board of Immigration Appeal's abuse of discretion for the dismissal of petitoner's appeal.

## JURISDICTION

Jurisdiction is proper in this Court pursuant to 29 U.S.C. §1343, the Immigration and Nationality Act, 8 U.S.C. §1101 et seq., 28 U.S.C. §1331, the Administrative Procedure Act, 5 U.S.C. §707 et seq., 8 U.S.C. §2241 et seq., Pena-Rosario V.Reno, 83 F.Supp. 349(E.D.N.Y 2000), Pottinger V. Reno, 51 F.Supp. 2d. 349 (E.D. N.Y. 1999); Mojica V. Reno, 970 F.Supp. 2d. 130, 168-72(E.D.N.Y 1997); Yesil V. Reno, 958 F.Supp. 2d. 828(S.D.N.Y 1997); Henderson V. INS, 157 F.3d 106 (2nd Cir.1998); St.Cyr V. INS, 229 F.3d. 406 (2nd Cir. 2000); Goncalves V. Reno, 144 F.3d. 110(1st Cir. 1998).

This Honorable Court has personal jurisdiction in a habeas proceeding " so long as the custodian can be reached by service of process ". Braden, supra, at 495. see also United States ex rel V. Sero V. Preiser, 506 F.2d 1115, 1128(2nd Cir.1974)(noting

jurisdictional grant in §2241 is co-extensive with the scope of process).

## VENUE

Venue lies in the United States District Court for the District of Massachusetts. Petitioner is a resident of Boston, residing at 25 West Selden street Boston, MA 02126, and petitioner was also arrested in the State of Massachusetts. Therefore, venue is determined according to 28 U.S.C. §1391(e). This Court has jurisdiction over all respondents/Defendants pursuant to **Rule 4(e) of the Federal Rules of Civil Procedure**. Under §1391(e)(2), there are three factors that must be evaluated for §1391(e) venue purpose: (1) the place of injury, (2) the weight of contacts and (3) Whether a substantial part of events or omissions giving rise to the claim occured in the District. State of Massachusetts certainly qualifies as a proper venue.

In a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241, where petitioner is incarcerated in one state and files his petition in another, venue disputes are evaluated utilizing traditional criteria. see, **Braven V. 30th Judicial Circuit Court of Kentucky**, 410 U.S. 484, 493-94(1973); **U.S. ex rel Sero V. Reno**, 828 F.Supp. 506 F.2d 1145,1130 &n.11(2nd Cir.1974)(appropriateness of habeas venue in New York " bolstered" by analogy to §1391(e) which looks to the place of resident of plaintiff) **Nwankwo V.Reno**, 828 F.Supp. 171, 176 & n.2(E.D.N.Y. 1993).

Factors to be considered in determining whether venue is proper

in a §2241 petition include (1) where all of the material events took place; (2) where records and witnesses relevant to petitioner's claim are to be found, and (3) the convenience of the forum for both the respondents and the petitioner; (4) the familiarity of the Court with applicable laws. **Henderson v. INS**, 157 F.3d 106, 128 n.5 (2nd Cir. 1998)(citing **Braden**, 410 U.S. 484, 493-94(1973).

## PARTIES

Petitioner, Emmanuel St.Fleur, is a male native of Haiti who entered the United States at Miami, Florida on October 20,1988, as a Lawful Permanent Resident of the United States. Petitioner is a resident of the State of Massachusetts and reside at: 25 West Selden Street, Boston, MA 02126. petitioner has maintained employment with Local 33 Roofer's Union in the State of Massachusetts.

Respondent John Ashcroft, is sued in his Official capacity as the United States Attorney General, as such, respondent is the legal custodian of petitioner, and has the authority to direct subordinates to carry out any Order directed. As the Attorney General, respondent routinely conducts business within the State of Massachusetts.

Respondent, James W. Zigler, is sued in his Official capacity as the Commissioner of Immigration & Naturalization Services, as such respondent has the responsibility for the Administration of the Immigration Laws pursuant to 8 U.S.C. §1103 and is a legal custodian of petitioner. As the Commissioner, Immigration & Naturalization Service, respondent routinely conducts business within the State of Massachusetts.

Respondent, Charles T. Cobb, is sued in his Official capacity as the District Director for Massachusetts Office of Immigration

4

as the District Director for Massachusetts Office of the Bureau of Immigration & Custom Enforcement, as such, respondent is charged with the duty of administrative and enforcement of all the functions, powers and duties of the B.I.C.E, while petitioner was within the State of Massachusetts, the B.I.C.E issued a Notice To Appear, thereby putting petitioner under it's powers and a Notice of his removal proceedings which were thereby commenced within the State of Massachusetts. See, 28 U.S.C. §2241.

Respondent Christine G. Davis, is sued in her Official capacity as the B.I.C.E of Louisiana's District Director, as such, respondent is charged with the duty of Administrative and Enforcement of all functions, powers and duties of the B.I.C.E, which routinely houses detainees there due to excess space. Petitoner is currently and unlawfully being detained in the B.I.C.E Federal Detention Center in Oakdale, Louisiana. Respondent Christine G. Davis, furthermore, routinely conducts business within the State of Massachusetts as the B.I.C.E Oakdale, Louisiana District Director by sending surrender notices to aliens who reside within the state of Massachusetts, thereby taking custody of Massachusetts aliens residents and by taking other enforcement actions with respect to the custody and deportation of aliens in and from the State of Massachusetts.

Respondent, Bureau of Immigration & Custom Enforcement and the United States Department of Justice are made parties as defendants for obtaining Judicial Review and relief pursuant to the **Declaratory Judgment Act, 28 U.S.C. §2201 et.seq.**, with respect to the actions of the Department of Justice and the Executive Office for Immigration Review.

5

certainly qualifies as proper venue.

## STATEMENT OF FACTS

Petitioner Emmanuel St.Fleur, was born in Haiti on January 26, 1976, by the union of George St.Fleur and Philomene Thelusme. (See Exhibit 1).

Petitioner never lived with his mother in Haiti, he was raised by his father and paternal grandmother. After the petitioner's birth sometime later, George St.Fleur came to the United States, and began the process of filling the necessary paperwork with Immigration & Naturalization Service in order to bring the petitioner to the United States as a Lawful Permanent Resident to reside with him. (See **Exhibit 2).**

On October 20,1988, at the age of twelve, petitioner was admitted to the United States as a Lawful Permanent Resident , based on his immediate relative petition filed on his behalf by his father, Petitioner joined and resided with him. **(see Exhibit 3).**

On December 6,1989, petitioner's mother became deceased. **(see Exhibit 4).**

On September 17,1991, petitioner's father George St.Fleur became a Naturalized Citizen of the United States. Petitioner was 15 years of age, and in the continuous custody of his father, George St.Fleur, whom naturalized on that date. **(see Exhibit 5).**

On December 13,2000, Petitioner was convicted, by way of a guilty plea to, Assault & Battery and Malicious Destruction of Property, Petitioner was sentenced to probation.**(see Exhibit 6**A &B)

On June 5,2002, Petitioner was convicted by way of a plea to Assault & Battery and Witness Intimidation, and was sentenced to

probation on those charges. see **(Exhibit 7)**

On June 5,2002, petitioner was found in violation of the December 13,2000, probation disposition, as a result of a new arrest and was sentenced to one year in the Suffolk House Of Correction (60) days to serve the ballance suspended to run concurrent with the instant June 5,2002, charges, of probation disposition.

On July 12,2002, Petitioner was served a Notice To Appear commencing deportation proceedings, petitioner was to appear before the Immigration Judge at: JFK Federal Building, Room 320, Government Center Boston, MA 02103, with a time and date to be set. **(see Exhibit 8).**

On January 30,2003, petitioner filed a motion to terminate the removal proceedings, with prejudice to the issuance of a new Notice to Appear, based on the improperly served documents by the B.I.C.E. See(Exhibit 9).

On February 10,2003, pursuant to the improperly filed documents by the B.I.C.E, the Immigration Judge terminated the removal proceedings, without prejudice to the commencement of new removal proceedings, and that he lacked jurisdiction to entertain petitioner's removal proceeding. See (Exhibit 10).

On February the Government file a Notice Of Appeal to the Board Of Immigration Appeals, from the Immigration Judge's decision for terminating petitioner's removal proceedings. See(Exhibit 11).

On July 25,2003, the Board Of Immigration Appeals, remanded the case to the Immigration Judge for a new decision. See(Exhibit 12).

On May 12,2004, plaintiff filed a motion to terminate the removal proceedings, based on petitioner's Derivative Citizenship to the United States pursuant to INA §321(a)(2),(4)(5); the judicial

7

bar to further litigate the removal proceedings which was terminated on February 10,2003, pursuant to the Doctrine of Res Judicata; and that petitioner's conviction was not for a deportable Offense, pursuant to Mass. Gen. Law Ch.265 §13A, Assautl & Battery, which cary a sentence of 2½ years in the House of Correction or $500.00 fine. See(Exhibit 13, 6A & 6B). see (Exhibit 13)

On May 12,2004, the Immigration Judge Ordered petitioner removed from the United States, pursuant to the charges on the Notice To Appear. See(Exhibit 14).

On May 24,2004, petitioner filed a Notice Of Appeal to the Board Of Immigration Appeals, contesting the Immigration Judge's abused discretion for denying petitioner the certification of his Derivative Citizenship; the unlawfulness of relitigating the removal proceedings after termination; the abused discretion of a removal Order absence of convincing, clear, and unequivocal evidence to establish that petitioner's offense is removable. See(Exhibit 15).

On July 14,2004, the Board Of Immigration Appeals provided petitioner with a due date of August 4,2004, to file an Appeal brief. see(Exhibit 16).

On July 21,2004, petitioner filed a BP98(Inmate Requset To Staff Member Form)to the F.D.C Education Supervisor, Allen Povenmire, requesting to be provided with the necessary legal case laws that will adequately guide petitioner to present the proper issues in this case matter the Law Library lacked, for petitioner's research. see (Exhibit 17).

On July 21,2004, petitioner filed a BP98(Inmate Request To Staff Member Form), to the F.D.C. Warden J.P.Young, requesting his assistance, and explaining how vital the necessary case laws are to

8

for petitioner to properly and adequately regain his freedom, in
which the F.D.C. Law Library lacked. See(Exhibit 18).

On July 21,2004, petitioner filed a BP98(Inmate Request To
Staff Member Form), to Nancy Hooks Officer In Charge of the B.I.C.E,
requesting assistance, and discussing the difficulties petitioner has
been having with respect to securing the necessary case laws to
effective, adequately, and timely file his Appeal brief. See(Exhibit
19).

On July 26,2004, petitioner filed a motion for extension of
time to the Board Of Immigration Appeals, provided proof for his
request by submitting copies of BP98(Inmate Request To Staff Member
Forms) for the Board's awareness of the difficulties petitioner has
encountered in with respect to securing the necessary case laws
which is vital for petitioner to effectively, adequately, and timely
file his Appeal brief. See (Exhibit 20).

On August 2,2004, the Board Of Immigration Appeals granted
petitioner's motion for extension of time, with a due date of August
25,2004. see(Exhibit 21).

On August 2,2004, petitioner received a response from Nancy
Hooks Officer In Charge of the B.I.C.E, with respect to petitioner's
BP98(Inmate Request To Staff Member Form)filed on July 21,2004,
asking petitioner to provide the necessary case laws for petitioner's
research, and she would provide what petitioner needed.see(Exhibit 22).

On August 2,2004, petitioner filed a BP98(Inmate Request To
Staff Member Form), providing the necessary case laws for petitioner's
to Nancy Hooks Officer In Charge of B.I.C.E. see(Exhibit 23).

On August 6,2004, petitioner received a response from the
F.D.C. Warden J.P.Young, with respect to petitioner's BP98(Inmate

9

Request To Staff Member Form) filed on July 21,2004, informing petitioner that the F.D.C. Law Library maintains an inventory of materials as dictated in Program Statement 1315.07, Inmate Legal Activity, and that petitioner should specify the necessary case laws lacked, to Allen Povenmire, F.D.C. Education Supervisor.    See (Exhibit 24).

On August 6,2004, petioner received a response from Nancy Hooks Officer In Charge of the B.I.C.E, with respect to petitioner's BP98(Inmate Request To Staff Member Form) filed on August 2,2004, informing petitioner that all the case laws requested from Volume 22 of the Board Of Immigration Appeals decisions has been sent to the F.D.C, and that Volume 22 was all she could obtain at the time. See (Exhibit 25).

On August 9,2004, petitioner filed another Motion For Extension Of Time, providing the Board Of Immigration Appeals copies of the petitioner's BP98(Inmate Request To Staff Member Form) filed and responses from the F.D.C. Warden J.P.Young, and Nancy Hooks Officer In Charge of the B.I.C.E. see (Exhibit 26).

On August 10,2004, petitioner filed a BP98(Inmate Request To Staff Member Form), To Nancy Hooks Officer In Charge of the B.I.C.E, with respect to her response to petitioner's BP 98(Inmate Request To Staff member Form) filed on August 2,2004, and she responded to on August 6,2004, that the legal case laws she responded to have sent to the F.D.C. has yet to surface, and petitioner endeavor to timely, adequately, and effectively file his Appeal brief. See(Exhibit 27).

On August 10, 2004, petitioner filed a BP98(Inmate Request To Staff Member Form), to Nancy Hooks Officer In Charge of the B.I.C.E, informing her that the case laws she had responded to have

10

to the F.D.C. Law Library has finally surfaced, However petitioner neede additional case laws to further research in order to effectively, adequately, and timely file his Appeal brief. see (Exhibit 28).

On August 16, 2004, petitioner received a response from Nancy Hooks Officer In Charge of the B.I.C.E,with respect to petitioner's BP98(Inmate Request To Staff Member Form), filed on August 10,2004, MS.Hooks informed petitioner that it is not her job to help petitioner fight his case, and that the case laws are at the F.D.C. Law Library. See(Exhibit 29).

On August 16, petitioner received a response from Nancy Hooks Officer In Charge in the B.I.C.E, with respect to petitioner's BP98 (Inmate Request To Staff Member form)filed on August 10,2004, Ms.Hooks response to petitioner's request to be provided the additional case laws necessary for petitioner furhter his research, was that,it is not her job to provide petitioner with case laws.see (Exhibit 30).

On August 19,2004, the Board Of Immigration Appeals denied petitioner's motion for extension of time and that the due date remain August 25,2004, for filing his Appeal brief. see(Exhibit 31).

On August 30, 2004, petitioner received a response from the F.D.C. Warden J.P.Young, with respect to petioner's BP98(Inmate Request To Staff Member Form), filed on August 6,2004, the Warden's response is that the case laws petitioner requested are not part of the inventory dictated in the Program Statement 1315.07 Inmate legal activity. see (Exhibit 32).

On August 30, 2004, petitioner filed a writ of mendamus to the Western District of Louisiana, United States District Court, requesting that the Court compel the Board Of Immigration Appeals

11

to release petitioner from the custody of the B.I.C.E; issue an Order vacating the removal proceedings; Order the certification of petitioner's Derivative Citizenship; or in the alternative allow petitioner an opportunity to present the issues of his case contesting the allegations and charges of removable alien filed against petitioner. see (Exhibit 33).

On september 12,2004, petitioner filed a BP98(Inmate Request To Staff Member Form), to the F.D.C.Warden J.P.Young, with respect to petitioner's pursuit to secure the necessary case laws in order to file an adequate and effective brief, and petitioner sought out the assistance of the F.D.C. Education Supervisor, Allen povenmire, at which time petitioner was told that the Board of Immigration Appeals decisions and case laws are a bonus to Immigration detainees, and not requirement. see (Exhibit 34).

On september 23,2004, the Board Of Immigration Appeals, dismissed petitioner's appeal, affirming the Immigration Judge's decision without opinion, an administratively final decision. see(Exhibit 35).

On October 4,2004, petitioner received a response from the F.D.C. Warden J.P.Young, with respect to petitioner's BP98(Inmate Request To Staff Member Form), filed on September 12,2004, the Warden response is that the Education Department is not responsible for obtaining legal materials for petitioner outside the Law Library inventory mandated policy. See(Exhibit 36).

On November 8, 2004, petitioner filed a motion to withdraw his writ of mendamus, pursuant to a report and recommendation from the Western District Court Of Louisiana Magistrate, after petitioner filed for a stay of removal. see(Exhibit 37).

On November 15,2004, petitioner received Western District Court's

12

decision granting petition's request to withraw his writ of Mendamus. see (Exhibit 38).

## STATEMENT OF ISSUES

1) Petitioner has established that he has derived Citizenship from his naturalized father, pursuant to INA § 321(a)(2),(4),(5); 1432(a)(2),(4),(5).

2) Petitioner's removal proceedings was terminated and further relitigating became procedurally barred by the doctrine of Res Judicata.

3) Petitioner's criminal offense, does not satisfy the requirements of establishing a crime of violence, under INA 101(a)(43)(F); §16 of the Title 18 of 8 U.S.C.

4) Petitioner was deprived access to the necessary legal case laws to effectively, adequately, and timely file his appeal brief, in violation of petitioner's Fifth, and Sixth Amendment Rights under the United States Constitution.

## CLAIMS FOR RELIEF

1) Petitioner is a United States Citizen by virtue of INA §321 (a)(2),(4),(5) and subsection 1432(a)(2),(4),(5).

A child born outside of the United States of alien parents, or an alien parent, and a Citizen parent who has lost Citizenship of the United States, become a Citizen of the United States upon fulfillment of the following conditions:

13

1) The Naturalization of both parents; or

2) The Naturalization of the survivng parent, if one of the parents are deceased.

3) The naturalization of the parent having legal custody of the child, when there has been a legal separation of the parents, or the naturalization of the mother, if the child paternity has been established by legitimation; and if

4) Such Naturalization takes place while such child is under the age of eighteen years; and

5) Such child is residing in the United States pursuant to a Lawful Admission for permanent residence at the time of the Naturalization of the parent last Naturalized under Clause (2) or (3) of this subsection, or thereafter begins to reside permanently in the United States while under the age of eighteen years old.

(a) Subsection (a) of this section shall apply to an adopted child, only if the child is residing in the United States at the time of Naturalization of such adoptive parent or parents, pursuant to a Lawful Admission for Permanent Residence, INA § 321(a).

## TO DERIVE CITIZENSHIP THROUGH ONE PARENT ONLY

In interpreting statutes, one must begin with the language of the statute itself. **Estate of Coward V. Nicklos Drilling**, 505 U.S. 469,475(1992). Where the plain meaning of a provision is unambiguous, that meaning is controlling, except in the "rare cases[where] the literal application for a statute will produce a result demonstably at odds with the intention of the drafters". Id at 475 qouting **Griffin V. Oceanic Contractors Inc.**, 458 U.S. 564,571(1982). To determine the plain meaning and purpose of a portion of a statute, one must examine the specific provision at issue, not in isolation, but in the context of the law as a whole including it's object and policy.

14

policy. see **Crawford V. Indiana Dept. of Corrections**, 115 F.3d 481 486(7th Cir.1997). Where necessary, that may make use of legislative history to illuminate the intent, and meaning of a provision. **United States V. Thomas**, 77 F.3d 989,991(7th Cir. 1996). If the statute is silent or ambiguous regarding an issue, a degree of deference is ordinarily granted to the interpretation of the Administrative Agency charged with implementing or provision in question. **Chevron U.S.A. V. Natural Res. Def. Council**, 467 U.S. 837,843(1984), but an agency deference is not required where the language of the statute is clear on its face, the Congressional intent is discernible, or the agency has no consistent interpretation. **Cardoza-Fonseca**, 480 U.S. at 446.

To summarize, over the course of this century, Congress has enacted remedial naturalization statutes, accomplishing three primary goals:(1) to give both mothers and fathers the ability to pass the benefit of citizenship to their children, (2) to allow legitimation under the law of the child's or the fathers domicile; and (3) to expand the kinds of "parent-child" relationship to which derivative citizenship applies.

## This Court Has The Authority To Declare  The Petitioner A United States Citizen And To Terminate The Deportation Proceedings Against The Petitioner

Colorable claims of citizenship must be resolved, in the first instance, by a court rather than  an agency. **Ng Fung Ho V. White**, 259 U.S. 276,284(1922). Congress has preserved the judicial role establishe d by **Ng Fung Ho**, see 8 U.S.C §1105a(a)(5), INA §106(a)(5) (1995).

petitioner has a right to have his claim adjudicated by this Court, before the B.I.C.E. deport him from his Country of Citizenship.

Pursuant to **INA § 106(a)(5)**, this Court has the Authority to declare the certification of Petitioner's Citizenship, there are not any genuine issues of material facts about peitioner's Citizenship claim. petitioner has submitted profer testimonial evidence, in addition to the documentary, certified material evidence establishing his Derivative Citizenship to the United States, pursuant to **INA § 321** (a)(2),(4),(5); **INA § 1432(a)(2),(4),(5)**.

## DOCTRINE OF RES JUDICATA

2) Res judicata means, a matter adjudicated; a thing or matter settled by judgment, which becomes a final judgment based on the merits. The judgment of a Court concurrent jurisdiction, directly upon the point, is as a plea bar or as evidence, conclusive, between the same parties, upon the same matter, directly in question in another Court.

Controversies once decided on their merits shall remain in repose that inconsistent Judicial decisions shall not be made on the same set of facts, and that there be an end to litigation which, without the doctrine of Res Judicata would be endless. The doctrine of Res Judicata not only puts to an end in strife, but recognizes that certainty in legal relations must be maintained. The doctrine produce certainty as to individual rights and gives dignity and respect to Judicial proceedings. It is considered that a judgment presents evidence of facts of so high a nature that nothing which could be proved by evidence aliunde, would be

16

sufficient to overcome it, and therefore, it would be useless for a party against whom it can be properly applied to adduce any such evidence, and accordingly he is precluded by law from doing so.

At the outset of the consideration of the doctrine of Res Judicata, it must be noticed that there is a wide difference between the effect of a judgment as a bar to the prosecution of a second action upon the same claim, demand or cause of action, and it's effects to preclude the relitigation of particular facts or issues in another action between the same parties on a different claim or cause of action.

A judgment on the merits, rendered by a court of competent jurisdiction, is conclusive as to the rights of the parties and privies, and as to them constitutes an absolute bar of a subsequent action involving the same claim, demand, and cause of action whether plaintiff fails to recover in the first action or is successful in recovering a part of his claim.

In other words for a judgment to bar the maintenance of a subsequent action, there must be not merely identity of the subject matter but, also of the cause of actions. Thus, it has been held that the actions may be regarded as on the same cause of actions, and that maintenance of the second action may be precluded, even though different grounds for relief are interposed.

## THE JUDGMENT OF THE COURT LACKING PERSONAL JURISDICTION, VIOLATES THE FOURTEENTH AMENDMENT DUE PROCESS CLAUSE OF THE U.S. CONSTITUTION

Petitioner filed a motion the Immigration Court that the

17

improperly served documents required termination of the removal proceedings. The Government failed to comply with the procedural requirements as mandated in 8 C.F.R.3.14(a). The regulation contains a requirement related to jurisdiction, even in the absence of aparent prejudice, the defect requires termination of the proceedings.

A jurisdictional defect is not waiable or curable, unlike the compliance with non-jurisdictional procedural requirements. see Jian V. INS, 28 F.3d 256(2nd Cir.1994), (holding that the Government improperly transferred venue to Oakdale, Louisiana, but finding prejudice to the alien). In addition, the defect is fatal even if not raised on appeal. see Ruhrgas V. Marathon Oil Co., 526 U.S. 574, 583-84(1999), (discussing the duty of the Federal Courts to self police the issue of subject matter jurisdiction.

When a Court lacks jurisdiction," the only function remaining to the Court, is that, of announcing the fact, and dismissing the case". see Steel V. Citizen For Better Environment, 523 U.S. 83,84, 94(1998).

The Board of Immigration Appeals remanded petitioner's case to the Immigration judge for further hearing with respect to it's lack of jurisdiction to entertain petitioner's removal proceedings, which is clearly in violation of petitioner's Fourteenth Amendment Right under the United States Constitution, as the removal proceedings was already terminated and any further litigation or relitigation of the case, based on the same cause of actions, the same parties in the same Court, became judicially barred by the doctrine of Res Judicata.

18

<u>THE REMOVAL PROCEEDINGS SHOULD HAVE BEEN TERMINATED
PURSUANT TO THE DOCTRINE OF RES JUDICATA'S PRECLUSION
RELITIGATING RESOLVED MATTERS ARE JUDICIALLY BARRED</u>

In the instant case the improperly served documents caused a non-waivable or curable defect to an extent that required termination of the removal proceedings. The Board of Immigration Appeals, which remanded petitioner's case, and the Immigration Court are well aware of the violation caused by improperly served documents by the Government.

Petitioner contends that his removal proceedings was terminated on February 10,2003, before the 8 C.F.R. 3.14 amendment of 68 Fed. Reg. 9824, 9830(effective February 28,2003). In considering the Board of Immigration Appeals decision overlooking petitioner's removal proceeding termination as if never occured, and the usage of an amendment to 8 C.F.R, which clearly does not apply to petitioner's matter, in order to justify the usurp of petitioner's Constitutional Protected Rights. The Res Judicata doctrine exist for the preclusion of relitigations, and to establish a finality to the litigating of the same cause actions and charges. Once a decision is made by the Court it's judicially or administratively final, whether made in error or not.

3) Petitioner asserts, to be classified as an Aggravated Felon, or to have been convicted of a Crime Involving Moral Turpitude for the purpose of Immigration Proceedings, the law requires that a specific criteria is to be fulfilled to satisfy either the Moral Turpitude classification or the Aggravated Felon conditions:

19

A.    CRIMES OF VIOLENCE AS DEFINED UNDER 18 U.S.C. §16

Section 101(a)(43)(F) of the Act includes in the definition of an Aggravated Felony,"a crime of violence (as defined in section 16 of Title 18; United States Code, but not including a purely political offense) for which the term of imprisonment imposed (regardless of any suspension of such imprisonment) [is] at least 1 year." see Matter of S-S-, Interim Decision 3317(BIA 1997).

The term "crime of violence" is defined at 18 U.S.C.§16 as follows:

(a) an offense that has an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

For a particular offense to be a "crime of violence", under 18 U.S.C. §16(a), the elements of the offense must be such that physical force is an element of the crime. Alternatively, whether an offense to be considered a crime of violence under 18 U.S.C. § 16(b), the offense must first be a felony offense is such that in it's commission would ordinarily present a risk that physical force would be used against a person or the property of another. see United States v. Marzullo, 780 F.Supp. 658,662(W.D. Mo. 1991); U.S. v. Jackson, 986 F.2d. 312(9th Cir.1993); U.S. v. Sherman, 928 F.2d. 324(9th Cir.) Matter of Alcantar, 20 I&N Dec.801,812 (BIA 1994).

B.    APPLICATION OF 18 U.S.C. §16(a)

Petitioner was convicted under Mass.Gen.Law.Ch.265 §13A,

20

Assault & Battery.

Chapter 265:Section 13A Assault or Assault & Battery; punishment; Section 13A:

> Whoever commits an assault or an assault and battery upon another shall be punished by imprisonment for not more than two and one half years in a house of correction or by a fine of not more than five hundred dollars.

Petitioner was initially sentenced to probation, and violated pursuant to a new arrest. Petitioner received a sentence of 1 year in the house of correction, 60 days to serve, the ballance suspended to concurrent with the probation disposition for the other charges.

The criminal offense from which petitioner suffered the conviction is not classified as an offense that constitute a crime of violence, as physical force is not an element of the crime.

The Immigration Judge erroneously concluded petitioner's criminal offense to render removability.

Based on Massachusetts Legislative's intent to seperate the different degrees of Assault & Battery under Massachusett's case law, is defined fairly broadly, and encompass a wide variety of conducts, which constitute removability, and those that do not.

The record of coviction submitted by the Government is insufficient to establish, that use of physical force is an element of petitioner's convicted offense to be classify as a crime of violence to render removability, as defined in 18 U.S.C. §16(a). see INA §240(c)(3) of the Act, 8 U.S.C. §1229(c)(3)(stating that the Government must prove removability by clear, conving, and unequivocal evidence.

C.    APPLICATION OF 18 U.S.C. §16(b)

Petitioner's conviction under Mass.Gen.Law Ch.265 §13A, is not a felony offense.

## DIVISIBIILITY

Suffolk County Supreme Judicial Court has stated that assault & battery is " the intentional and justified use of force upon the person of another", however slight;or "the intentional doing of a wanton or grossly negligent act causing personal injury to another". Commonwealth V. McCan, 178 N.E. 633(Mass.1931); Commonwealth V. Burno, 478 N.E.2d 1366(Mass.1986).

Middlesex Appeals Court has in turn, defined assault & battery as " the intentional, unpriviledge, unjustified touching of another with such violence that bodily harm is likely to result", and also stated that the offensive touching " may be direct, as by striking another or indirect, as setting in motion some force or instrumentality with the intent to cause injury". Commonwealth V. Dixon, 614 N.E.2d 1027(Mass. App.Ct. 993).

It's apparent that under Massachusetts statute assault & battery is divisible as in Hamdan V. INS, 98 F.3d 183(5th Cir. 1996)(holding, if a state statute encompasses both acts that does and does not involve Moral Turpitude, the Board cannot sustain deportability on that statute); Solorzano Patlan V. INS, 207 F.3d. 869(7th Cir.2000), where the Court held that a statutory definition of criminal offenses encompasses conducts that does not constitute a crime of violence, the Immigration Judge may not simply categorize all offenses in that statute as a crime of violence for deportation purposes. see Michel

22

V. INS, 206 F.3d. 253(2nd Cir.2000); Matter of Sweetser Intern Dec. 3390(1991)[ holding that where the state statute under which an alien has been convicted is divisible, it is necessary to look into the record of conviction, and other documents to determine whether the specific offense, which an alien was convicted constitute an Aggravated Felony]; Matter of Mena, [where a statute under which the respondent was convicted is divisible and broad, and the statute enumerates several acts, some of which constitute a deportable crime, and some of which do not, the alien should be given the benefit of the doubt. see Matter of Short, 20 I&N Dec.136(BIA 1989); Matter of esfandiary, 16 I&N Dec. 659(BIA 1979); Matter of Ghuniam, 15 I&N Dec.269(BIA 1975); Commonwealth V. Burke, supra; Commonwealth V. Bruno, supra; U.S. V. Fernandez, 121 F.3d. 777(1st Cir.1997) (finding that use of force is not an essential element of assault & battery on a Police Officer, as defined in Mass.Gen.Laws.


4) The Board Of Immigration Appeals abused discretion, with respect to it's failure to affirm the Immigration Judge's termination and to be consistent with it's decision, when reviewing similar situated cases.

    (1) The equal protection clause essentially requires All persons similarly situated, be treated alike Id.

    (2) Equal Protection violation occur when the Government treats someone differently from another who is similarly situated.

The petitioner was never given the same opportunities, in which benefitted others as stated above. It is petitioner's opinion that he was "prejudiced " against, in violation of the Due Process Clause and Equal Protection Rights gauranteed by the

the United States Constitution. see <u>Muse V. Sullivan</u>, 925 F.2d 785(5th Cir. 1991).

It is evident that petitioner has been prejudiced against by the Board Of Immigration Appeal's refusal to affirm the Immigration Judge's termination of the removal proceedings. Petitioner's case was terminated in consistence with the Board's decisions on <u>Nasrallah Ali Hussein</u> A29-443-340, (BIA June 15,2001); <u>Khaled Mahmoud</u> A91-351-582, (BIA May 2,2003). Nasrallah Ali Husein's decision for termination was decided by the Board; Khaled Mahmoud's termination was Ordered by the Immigration Judge, and affimed by the Board. Petitioner's Constitutional Rights has been usurped by the B.I.C.E and the Board Of Immigration Appeals repeatedly, that prejudice against petitioner is blatantly clear.

Petitioner's denied extension by the Board Of Immigration Appeal is clearly irrational, arbitrarily, and in violation of his Constitutional Rights gauranteed under the Fifth Amendment's " Due Process Clause", and the Sixth Amendment's "Fair Hearing Clause" of the United States Constitution.

## DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT

The Due Process Clause of The Fifth Amendment, specificly requires that Administrative Agencies not only must properly inform the Petitioner of the proceedings instituated against him, but also must provide petitioner access to the necessary legal materials to adequately, and effectively present a meaningful objection to the actions and decisions.

Here, the liberty of petitioner is deprived to an eventual removal from his country of Citizenship. petitioner Emmanuel St. Fleur, is reduced to great hardship of his individual life, immediate family, and his relatives. It is also a deprivation of his right to stay, live, and work in this land of freedom.

The United States Constitution under the Fifth and Sixth Amendments forbids the Bureau Of Immigration & Custom Enforcement Officials from arbitrarily usurp petitioner's rights of a fair opportunity to defend his constitutional Rights to be free from The B.I.C.E's custody and to remain in his Country of Citizenship.

## FAIR HEARING CLAUSE OF THE SIXTH AMENDMENT

The Sixth Amendment, explicitly established that no one shall be deprived of his liberty without a meaningful opportunity to be heard and to adequately and effectively defend his cause.

Petitioner, entered the United States as a minor, derived his citizenship through his father, and now, is taken into custody arbitrarily facing permanent banishment from his Country, without giving him an opportunity to effectively establish his right  to be an American Citizen. All of which is in violation of his Constitutional Rights to be free from the flagrant mistreatments of both the B.I,C.E, and the B.I.A.

Petitioner had made several attempts to secure the necessary case laws from the responsible Officials which became futile. Petitioner provided proof for his requested extensions, and the hinderance that the legal materials were not provided primarily at

the existing Law Library at the F.D.C.

Wherefore,

    Petitioner seeks the following reliefs fron this Court:

1) Compel the certification of petitioner's Derivative
   Citizenship.

2) Terminate removal proceedings, with respect to the
   judicial bar of Res Judicata.

3) Terminate removal proceedings , as the filing documents
   were improperly served upon petitioner.

4) Terminate Removal proceedings as the petitioner's
   offense is one to satisfy the clasification of a crime
   of violence under section 16 of the title 18.

5) Terminate removal proceedings as the B.I.C.E, B.I.A,
   and the F.D.C Official's deprivation and the usurping
   of petitioner's Constitutionally protected Rights.

and nay other reliefs this Honorable Court deems just and proper.


Respectfully Submitted,

Dated: _Dec 7, 2004_, 2004


EMMANUEL ST.FLEUR

26

E  X  H  I  B  I  T   1

PETITIONER's BIRTH CERTIFICATE

LIBERTY                          EQUALITY                          FRATERNITY

REPUBLIC OF HAITI
EXTRACT FROM THE CLERK'S OFFICE
FOR THE TRIBUNAL OF PEACE                    No. 64790
NOTH SECTION OF PORT-AU-PRINCE

In the year One Thousand Nine Hundred Eighty-three, on Thursday the fifteen of the month of September, in the 180th of indepence at 10:00 A.M. in the morning.

Before us, Daniel D. Desrosiers, Deputy Judge of Peace for the North Section of the Capital, aided by the under clerk, the Citizen Emmanuel Vital.

Have appeared:

1) Simeon Accime identification number.........................4544AY
2) Celestin pierre identification number.....................3248A
3) Esaie Petit-Frere identification number...................1825

All owners, residents of Port-Au-Prince. They have declared that, all researches made through the National Archives to find the Birth Certificate of Emmanuel Saint-Fleur were revealed unsuccessful. For further identification purposes, the witnesses, with respect to their attributions of the Article 70 & 71 of Civil Code, have indicated to us verbally that the so-called Emmanuel Saint-Fleur was born in Saint-Louis Du Nord on January 26,1976, having Philomene Thelusme as mother and George Saint-Fleur as father, both adults. After lecture made to them by the assistant clerk, they have certify and attest that they know Emmanuel Saint-Fleur was born Saint-Louis Du Nord on January 26,1976, having for mother Philomene Thelusme, and for father, George Saint-Fleur.

Based on the testimonies, attestations, and declarations, we have determined that the witnesses were truthful, after lectures made of this present act, we have signed with the witnesses.

Signatures:Emmanuel SAINT-FLEUR, Simeon ACCIME, Celestin PIRRE, Esaie PETIT-FRERE, Emmanuel VITAL, Commis GREFFIER, Daniel D. DESROSIERS' Judge.

Approval of The Judge of Peace For The Legislation
of The Signature of The Assistant Clerk



**REPUBLIQUE D'HAITI**

20 Ctmes    20 Ctmes

**LO**    **N⁰ 64790**

Vingt Centimes de gourdes

LIBERTE    EGALITE    FRATERNITE
REPUBLIQUE D'HAITI
Extrait des minutes du greffe du tribunal
de Paix de la Section-Nord de P-au-P

L'AN MIL NEUF CENT QUATRE VINGT TROIS ET LE JEUDI QUINZIEME JOUR DU MOIS DE SEP-
TEMBRE AN 180EME DE L'INDEPENDANCE A DIX HEURES DU MATIN.

Par devant Nous, Daniel D. DESROSIERS Juge de Paix suppléant de la capi-
tale Section-Nord, assisté du Commis-Greffier du siège le citoyen Emmanuel VITAL.

Ont comparu:

1o)  Siméon ACCIME identifié au no................................... 4544AY
2o)  Celestin PIERRE identifié au no................................. 3248A
3o)  Esaie PETIT-FRERE identifié au no.............................. 1825XL

Tous propriétaires demeurant et domiciliés à Port-au-Prince. Lesquels
comparants nous ont déclaré que toutes les recherches effectuées dans les ar-
chives nationales pour retrouver l'acte de naissance de Mr. Emmanuel SAINT-FLEUR
se sont demeurées vaines et infructueuses. En vue de se présenter par devant
qui de droit, les comparants conformément aux prescription des articles 70 et 71
du code civil ont porté à notre indication verbale que le nommé Emmanuel
SAINT-FLEUR est né à Saint-Louis du Nord le VINGT SIX JANVIER MIL NEUF CENT SOI-
XANTE SEIZE des oeuvres naturelles du sieur Georges SAINT-FLEUR et de la dame
Philomène THELUSME.

Les comparants haitiens majeurs, jouissant leurs droits civils et poli-
tiques. Après lecture à eux faite par le Commis-Greffier de l'exposé qui pré-
cède nous ont déclaré certifié attesté qu'ils connaissent parfaitement bien le
nommé Emmanuel SAINT-FLEUR et savoir surtout qu'il est né à Saint-Louis du Nord
le Vingt six Janvier mil neuf cent soixante seize des oeuvres naturelles du
sieur Georges SAINT-FLEUR et de la dame Philomène THELUSME.

Desquelles comparutions, attestations et déclarations, avons donné acte
aux comparants de leurs dires et déclaration. Dressé et clos ce présent acte de
notoriété publique que nous avons signé avec eux et notre Commis-Greffier après
lecture.

Ainsi signé: Emmanuel SAINT-FLEUR, Siméon ACCIME, Celestin PIERRE, Esaie
PETIT-FRERE, Emmanuel VITAL, Commis-Greffier, Daniel D. DESROSIERS' Juge.

Visa du Juge de Paix pour la légalisation    POUR EXPEDITION CONFORME
de la signature du Commis-Greffier

No 4411
Baptisé à
St Martin
2 0 Octobre 1983

13

E  X  H  I  B  I  T  2

IMMEDIATE RELATIVE VISA PETITION

PETITION TO CLASSIFY STATUS OF ALIEN RELATIVE
FOR ISSUANCE OF IMMIGRANT VISA

Fee Stamp

368364
BG 2-24-86

NCM1

(PLEASE NOTE   YOU ARE THE PETITIONER AND
YOUR RELATIVE IS THE BENEFICIARY)

**TO THE SECRETARY OF STATE:**

The petition was filed on ___02-24-84___

The petition is approved for status under section:

- [ ] 201 (b) SPOUSE
- [ ] 201 (b) CHILD
- [ ] 201 (b) PARENT
- [ ] 203 (a) (1)
- [X] 203 (a) (2)
- [ ] 203 (a) (4)
- [ ] 203 (a) (5)

DATE OF ACTION
DD
DISTRICT

APPROVED INS.
BOSTON, MASS.
AUG 14 1986
Agatha T. Cobb
DISTRICT DIRECTOR

REMARKS
- [ ] PERSONAL INTERVIEW CONDUCTED
- [X] DOCUMENT CHECK ONLY
- [ ] FIELD INVESTIGATION COMPLETED
- [ ] APPROVAL PREVIOUSLY FORWARDED

(PETITIONER IS NOT TO WRITE ABOVE THIS LINE)

| 1. Name of beneficiary (Last, in CAPS) (First) (Middle) | 2. Do Not Write In This Space |
|---|---|
| ST. FLEUR   EMMANUEL | A 26 893 841 |

2. Do Not Write In This Space
S-531

| 4. Other names used by beneficiary (including maiden name if married) | 3. Beneficiary's marital status: [ ] Married [ ] Widowed [ ] Divorced [X] Single |
|---|---|
| NONE | 5. Has this beneficiary ever been in the U.S.? [ ] YES [X] NO |

| 6. Country of beneficiary's birth | 7. Date of beneficiary's birth (Month, day, year) | 8. Are beneficiary and petitioner related by adoption? |
|---|---|---|
| HAITI | 1/26/76 | [ ] YES [X] NO |

| 9. Petitioner's name is: (Last, in CAPS) (First) (Middle) | 10. petitioner's phone No. | 11. The beneficiary is my: (relationship) |
|---|---|---|
| ST. FLEUR   GEORGE | NONE | SON |

12. Other names used by petitioner (including maiden name if married woman)
NONE

13. Name of beneficiary's spouse, if married, and date and country of birth (Omit this item if petition is for your spouse)
NONE

14. Full address of beneficiary's spouse and children, if any (Omit this item if petition is for your spouse)
NONE

15. Names, birthdates and countries of birth of beneficiary's children:
NONE

16. Check the appropriate box below and furnish the information required for the box checked:

[X] Beneficiary will apply for a visa abroad at the American Consulate in ___Montreal, Canada___ Port-au-Prince, Haiti
(CITY IN FOREIGN COUNTRY) (FOREIGN COUNTRY)

[ ] Beneficiary is in the United States and will apply for adjustment of status to that of a lawful permanent resident in the office of the Immigration and Naturalization Service at _____ (CITY) (STATE)

If the application for adjustment of status is denied, the beneficiary will apply for a visa abroad at the American Consulate in _____
(CITY IN FOREIGN COUNTRY) (FOREIGN COUNTRY)

17. Address in the United States where beneficiary will reside (Number and Street) (City) (State)
33 Wyoming Street, Apt. 4, Dorchester, New York 02121

18. Address at which beneficiary is presently residing (Apt. No.) (Number and street) (Town or city) (Province or State) (ZIP Code)
33 Wyoming Street, Apt. 4, Dorchester, New York 02121

19. (a) Beneficiary's address abroad (if any) is: (Number and Street) (Town or City) (Province) (Country)
3rd Chemin Des Grandes #2, St. Louis Du Nord, Haiti

(b) If the beneficiary's native alphabet is other than Roman letters, write his/her name and address in the native alphabet:
(Name) (Number and Street) (Town or City) (Province) (Country)

OVER

| Initial Receipt | Resubmitted | Relocated Received | Sent | Returned | Completed |
|---|---|---|---|---|---|

| | RECEIVED | TRANS. IN | RET'D. TRANS. OUT | COMPLETED |
|---|---|---|---|---|

20. If beneficiary is in the United States, give the following information concerning beneficiary:

(a) Last arrived in U.S. as _____ B-2 _____
(Visitor, student, exchange alien, stowaway, etc.)
(Month) (Day) (Year)
5/15/85

(b) Date beneficiary's stay expired or will expire as shown on his Form I-94 or I-95.
(Month) (Day) (Year)
11/15/85

(c) Beneficiary's File number (if any) A-

(d) Name and address of beneficiary's present employer

NONE

(e) Date beneficiary began this employment

21. I was born: (Month) (Day) (Year) in: (Town or city)        (State or Province)        (Country)
10  5  48        St. Louis Du Nord, Haiti

22. If you are a citizen of the United States, give the following:
Citizenship was acquired: (Check one)

☐ through birth in the U.S.   ☐ through parents   ☐ through naturalization   ☐ through marriage

(1) If acquired through naturalization, give name under which naturalized or name used prior to naturalization, if different from your present name, number of naturalization certificate, and date and place of naturalization:

_____

(2) If known, my former alien registration number was A _____

(3) If acquired through parentage or marriage, have you obtained a certificate of citizenship in your own name? _____

(a) If so, give number of certificate and date and place of issuance: _____

(b) If not, submit evidence of citizenship in accordance with instruction 8(e)(2).

23. If you are a lawful permanent resident alien of the United States, give the following:

a. Alien Registration Number
A-38 891 442

b. Date, place, and means of admission for lawful permanent residence
6/14/85, BOS IR-1

*ORIGINAL DOCUMENT SEEN, COMPARED AND RETURNED.*
*INFO - NYC - 18*

24. If this petition is for your spouse or child, give the following:   a. Date and place of your present marriage
2/26/82, Mass

b. Names of your prior spouses

NONE

c. Names of spouse's prior spouses

NONE

25. My residence in the United States is: (C/O, if appropriate)   (Apt. No.)   (Number and Street)   (Town or city)   (State)   (ZIP Code)
3 Wyoming Street, Apt. 4, Dorchester, Mass 02121

26. My address abroad (if any) is: (Number and street)   (Town or city)   (Province)   (Country)
NONE

27. Last address at which I and my spouse resided together
(Town or city)   (State or Province)   (Country)   (Apt. No.)   (Number and street)
From (Month) (Year)   To (Month) (Year)
3 Wyoming Street, Apt. 4, Dorchester, Mass 02121        PRESENT

28. If this petition is for a child, (a). is the child married? NO   (b). is the child your adopted child? NO   If so, give
the names, dates, and places of birth of all other children adopted by you. If none, so state.

29. If this petition is for a brother or sister, are both your parents the same as the alien's parents? _____ If not, submit a separate
statement giving full details as to parentage, dates of marriage of parents, and the number of previous marriages of each parent.

30. If separate petitions are also being submitted for other relatives, give names of each and relationship to petitioner.

31. Have you ever filed a petition for this alien before? NO   If so, give place and date of filing and result.

32.                              CERTIFICATION OF PETITIONER

I certify, under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on (date) April 30, 1986        Signature George St. Fleur

33.              SIGNATURE OF PERSON PREPARING FORM IF OTHER THAN PETITIONER

I declare that this document was prepared by me at the request of the petitioner and is based on all information of which I have any knowledge.

(SIGNATURE)        (ADDRESS)        (DATE)

E  X  H  I  B  I  T    3

IMMIGRANT VISA AND ALIEN REGISTRATION

OPTIONAL FORM 155A (REV. 1-83)
DEPT. OF STATE

NSN-7540-01-126-7761

50155-203

IV- 41483086

# IMMIGRANT VISA AND ALIEN REGISTRATION

☐ THE IMMIGRANT HAS BEEN PREVIOUSLY IN THE UNITED STATES

OF:

*(Family Name)*
SAINT-FLEUR

*(First Name)*
Emmanuel

*(Middle Name)*

INS FILE #, IF KNOWN

ACTION BY IMMIGRATION INSPECTOR

U. S. IMMIGRATION
060  MIA  49

OCT 2 0 1988

ADMITTED ___P2-2___
UNTIL _____ (CLASS)

THE IMMIGRANT NAMED ABOVE ARRIVED IN THE UNITED STATES VIA *(Name of vessel or flight no. of arrival)*

EA 950

INELIGIBILITY FOR VISA WAIVED UNDER SECTION

☐ 212(e)   ☐ 212(h)
☐ 212(g)   ☐ 212(i)

CITY AND COUNTRY OF BIRTH
St. Louis du Nord,  HAITI

MO-DAY-YR OF BIRTH
26JAN76

CITY AND COUNTRY OF LAST RESIDENCE
Port-au-Prince,  HAITI

NATIONALITY
HAITIAN

MARITAL STATUS
☐ M  ☒ S  ☐ W  ☐ D  ☐ SEP

MOTHER'S FIRST NAME
PHILOMENE

FATHER'S FIRST NAME
GEORGES

FINAL ADDRESS IN THE UNITED STATES

STREET ADDRESS, INCLUDE—IN CARE OF & APT# IF APPLICABLE
8 N.E.  2nd Street

CITY, STATE, AND ZIP CODE, IF AVAILABLE
Pompano Beach, FL.                  33060

SEC. 212(a)(14)
LABOR CERTIFICATION  ☐ NOT APPLICABLE  ☒ NOT REQUIRED  ☐ ATTACHED

OCCUPATION
STUDENT  STC

SEX M ☒
F ☐

This visa is issued under Section 221 of the Immigration and Nationality Act, and upon the basis of the facts stated in the application. Possession of a visa does not entitle the bearer to enter the United States if at the time he seeks to enter he is found to be inadmissible. Upon arrival in the United States, it must be surrendered to a United States Immigration Officer.

AMERICAN  EMBASSY

AT  PORT-AU-PRINCE

James C. Swan
Vice Consul
of the United States of America

Consular Officer of the United States of America

| IMMIGRANT CLASSIFICATION | | |
|---|---|---|
| CLASSIFICATION SYMBOL | | P2-2 |
| FOREIGN STATE/OTHER AREA LIMITATION | | HAITI |
| IMMIGRANT VISA NO. | | |

ISSUED ON          (Day)        (Month)        (Year)
                    14           Oct.           88

THE VALIDITY OF THIS VISA EXPIRES MIDNIGHT AT THE END OF
                   (Day)        (Month)        (Year)
                    10          Feb.           89

PASSPORT

NO.
83-127881

OR OTHER TRAVEL DOCUMENTS (Describe)

ISSUED TO

BY

ON

EXPIRES

FOREIGN

UNITED STATES OF AMERICA

Tariff No. 21
Fee Paid $75
Local Cy. Equiv.

Gdes 125

IV- 41483086

ACTION OF I.J.

ACTION ON APPEAL

U.S.P.H.S.

E  X  H  I  B  I  T  4


PETITIONER"S MOTHER"S DEATH CERTIFICATE



Nº  **12894**    Sorb:                    D.G.I. 369

# ACTE DE DECES

1.00
Gde

EGALITÉ                    FRATERNITE

REPUBLIQUE D'HAITI

Une Gourde

L'An mil neuf cent quatre vingt — **neuf** ............................. An 186ème ...... de l'Indépendance et le ..**Vendredi** **Vingt-et-un Août, à dix heures du matin.—**

Par-devant Nous ........................... **RENE  FEXIL.—**

Officier de l'Etat Civil de ............... **Port-au-Prince, Section Sud'Est.—**

soussigné;

A comparu ...................... **La dame JACQUELINE CAFIEUS** .......................... Propriétaire

demeurant et domicilié à ........................... **Port-au-Prince**

**NNEE : 1989**

**o.  46**

**EG. N-6**

————————— La...**quelle**.. nous a déclaré en présence de ..... **ANDRE JEAN FELIX**

**CTE DE**

**ECES DE :**

et de ................ **MARIE ROSE THELUSME** ............................... tous deux majeurs, demeurant et

domiciliés à ............. **Port-au-Prince** ............... témoins choisis et amenés par .............. **la**

.................... **Comparante** ............... que .... **la dame PHILOMENE THELUSME**

**HILOMENE**

**HELUSME**

................ née à .. **St. Louis-du-Nord, le 27 Juin 1954** ............... de son vivant

propriétaire, demeurant et domicilié à ................... **Léogane de son vivant .—**

**écédée le**

.................... **fille naturelle** ............... de M .onsieur. **DIEJUFLE THELUSME .—**

**2 Juin 1989**    propriétaire, demeurant et domicilié à .................. **Léogane .—**

et de .. **JULIA CAFIEUS** ............., propriétaire, demeurant et domicilié à ............. **Léogane**

**n son**

.................. , est décédé le ........... **12 Juin** ............ mil neuf cent quatre-vingt-**neuf** ........ à

**omicile**

............ **six** ..........heures du .... **soir** ....... à .. **Léogane,en son domicile** à l'âge de .. **35 ans**

**éogane.—**

.................... et que l. **a** ....... décédé **e** ................ était l'épou..**s.—**

:==========    En foi de quoi, vu un Certificat du Service National d'Hygiène et d'Assistance Publique au

Nº .. **56438-9** .................................. avons dressé le présent acte de décès.

Après le**cture faite par** nous dud**it** acte, l'avons signé: ...... **Avec le Responsable et les témoins.—**

Récépissé de la Direction Générale des Impôts No .... **63410** ............ Série ... **KK**

Signé .................................

Presses Nationales d'Haïti (96284)

E  X  H  I  B  I  T  5

PETITIONER"S FATHER's NATURALIZATION CERTIFICATE



No. 15097786

FORM N-550 (REV 11-1-87)Y

IT IS PUNISHABLE BY U. S. LAW TO COPY, PRINT OR PHOTOGRAPH THIS CERTIFICATE, WITHOUT LAWFUL AUTHORITY.

Petition No. _____00282207_____

Personal description of holder as of date of naturalization: Date of birth _____OCTOBER 05, 1948_____ complexion _DARK_ color of eyes _BLACK_ color of hair _BLACK_ height _5_ feet _3_ inches; sex _MALE_ Marital status _DIVORCED_ visible distinctive marks _____NONE_____

I certify that the description above given is true, and that the photograph affixed hereto is a likeness of me.

George St Fleur

ORIGINAL.

No. A38 891 442

UNITED STATES OF AMERICA
SOUTHERN DISTRICT OF FL.

Be it known, that at a term of the _____SOUTHERN DISTRICT OF FL._____ DISTRICT _____ Court
held pursuant to law at _____MIAMI, FL_____
on _____SEPTEMBER 17TH, 1991_____ the Court having found that
_____GEORGE   ST. FLEUR_____
then residing at _5640 NW 14TH COURT, LAUDERHILL, FL_

George St Fleur
(Complete and true signature of holder)

T. G. CHELEOTIS
Clerk of the DISTRICT Court
By Deborah ___ Deputy Clerk.

E X H I B I T   6 A

PETITIONER'S CONVICTION RECORD

CRIMINAL DOCKET                 No. CR007248

| | |
|---|---|
| COURT DIVISION | DATE and JUDGE |
| Dorchester | |
| ☐ INTERPRETER REQUIRED | DOCKET ENTRY |

NAME, ADDRESS AND ZIP CODE OF DEFENDANT

ST.FLEUR, EMMANUEL
10 WITHINGTON ST # 1
DORCHESTER, MA

11-15-00

DOCKET ENTRY

☐ Attorney appointed (SJC R. 3:10)
☐ Atty denied and Deft Advised per 211D §2A
☐ Waiver of counsel found after colloquy

Terms of release set:
☐ PR   ☐ Bail:   $500. Cash
☐ Held (276 §58A)
☐ See back for special conditions

Arraigned and Advised:
☐ Potential of bail revocation (276 §58)
☐ Right to bail review (276 §58)
☐ Right to drug exam (111E §10)

Advised of right to jury trial:
☐ Does not waive
☐ Waiver of jury trial found after colloquy

Advised of trial rights as pro se (Supp. R. 4)

Advised of right of appeal to Appeals Ct (R. 28)

| DEFT. DOB AND SEX | | | |
|---|---|---|---|
| 01/26/1976   M | | | |
| DATE OF OFFENSE(S) | PLACE OF OFFENSE(S) | | |
| 11/14/2000 | DORCHESTER | | |
| COMPLAINANT | POLICE DEPARTMENT (if applicable) | | |
| LANG, LAURA PO. | BOSTON PD AREA H-11 | | |
| DATE OF COMPLAINT | RETURN DATE AND TIME | | |
| 11/15/2000 | 11/15/2000 09:00:00 | | |

| COUNT/OFFENSE | FINE | SURFINE | COSTS | RESTITUTION | V/W ASSESSMENT |
|---|---|---|---|---|---|
| 1.  265/13A/B  A&B c265 §13A | | | | | ☐ WAIVED |

DISPOSITION DATE AND JUDGE: 12/13/00 Miller

DISPOSITION METHOD
☐ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §29D warning
☐ Bench Trial
☐ Jury Trial
☐ None of the Above

FINDING
☐ Not Guilty
☐ Guilty
☐ Not Responsible
☐ Responsible
☐ No Probable Cause
☐ Probable Cause

SENTENCE OR OTHER DISPOSITION
☐ Sufficient facts found but continued without guilty finding until:
☐ Probation          ☐ Pretrial Probation (276 §87) - until: 12/13/02
☐ To be dismissed upon payment of court costs/restitution
☐ Dismissed upon: ☐ Request of Comm.  ☐ Request of Victim
   ☐ Request of Deft   ☐ Failure to prosecute  ☐ Other:
☐ Filed with Deft's consent  ☐ Nolle Prosequi  ☐ Decriminalized (277 §70C)

FINAL DISPOSITION
☐ Dismissed on recommendation of Probation Dept.
☐ Probation terminated: defendant discharged

35.00 v/w

JUDGE                DATE

| COUNT/OFFENSE | FINE | SURFINE | COSTS | RESTITUTION | V/W ASSESSMENT |
|---|---|---|---|---|---|
| 2.  266/127/A  DESTRUCTION OF PROPERTY +$250, MALICIO | | | | | ☐ WAIVED |

DISPOSITION DATE AND JUDGE: 12/13/00 Miller

DISPOSITION METHOD
☐ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §29D warning
☐ Bench Trial
☐ Jury Trial
☐ None of the Above

FINDING
☐ Not Guilty
☐ Guilty
☐ Not Responsible
☐ Responsible
☐ No Probable Cause
☐ Probable Cause

SENTENCE OR OTHER DISPOSITION
☐ Sufficient facts found but continued without guilty finding until:
☐ Probation          ☐ Pretrial Probation (276 §87) - until: 12/13/02
☐ To be dismissed upon payment of court costs/restitution
☐ Dismissed upon: ☐ Request of Comm.  ☐ Request of Victim
   ☐ Request of Deft   ☐ Failure to prosecute  ☐ Other:
☐ Filed with Deft's consent  ☐ Nolle Prosequi  ☐ Decriminalized (277 §70C)

FINAL DISPOSITION
☐ Dismissed on recommendation of Probation Dept.
☐ Probation terminated: defendant discharged

20.00 rest

JUDGE  :4890000015/64.010WAF        DATE

| COUNT/OFFENSE | FINE | SURFINE | COSTS | RESTITUTION | V/W ASSESSMENT |
|---|---|---|---|---|---|
| | | | | | ☐ WAIVED |

DISPOSITION DATE AND JUDGE

DISPOSITION METHOD
☐ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §29D warning
☐ Bench Trial
☐ Jury Trial
☐ None of the Above

FINDING
☐ Not Guilty
☐ Guilty
☐ Not Responsible
☐ Responsible
☐ No Probable Cause
☐ Probable Cause

SENTENCE OR OTHER DISPOSITION
☐ Sufficient facts found but continued without guilty finding until:
☐ Probation          ☐ Pretrial Probation (276 §87) - until:
☐ To be dismissed upon payment of court costs/restitution
☐ Dismissed upon: ☐ Request of Comm.  ☐ Request of Victim
   ☐ Request of Deft   ☐ Failure to prosecute  ☐ Other:
☐ Filed with Deft's consent  ☐ Nolle Prosequi  ☐ Decriminalized (277 §70C)

FINAL DISPOSITION
☐ Dismissed on recommendation of Probation Dept.
☐ Probation terminated: defendant discharged

I HEREBY CERTIFY THAT THIS IS A TRUE
COPY, GIVEN UNDER MY HAND AND SEAL
___ DAY OF June 2002

CLERK-MAGISTRATE
ASSISTANT CLERK

| COUNT/OFFENSE | FINE | SURFINE | COSTS | RESTITUTION | V/W ASSESSMENT |
|---|---|---|---|---|---|
| | | | | | ☐ WAIVED |

DISPOSITION DATE AND JUDGE

DISPOSITION METHOD
☐ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §29D warning
☐ Bench Trial
☐ Jury Trial
☐ None of the Above

FINDING
☐ Not Guilty
☐ Guilty
☐ Not Responsible
☐ Responsible
☐ No Probable Cause
☐ Probable Cause

SENTENCE OR OTHER DISPOSITION
☐ Sufficient facts found but continued without guilty finding until:
☐ Probation          ☐ Pretrial Probation (276 §87) - until:
☐ To be dismissed upon payment of court costs/restitution
☐ Dismissed upon: ☐ Request of Comm.  ☐ Request of Victim
   ☐ Request of Deft   ☐ Failure to prosecute  ☐ Other:
☐ Filed with Deft's consent  ☐ Nolle Prosequi  ☐ Decriminalized (277 §70C)

FINAL DISPOSITION
☐ Dismissed on recommendation of Probation Dept.
☐ Probation terminated: defendant discharged

ADDITIONAL COUNTS ATTACHED

| A TRUE COPY ATTEST: X | CLERK-MAGISTRATE/ASST. CLERK | ON (DATE) | COURT ADDRESS Dorchester District Court 510 Washington Street Dorchester, MA 02124 |
|---|---|---|---|

| DOCKET<br>CONTINUATION | NAME St. Fleur, Emmanuel | DOCKET NUMBER 000 CR 7748 |
|---|---|---|

| NO. | DATE | DOCKET ENTRIES |
|---|---|---|
| | 6.5.02<br>cont'd. | probation extended to 6.4.03 on count 2; CRTP, No contact w/ victim, stay away from victim's residence. |
| | 6/5/02 | Mitt ISS (?) |
| | 6/18/02 | Motion to Revise & Revoke; Affidavit of Counsel, Certificate of service filed by Atty. Vilgen Palermo Jr |
| | 8-1-02 | Defendant's Motion for Reconsideration of Probation Revocation to be heard 8-7-02 by Hailey, J. — notice to ADA Donohue |
| | 8-7-02 | F. Hailey, J atty Palermo After hearing, Defendant's Motion to Revise and Revoke Sentence Denied in open court. (TAPE # 2407 1600-1811) |
| | JUN 4 2003<br>6-4-03 | Default warrant. PO Fullam - F. Hailey sc<br>WARRANT ISSUED W.M.S. |
| | 7/7/03 | Deft. incarcerated @ F.D.C., Oakdale, LA — Emergency Post-Conviction Relief Motion to Vacate Conviction & Sentence or in the Alternative, Reduce Sentence to 364 days — filed Pro se — to be heard by Judge Miller on 8/28/03 |
| | 8-28-03 | Motion denied. Miller, J. |

SCHEDULING HISTORY

| NO. | SCHEDULED DATE | SCHEDULED EVENT | RESULT | | JUDGE | TAPE NO. | START | STOP |
|---|---|---|---|---|---|---|---|---|
| 1 | 11-15-00 | Bhd Arrow | ☐ Held  ☒ Cont'd | 12-13-00 P.T. AH | Hanlon | 5007 | 500 | |
| 2 | 12/13/00 | Adm | ☐ Held  ☐ Cont'd | | Miller | 6156 | 3490 | end |
| 3 | 12/13/00 | Adm | ☐ Held  ☐ Cont'd | 12/13/00 | Miller | 6157 | 0 | |
| 4 | | | ☐ Held  ☐ Cont'd | | Miller | 6157 | 1700 | 1900 |
| 5 | 5-2-02 | ADV | ☐ Held  ☒ Cont'd | 5-22-02 F.S.H | Hanlon | 1382 | 1800 | 2360 |
| 6 | 5.22.02 | FSH | ☒ Held  ☐ Cont'd | 6-5-02 Rm FSH | J. Harkey | 1589 | 1500 | 1670 |
| 7 | 6.5.02 | FSH | ☐ Held  ☐ Cont'd | | J. Harkey | 1734 | 1000 | |
| 8 | 8-7-02 | MOTION | ☐ Held  ☐ Cont'd | REVIEW 8-4-03 | GAILEY, T. | 2407 | 1000 | 1811 |
| 9 | JUN 4 2003 | REV. | ☐ Held  ☒ Cont'd | | G. Harkey IC | 1014 | 1775 | |
| 10 | | | ☐ Held  ☐ Cont'd | | | | | |

ARR=Arraignment  PT=Pretrial hearing  CE=Discovery compliance and jury election  T=Bench trial  J=Jury Trial  PC=Probable cause hearing  M=Motion hearing  SR=Status review
SRP=Status review of payments  FA=First appearance in jury session  S=Sentencing  CW=Continuance-without-finding scheduled to terminate  P=Probation scheduled to terminate
DFTA=Defendant failed to appear and was defaulted  WAR=Warrant issued  WARD=Default warrant issued  WR=Warrant or default warrant recalled  PR=Probation revocation hearing

| ENTRY DATE | OTHER DOCKET ENTRIES |
|---|---|
| 11-15-00 | Mittis GG |
| 5-7-02 | Curr Adv by Prob. JS. |
| 5/2/02 | Atty Palerno - cont FSH t/ 5/22/02 -- & held w/o bail (Hanlon) |
| 5-2-02 | MITT ISSUED  RET. MAY 22, 2002 sh |
| 5.22.02 | Same bail ret. 6.5.02 (Held w/o Bail). Atty Palerno (Atty. Palerno in trial this date.) J. Harkey sc |
| 5/22/02 | Mitt ISS P |
| 6.5.02 | After FSH, cause fnd for rsp. Defendant sentenced to 1yr. HC, 60 days to serve, credit for 15 days, on cnewl/. bal 5/5 6.4.03 |

ADDITIONAL ASSESSMENTS IMPOSED OR WAIVED

| DATE IMPOSED and JUDGE | TYPE OF ASSESSMENT | AMOUNT | DUE DATES and COMMENTS | ✓WAIVED |
|---|---|---|---|---|
| | Legal Counsel Fee (211D §2A ¶2) | | | |
| | Legal Counsel Contribution (211D §2) | | | |
| | Court Costs (280 §6) | | | |
| | Drug Analysis Fee (280 §6B) | | | |
| | OUI §24D Fee (90 §24D ¶9) | | | |
| | OUI Head Injury Surfine (90 §24[1][a][1] ¶2) | | | |
| | Probation Supervision Fee (276 §87A) | | | |
| | Default Warrant Assessment Fee (276 §30 ¶2) | | | |
| | Default Warrant Removal Fee (276 §30 ¶1) | | | |

**CRIMINAL COMPLAINT** No. 0007CR007748

**Trial Court of Massachusetts**
**Dorchester District Court**

DEFENDANT

ST.FLEUR, EMMANUEL
10 WITHINGTON ST # 1
DORCHESTER, MA

TO ANY JUSTICE OR CLERK-MAGISTRATE
OF THE DORCHESTER DISTRICT COURT

| DATE OF BIRTH | SEX | RACE | HEIGHT | WEIGHT | EYES | HAIR |
|---|---|---|---|---|---|---|
| 01/26/1976 | M | B | 5'05" | 130 | BRO | BLK |

| INCIDENT REPORT # | SOCIAL SECURITY # |
|---|---|
| 000634647 | 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 |

| DATE OF OFFENSE | PLACE OF OFFENSE |
|---|---|
| 11/14/2000 | DORCHESTER |

| COMPLAINANT | POLICE DEPARTMENT |
|---|---|
| LANG, LAURA PO. | BOSTON PD AREA H-11 |

| DATE OF COMPLAINT | RETURN DATE AND TIME |
|---|---|
| 11/15/2000 | 11/15/2000 9:00 AM |

The undersigned complainant, on behalf of the Commonwealth, on oath complains that on the date and at the location stated herein the defendant did commit the offense(s) listed below.

COUNT-OFFENSE

1. 265/13A/B  A&B c265 §13A

on 11/14/2000 did assault and beat ANDREA MASCOLL, in violation of G.L. c.265, §13A.  (PENALTY: house of correction not more than 2½ years; or not more than $500.)

COUNT-OFFENSE

2. 266/127/A  DESTRUCTION OF PROPERTY +$250, MALICIOUS c

on 11/14/2000 did wilfully and maliciously destroy or injure the personal property, dwelling house or building of ANDREA MASCOLL, the value of the property so destroyed or injured exceeding $250, in violation of G.L. c.266, §127.  (PENALTY: state prison not more than 10 years; or jail not more than 2½ years and fine the greater of $3000 or three times the value of the property so destroyed or injured.)

COUNT-OFFENSE

COUNT-OFFENSE

| COMPLAINANT | SWORN TO BEFORE CLERK-MAGISTRATE | ON (DATE) | TOTAL COUNTS |
|---|---|---|---|
| X | X | | 2 |

| (DEFENDANT COPY) | FIRST JUSTICE Hon. SYDNEY HANLON | COURT ADDRESS | Dorchester District Court 510 Washington Street Dorchester, MA 02124 |
|---|---|---|---|
| A TRUE CLERK-MAGISTRATE/ASST. CLERK COPY ATTEST: X | | ON (DATE) | |

E X H I B I T   6 B

MASSACHUSETTS GENERAL LAWS CHAPTER 265 § 13 A

STATUTE

# GENERAL LAWS OF MASSACHUSETTS

## PART IV.

### CRIMES, PUNISHMENTS AND PROCEEDINGS IN CRIMINAL CASES

## TITLE I.

### CRIMES AND PUNISHMENTS

**CHAPTER 265.** CRIMES AGAINST THE PERSON

Chapter 265: Section 13A Assault or assault and battery; punishment

*[ Text of section effective until May 22, 2002. For text effective May 22, 2002, see below.]*

*Section 13A. Whoever commits an assault or an assault and battery upon another shall be punished by imprisonment for not more than two and one half years in a house of correction or by a fine of not more than five hundred dollars.*

*A summons may be issued instead of a warrant for the arrest of any person upon a complaint for a violation of any provision of this section if in the judgment of the court or justice receiving the complaint there is reason to believe that he will appear upon a summons.*

Chapter 265: Section 13A Assault or assault and battery; punishment

*[ Text of section as amended by 2002, 35, Sec. 1 effective May 22, 2002. For text effective until May 22, 2002, see above.]*

*Section 13A. (a) Whoever commits an assault or an assault and battery upon another shall be punished by imprisonment for not more than 21/2 years in a house of correction or by a fine of not more than $1,000.*

*A summons may be issued instead of a warrant for the arrest of any person upon a complaint for a violation of any provision of this subsection if in the judgment of the court or justice receiving the complaint there is reason to believe that he will appear upon a summons.*

*(b) Whoever commits an assault or an assault and battery:*

*(i) upon another and by such assault and battery causes serious bodily injury;*

*(ii) upon another who is pregnant at the time of such assault and battery, knowing or having reason to know that the person is pregnant; or*

*(iii) upon another who he knows has an outstanding temporary or permanent vacate, restraining or no contact order or judgment issued pursuant to section 18, section 34B or 34C of chapter 208, section 32 of chapter 209, section 3, 4 or 5 of chapter 209A, or section 15 or 20 of chapter 209C, in effect against him at the time of such assault or assault and battery; shall be punished by imprisonment in the state prison for not more than 5 years or in the house of correction for not more than 21/2 years, or by a fine of not more than $5,000, or by both such fine and imprisonment.*

*(c) For the purposes of this section, ""serious bodily injury" shall mean bodily injury that results in a permanent disfigurement, loss or impairment of a bodily function, limb or organ, or a substantial risk of death.*

E  X  H  I  B  I  T  7


PETITIONER'S CONVICTION RECORD

# CRIMINAL DOCKET

DOCKET... C002839

COURT DIVISION
Dorchester

INTERPRETER REQ...

NAME, ADDRESS AND ZIP CODE OF DEFENDANT

ST.FLEUR, EMMANUEL
10 WITHINGTON ST #1
DORCHESTER, MA 02124

(AKA Exists)

ORIGINAL

DATE and JUDGE

DOCKET ENTRY
- [ ] Attorney appointed (SJC R. 3:10)
- [ ] Atty denied and Deft Advised per 211D §2A
- [ ] Waiver of counsel found after colloquy

Terms of release set:
- [ ] PR  [ ] Bail:  500 cash
- [ ] Held (276 §58A)  w/surety
- [ ] See back for special conditions

Arraigned and advised:
- [ ] Potential of bail revocation (276 §58)
- [ ] Right to bail review (276 §58)
- [ ] Right to drug exam (111E §10)

Advised of right to jury trial:
- [ ] Does not waive
- [ ] Waiver of jury trial found after colloquy

Advised of civil rights as pro se (Supp. R. 4)

Advised of right of appeal to Appeals Ct (R. 28)

DEFT. DOB AND SEX
01/26/1976   M

DATE OF OFFENSE(S)
05/01/2002

PLACE OF OFFENSE(S)
DORCHESTER

COMPLAINANT
PHILLIPS, P.O.

POLICE DEPARTMENT (if applicable)
BOSTON PD AREA H-11

DATE OF COMPLAINT
05/02/2002

RETURN DATE AND TIME
05/02/2002 09:00:00

| COUNT/OFFENSE | FINE | SURFINE | COSTS | RESTITUTION | V/W ASSESSMENT |
|---|---|---|---|---|---|
| 1. 265/13H INDECENT A&B ON PERSON 14 OR OVER c265 §1 | | | | | [ ] WAIVED |

DISPOSITION DATE AND JUDGE
6.5.03  J. Hailey

DISPOSITION METHOD
- [X] Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §29D warning
- [ ] Bench Trial
- [ ] Jury Trial
- [ ] None of the Above

FINDING
- [ ] Not Guilty
- [ ] Guilty
- [ ] Not Responsible
- [ ] Responsible
- [ ] No Probable Cause
- [ ] Probable Cause

SENTENCE OR OTHER DISPOSITION
- [ ] Sufficient facts found but continued without guilty finding until:
- [ ] Probation
- [ ] Pretrial Probation (276 §87) - until:
- [ ] To be dismissed upon payment of court costs/restitution
- [X] Dismissed upon:  [X] Request of Comm.  [ ] Request of Victim
  - [X] Request of Deft  [ ] Failure to prosecute  [ ] Other:
  - [ ] Filed with Deft's consent  [ ] Nolle Prosequi  [ ] Decriminalized (277 §70C)

FINAL DISPOSITION
- [ ] Dismissed on recommendation of Probation Dept.
- [ ] Probation terminated: defendant discharged

JUDGE         DATE

| COUNT/OFFENSE | FINE | SURFINE | COSTS | RESTITUTION | V/W ASSESSMENT |
|---|---|---|---|---|---|
| 2. 265/13A/B A&B c265 §13A | 1st waived deft of program 20 | | | | [ ] WAIVED |

DISPOSITION DATE AND JUDGE
6.5.03  J. Hailey

DISPOSITION METHOD
- [X] Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §29D warning
- [ ] Bench Trial
- [ ] Jury Trial
- [ ] None of the Above

FINDING
- [ ] Not Guilty
- [X] Guilty
- [ ] Not Responsible
- [ ] Responsible
- [ ] No Probable Cause
- [ ] Probable Cause

SENTENCE OR OTHER DISPOSITION
- [ ] Sufficient facts found but continued without guilty finding until:
- [X] Probation 11.14.03  [ ] Pretrial Probation (276 §87) - until:
- [ ] To be dismissed upon payment of court costs/restitution
- [ ] Dismissed upon:  [ ] Request of Comm.  [ ] Request of Victim
  - [ ] Request of Deft  [ ] Failure to prosecute  [ ] Other:
  - [ ] Filed with Deft's consent  [ ] Nolle Prosequi  [ ] Decriminalized (277 §70G)

CBIP, No contact
w/Andrea Mascoll

FINAL DISPOSITION
- [ ] Dismissed on recommendation of Probation Dept.
- [ ] Probation terminated: defendant discharged

JUDGE         DATE

| COUNT/OFFENSE | FINE | SURFINE | COSTS | RESTITUTION | V/W ASSESSMENT |
|---|---|---|---|---|---|
| 3. 268/13B/A WITNESS, INTIMIDATE c268 §13B | | | | | [ ] WAIVED |

DISPOSITION DATE AND JUDGE
6.5.03  J. Hailey

DISPOSITION METHOD
- [X] Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §29D warning
- [ ] Bench Trial
- [ ] Jury Trial
- [ ] None of the Above

FINDING
- [ ] Not Guilty
- [X] Guilty
- [ ] Not Responsible
- [ ] Responsible
- [ ] No Probable Cause
- [ ] Probable Cause

SENTENCE OR OTHER DISPOSITION
- [ ] Sufficient facts found but continued without guilty finding until:
- [X] Probation 11.14.03  [ ] Pretrial Probation (276 §87) - until:
- [ ] To be dismissed upon payment of court costs/restitution
- [ ] Dismissed upon:  [ ] Request of Comm.  [ ] Request of Victim
  - [ ] Request of Deft  [ ] Failure to prosecute  [ ] Other:
  - [ ] Filed with Deft's consent  [ ] Nolle Prosequi  [ ] Decriminalized (277 §70C)

FINAL DISPOSITION
- [ ] Dismissed on recommendation of Probation Dept.
- [ ] Probation terminated: defendant discharged

I HEREBY CERTIFY THAT THIS IS A TRUE
COPY AS GIVEN UNDER MY HAND AND SEAL
THIS ___ DAY OF June 20 02

CLERK-MAGISTRATE

ASSISTANT CLERK

JUDGE         DATE

PROBATION WARNING GIVEN

| COUNT/OFFENSE | FINE | SURFINE | COSTS | RESTITUTION | V/W ASSESSMENT |
|---|---|---|---|---|---|
| | | | | | [ ] WAIVED |

DISPOSITION DATE AND JUDGE

DISPOSITION METHOD
- [ ] Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §29D warning
- [ ] Bench Trial
- [ ] Jury Trial
- [ ] None of the Above

FINDING
- [ ] Not Guilty
- [ ] Guilty
- [ ] Not Responsible
- [ ] Responsible
- [ ] No Probable Cause
- [ ] Probable Cause

SENTENCE OR OTHER DISPOSITION
- [ ] Sufficient facts found but continued without guilty finding until:
- [ ] Probation  [ ] Pretrial Probation (276 §87) - until:
- [ ] To be dismissed upon payment of court costs/restitution
- [ ] Dismissed upon:  [ ] Request of Comm.  [ ] Request of Victim
  - [ ] Request of Deft  [ ] Failure to prosecute  [ ] Other:
  - [ ] Filed with Deft's consent  [ ] Nolle Prosequi  [ ] Decriminalized (277 §70C)

FINAL DISPOSITION
- [ ] Dismissed on recommendation of Probation Dept.
- [ ] Probation terminated: defendant discharged

JUDGE         DATE

- [ ] ADDITIONAL COUNTS ATTACHED

A TRUE COPY
ATTEST:  X

CLERK-MAGISTRATE/ASST. CLERK

ON (DATE)

COURT ADDRESS
Dorchester District Court
510 Washington Street
Dorchester, MA 02124

**DEFENDANT**
STFLEUR, EMMANUEL
10 WITHINGTON ST #1
DORCHESTER, MA 02124

(AKA Exists)

| DATE OF BIRTH | SEX | RACE | HEIGHT | WEIGHT | EYES | HAIR |
|---|---|---|---|---|---|---|
| 01/26/1976 | M | B | 5'05" | 130 | BRO | BLK |

| INCIDENT REPORT # | SOCIAL SECURITY # |
|---|---|
| 020234141 | 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 |

| DATE OF OFFENSE | PLACE OF OFFENSE |
|---|---|
| 05/01/2002 | DORCHESTER |

| COMPLAINANT | POLICE DEPARTMENT |
|---|---|
| PHILLIPS, P.O. | BOSTON PD AREA H-11 |

| DATE OF COMPLAINT | RETURN DATE AND TIME |
|---|---|
| 05/02/2002 | 05/02/2002 9:00 AM |

Trial Court of Massachusetts
Dorchester District Court

TO ANY JUSTICE OR CLERK-MAGISTRATE
OF THE DORCHESTER DISTRICT COURT

The undersigned complainant, on behalf of the Commonwealth, on oath complains that on the date and at the location stated herein the defendant did commit the offense(s) listed below.

# ORIGINAL

COUNT-OFFENSE

**1. 265/13H  INDECENT A&B ON PERSON 14 OR OVER c265 §13H**

on 05/01/2002 did commit an indecent assault and battery on a person who had attained age 14, without the consent of such person, in violation of G.L. c.265, §13H. (PENALTY: state prison not more than 5 years; or jail or house of correction not more than 2½ years; imposition of lifetime community parole supervision is optional under G.L. c.265, §45; upon conviction, must register as a sex offender pursuant to G.L. c. 6, §§178C-178P; must submit a DNA sample within 90 days of conviction pursuant to G.L. c.22E, §3.)

COUNT-OFFENSE

**2. 265/13A/B  A&B c265 §13A**

on 05/01/2002 did assault and beat ANDREA MASCOLL, in violation of G.L. c.265, §13A. (PENALTY: house of correction not more than 2½ years; or not more than $500.)

COUNT-OFFENSE

**3. 268/13B/A  WITNESS, INTIMIDATE c268 §13B**

on 05/01/2002 did, directly or indirectly, wilfully endeavor by means of a gift, offer or promise of something of value or by misrepresentation, intimidation, force or express or implied threats of force, to influence, impede, obstruct, delay or otherwise interfere with a witness in a stage of a trial, grand jury or other criminal proceeding, or with a person furnishing information to a criminal investigator relating to a violation of a criminal statute of this Commonwealth, in violation of G.L. c.268, §13B. (PENALTY: state prison not less than 2½ years, not more than 10 years; or house of correction not more than 2½ years; and not less than $1000, not more than $5000. District Court has final jurisdiction under G.L. c.218, §26.)

COUNT-OFFENSE

I HEREBY CERTIFY THAT THIS IS A TRUE COPY, GIVEN UNDER MY HAND AND SEAL THIS ___ DAY OF _____ 200_

_signature_

CLERK-MAGISTRATE
ASSISTANT CLERK

| COMPLAINANT | | SWORN TO BEFORE CLERK-MAGISTRATE | ON (DATE) | TOTAL COUNTS |
|---|---|---|---|---|
| _signature_ | | X _signature_ | 5/2/02 | 3 |
| | FIRST JUSTICE Hon. SYDNEY HANLON | COURT ADDRESS | Dorchester District Court 510 Washington Street Dorchester, MA 02124 | |
| TRUE COPY ATTEST: X | CLERK-MAGISTRATE/ASST. CLERK | ON (DATE) | | |

DOCKET NUMBER: 0207CR002839    NAME: ST. FLEUR, EMMANUEL

## SCHEDULING HISTORY

| NO. | SCHEDULED DATE | SCHEDULED EVENT | RESULT | | | JUDGE | TAPE NO. | START | STOP |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 5/2/02 | CW | ☐ Held ☑ Cont'd | 5-22-02 P.T. H | | Hanb | 1352 | 800 | 336 |
| 2 | 5/22/02 | PTH | ☐ Held ☑ Cont'd | 6.5.02 PT II | | Hanb | 1352 | 800 | 336 |
| 3 | 6.5.02 | PTH | ☐ Held ☑ Cont'd | 11-14-03 Rev | | J. Hartley | 1589 | 5 | |
| 4 | | | ☐ Held ☐ Cont'd | | | J. Hartley Ad | 1733 | 218 | |
| 5 | | | ☐ Held ☐ Cont'd | | | " " | 1733 | 1140 | 280 |
| 6 | | | ☐ Held ☐ Cont'd | | | " | 1734 | 1022 | |
| 7 | | | ☐ Held ☐ Cont'd | | | | | | |
| 8 | | | ☐ Held ☐ Cont'd | | | | | | |
| 9 | | | ☐ Held ☐ Cont'd | | | | | | |
| 10 | | | ☐ Held ☐ Cont'd | | | | | | |

ARR=Arraignment  PT=Pretrial hearing  CE=Discovery compliance and jury election  T=Bench trial  J=Jury Trial  PC=Probable cause hearing  M=Motion hearing  SR=Status review
SRP=Status review of payments  FA=First appearance in jury session  S=Sentencing  CW=Continuance-without-finding scheduled to terminate  P=Probation scheduled to terminate
DFTA=Defendant failed to appear and was defaulted  WAR=Warrant issued  WARD=Default warrant issued  WR=Warrant or default warrant recalled  PR=Probation revocation hearing

| ENTRY DATE | OTHER DOCKET ENTRIES |
|---|---|
| 5-2-02 | MITT ISSUED RET. 5-22-02   sh |
| 5-22-02 | Same bail ($500.00) ret. 6-5-02 J. Hartley / LC (Atty. Paterno on trial this date.) |
| 5/22/02 | Mitt iss/ep |
| 6/18/02 | Motion to Revise & Revoke; Affidavit of Counsel; Certificate of Service filed by Atty. Virginia Paterno |

## ADDITIONAL ASSESSMENTS IMPOSED OR WAIVED

| DATE IMPOSED and JUDGE | TYPE OF ASSESSMENT | AMOUNT | DUE DATES and COMMENTS | ✓WAIVED |
|---|---|---|---|---|
| | Legal Counsel Fee (211D §2A ¶2) | | | |
| | Legal Counsel Contribution (211D §2) | | | |
| | Court Costs (280 §6) | | | |
| | Drug Analysis Fee (280 §6B) | | | |
| | OUI §24D Fee (90 §24D ¶9) | | | |
| | OUI Head Injury Surfine (90 §24[1][a][1] ¶2) | | | |
| | Probation Supervision Fee (276 §87A) | | | |
| | Default Warrant Assessment Fee (276 §30 ¶2) | | | |
| | Default Warrant Removal Fee (276 §30 ¶1) | | | |
| | | | | |
| | | | | |
| | | | | |

60

E  X  H  I  B  I  T    8

NOTICE TO APPEAR

In removal proceedings under section 240 of the Immigration and Nationality Act

File No: A41 483 086

In the Matter of:

Respondent:  ST FLEUR        Emmanuel        0202041

Suffolk  County House of Corrections
Boston                                          MA
_____(Number, street, city, state and ZIP code)_____    _____(Area code and phone number)_____

☐  1. You are an arriving alien.
☐  2. You are an alien present in the United States who has not been admitted or paroled.
☒  3. You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that you:
See continuation page.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:
See continuation page.

☐  This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution.

☐  Section 235(b)(1) order was vacated pursuant to:    ☐  8 CFR 208.30(f)(2)    ☐  8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at: Office of the Immigration Judge.  JFK Federal Building Room 320 , Government Center, Boston, MA 02203.
_____(Complete Address of Immigration Court, Including Room Number, if any)_____
on    To be determined    at    To be determined    to show why you should not be removed from the United States based on the
          (Date)                              (Time)
charge(s) set forth above.

                                                    _Neil's C. Turra_____
                                                    Assistant District Director for Investigations
                                                    (Signature and Title of Issuing Officer)

Date:    July 11, 2002

                                                    Boston, MA
                                                    (City and State)

                    See reverse for important information

                                                    Form I-862 (Rev. 4-1-97)

U.S. Department of Justice
Immigration and Naturalization Service

Continuation Page for Form I-862

| Alien's Name  ST FLEUR Emmanuel 0202041 | File Number A41 483 086 | Date  JULY 11, 2002 |
|---|---|---|

The Service alleges that you:

1. You are not a citizen or national of the United States;

2. You are a native of  Haiti and a citizen of  Haiti;

3. You were admitted to the United States at  Miami, Florida on or about  October 20, 1988 as a  P22 Immigrant;

4. You were, on December 13, 2000 convicted in the Dorchester District Court [at]  Dorchester for the offense of  Assault and Battery (domestic violence), in violation of the Massachusetts General Law Chapter 265 Section 13A;

5. For that offense you were sentenced on 06/05/2002 to a term of imprisonment of one year

6. You were, on June 5, 2002 convicted in the Dorchester District Court [at]  Dorchester for the offense of  Assault and Battery (domestic violence), in violation of the Massachusetts General Law Chapter 265 Section 13A;

7. For that offense you were sentenced to eighteen months probation.

8. You were, on June 5, 2002 convicted in the Dorchester District Court [at]  Dorchester for the offense of  Witness Intimidation, in violation of the Massachusetts General Law Chapter 268 Section 13B;

9. You were, on December 13, 2000 convicted in the Dorchester District Court [at]  Dorchester for the offense of  Malicious Destruction of Property, in violation of the Massachusetts General Law Chapter 266 Section 127A;

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have been convicted of an aggravated felony as defined in Section 101(a)(43)(F) of the Act, a crime of violence (as defined in section 16 of Title 18, United States Code, but not including a purely political offense) for which the term of imprisonment ordered is at least one year.

Section 237(a)(2)(A)(ii) of the Immigration and Nationality Act, as amended, in that, at any time after admission, you have been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct.

| Signature  Nemis C. Ronald | Title  Assistant District Director for Investigations |
|---|---|

Form I-831 Continuation Page (Rev. 6/12/92)

of        Pages

*U.S. GPO: 1992-342-483/72348

See reverse for important information.

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and a certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or deportable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government.

You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

---

**Request for Prompt Hearing**

To expedite a determination in my case, I request an immediate hearing. I waive my right to have a 10-day period prior to appearing before an immigration judge.

_____
(Signature of Respondent)

Before:

Date: _____

_____
(Signature and Title of INS Officer)

---

**Certificate of Service**

This Notice to Appear was served on the respondent by me on ___7/12/02___ , in the following manner and in
                                                    (Date)
compliance with section 239(a)(1)(F) of the Act:

REFUSED PRINT

☒ in person    ☐ by certified mail, return receipt requested    ☐ by regular mail

☐ Attached is a list of organizations and attorneys which provide free legal services.

☐ The alien was provided oral notice in the _____english_____ language of the time and place of his or her
hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_____          _____ Immigration Agent
(Signature of Respondent if Personally Served)          (Signature and Title of Officer)

E X H I B I T   9


PETITIONER'S MOTION TO TERMINATE

CAW
411

UNITED  STATES  DEPARTMENT  OF  JUSTICE
EXECUTIVE  OFFICE  FOR  IMMIGRATION  REVIEW
UNITED  STATES  IMMIGRATION  COURT
OAKDALE,  LOUISIANA

IN THE MATTER OF:

**IMMIGRATION & NATURALIZATION SERVICE**
(Paintiff)

**Vs**

**SAINT FLEUR, EMMANUEL**
(Respondent)

IN REMOVAL PROCEEDINGS
FILE NO. A41-483-086

## MOTION TO TERMINATE PROCEEDINGS
### WITH PREJUDICE TO THE ISSUE OF A NEW NOTICE TO APPEAR

**COMES NOW,** the respondent SAINT FLEUR,EMMANUEL appearing Pro se
respectfully moves this Honorable Court to terminate proceedings
at Oakdale, Louisiana,and allow the respondent to go back within
the jurisdiction of his notice to appear (NTA) ordered(Boston,MA.

Immigration regulation governing change of venue when it transferred
alien,and assigned aliens' case to Immigration Judge (IJ) in Oakdale,
Louisiana,following termination of its' pilot program that allowed
deportation proceedings in Boston,Massachussetts; where alien had
been incarcerated. Venue was not changed by motion of one of the
parties,was not given a change of venue,and that when proceedings,
"involve merely a determination of the personal liability of the
defendant, he must be brought within [the Courts']jurisdiction by
service of process within the state or his voluntary appearance".

000204

The service personally served the respondent with a notice to appear
on July 12,2002, the notice to appear ordered the respondent to
appear before an Immigration Judge at the UNITED STATES DEPARTMENT
OF JUSTICE at:Office of the Immigration Judge;JFK Federal Building
Room 320,Government Center,Boston,MA 02203.  It does not appear that
the notice to appear was filed with the Immigration Court in Boston,
Massachussetts,rather,the records indicates that,the notice to appear
was filed with the Immigration Court in Oakdale,Louisiana.

The record contains a notice EOIR:Aliens' address(form I-830).
That form states that respondent was moved to Oakdale,LA,and that
the notice to appear, will be filed with the(OIJs')"Office in Oakdale,
Louisiana.   The form further states that a copy of this form has been
given to respondent for notification of jurisdiction/commencement of
proceedings as required by 8 C.F.R. §3.14.
Pursuant to regulation, the notice to appear must indicate the
Immigration Court it was or will be filed,in addition,the NTA must
be properly served, the requirements affects.

**VESTING OF JURISDICTION**

The NTA issued to the respondent failed to comply with the
proceedural requirements specifically,the NTA did not accurately
indicate the Immigration Court where the NTA was filed.
The form I-830 is not incorporated in the NTA,and does not include
a certificate of service showing that the document was properly
served.  The form I-830 does not cure the defect in the NTA or
comply with the mandates in 8 C.F.R. §3.14(a).  The service if forced
to move the respondent before filling the NTA with the Immigration
Court in Boston,Massachussetts, could have reissued an NTA reflecting
the Immigration Court in which the NTA will be filed.

2

Alternatively the service could have filed the NTA with the
Immigration Court in Boston,and then sought a change of venue
(8 C.F.R. §3.20).

The regulation contains a requirement related to jurisdiction.
Therefore, even in the absence of apparent prejudice of the
respondent that the defect requires termination of the proceedings.
A jurisdictional defect is not waivable or curable, unlike the
compliance with non-jurisdictional proceedural requirements,(see
Jian Vs INS, 28 F.3d 256(2nd Cir 1994),"Holding that the service
improperly transferred venue to Oakdale,Louisiana,but finding
prejudice to the alien".  In addition the defects is fatal even if
not raised on appeal,(see Ruhrgas Vs Marathon oil company, 526 U.S.
574,583-84(1999),"Discussing the duty of the Federal Courts' to self
polite the issue of subject matter jurisdiction".

The judgement of the courts lacking personal jurisdiction, Violates
the due process claus of the **XIV Amendment,** as well as when a court
lacks jurisdiction,**" the only function remaining to the court,is that,**
**of announcing the fact,and dismissing the case",** (see Steel Vs Citizen
for Better Environment, 523 U.S. 83,84,94 (1998).

Therefore, for the foregoing reasons set forth above, respondent
respectfully request this Honorable Court to grant the respondents'
motion to terminate proceedings with prejudice to the issuance of
a new NTA.

This Court has the power to grant respondents' motion, since he is
still in the territorial of the U.S.  It is the discretion of the
court to grant this decision it has rendered, and any further relief
which this Honorable Court deems just,and proper.

3

RESPECTFULLY SUBMITTED,

DATE: JANUARY 30th, 20003

By: _____
SAINT FLEUR, EMMANUEL     PRO-SE
REG. NO.: 18559-265
UNIT: VP-B
FEDERAL DETENTION CENTER
P.O.BOX 5010
OAKDALE,LOUISIANA 71463

000207

## CERTIFICATE OF SERVICE

I, EMMANUEL SAINT FLEUR, Respondent Pro se, hereby certify that a true,and correct copy of the foregoing motion to terminate removal proceedings has been served upon the plaintiff, Immigration & Naturalization Services, trial attorney and this Honorable Court, in a sealed envelope deposited in the United States Mail Box with the correct postage paid.


ADDRESS: **OFFICE OF THE TRIAL ATTORNEY**

**IMMIGRATION AND NATURALIZATION SERVICE**

**1010 EAST WHATLEY ROAD**

**OAKDALE, LOUISIANA 71463**


RESPECTFULLY SUBMITTED


DATED: JANUARY 30,2003     By:

**SAINT FLEUR,EMMMANUEL PRO SE**

**REG. NO: 18559-265**

**UNIT: VP-B**

**FEDERAL DETENTION CENTER**

**P.O. BOX 5010**

**OAKDALE, LOUISIANA 71463**

000208

E  X  H  I  B  I  T   10


IMMIGRATION JUDGE'S TERMINATION

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
OAKDALE, LOUISIANA

**FILE:** A41 483 086

**IN THE MATTER OF:**

Emmanuel ST. FLEUR

**RESPONDENT IN REMOVAL PROCEEDINGS**

| | |
|---|---|
| **CHARGES:** | Section 237(a)(2)(A)(ii) of the Immigration and Nationality Act; an alien convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct. |
| | Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act; an alien who, at any time after admission, has been convicted of an aggravated felony as defined in section 101(a)(43)(F) of the Act. |
| **APPLICATIONS:** | Termination. |
| | Withholding of removal under section 241(b)(3) of the Immigration and Nationality Act. |
| | Withholding of removal under Article 3 of the Convention Against Torture. |

**IN BEHALF OF THE RESPONDENT:**

Emmanuel St. Fleur
BOP# 18559-265
FDC, 5060 E. Whatley Rd.
Oakdale, LA 71463

**IN BEHALF OF THE SERVICE:**

Craig A. Harlow, Monique Harris, and
Glenda M. Raborn
Assistant District Counsels
Immigration and Naturalization Service
1010 East Whatley Rd.
Oakdale, LA 71463

1

## DECISION OF THE IMMIGRATION JUDGE

The respondent is a male native of Haiti, alleged to be a citizen of that country who was admitted to the United States as an immigrant on October 20, 1988. On December 13, 2000, he was convicted in the state of Massachusetts of the offense of assault and battery. As a result of that conviction, he was sentenced to incarceration for one year. On the same date and in the same court, he was convicted of the offense of malicious destruction of property. On June 5, 2002, he was convicted in the same state of another offense of assault and battery as well as witness intimidation.

The respondent was initially represented by counsel who denied all of the allegations of fact contained in the Notice to Appear. Counsel for the respondent later withdrew and, after an unsuccessful attempt to retain new counsel, the respondent elected to proceed pro se. The respondent also denied all of the allegations of fact contained in the Notice to Appear and the hearing was continued in order to receive the Service's evidence on removability.

When the hearing resumed on December 31, 2002, counsel for the Service offered the following documents which were received without objection. Exhibit 2 is a copy of the respondent's immigrant visa package. The document establishes that the respondent was born in Haiti and was admitted to the United States as an immigrant on October 20, 1988. Exhibit 3 is a copy of a record of conviction which establishes that on December 13, 2000 the respondent was convicted of assault and battery and malicious destruction of property. He was initially sentenced to probation but on June 5, 2002 he was sentenced to one year on the charge of assault and battery. On that same date, his probation for the offense of malicious destruction of property

2

was extended to June 4, 2003. Exhibit 4 is a copy of a record of conviction which establishes that on June 5, 2002, the respondent was convicted of assault and battery and witness intimidation and sentenced to probation on both charges.

With regard to his claim that he derived United States citizenship, the respondent testified that he was born on June 26, 1976 to George St. Fleur and Philomene Thelusme. He said his parents were never married. He testified that on February 26, 1982 his father was married to Linda Morin. The respondent testified that he does not know when his father came to the United States but added that his father petitioned for him to receive an immigrant visa and he was admitted to the United States as an immigrant on October 20, 1988 at the age of 12. He said his mother never came to the United States and his father naturalized on September 17, 1991. At that time, the respondent was 15 years old. The hearing was continued to January 17, 2003 in order that the respondent could obtain and present a copy of his father's certificate of naturalization.

When the hearing resumed on January 17, the respondent presented a copy of the naturalization certificate of his father. It was received without objection as Exhibit 5. The document verifies that the respondent's father was naturalized on September 17, 1991.

Former section 321(a) of the Act, which was repealed by section 103 of the Child Citizenship Act of 2000 on February 27, 2001, provided that a child born outside of the United States becomes a citizen of the United States upon the naturalization of both parents or the custodial parent if the parents are legally separated or the other spouse is deceased if the naturalization takes place while the child is under the age of 18 and a lawful permanent resident of the United States. When the respondent's father naturalized on September 17, 1991, the

3

respondent's mother was alive and was not a naturalized citizen of the United States. Therefore, the respondent may qualify for derivative citizenship only under the requirements set forth in former section 321(a)(3) of the Act. Applying that section to the instant case, it is the respondent's father, not his mother who is a naturalized citizen of the United States. Former section 321(a)(3) of the Act required that when a child is born out of wedlock, it is his mother's naturalization which qualifies him for derivative status. Since his mother never naturalized or even came to the United States, I find that the respondent did not derive United States citizenship and his alienage is established.

The respondent also argued that his assault and battery conviction is not for a felony and, therefore, cannot be an aggravated felony. Section 101(a)(43)(F) of the Act refers specifically to the federal definition of a "crime of violence" in 18 U.S.C. 16, which requires that any crime falling within section 16(b) be a felony but contains no such requirement for offenses falling within section 16(a). It further provides a specific minimum sentence of "at least one year" for the offense. Thus, this section has been found to include crimes that are not "felonies" within the federal definition of that term; Matter of Crammond, 23 I&N Dec. 9 (BIA 2001); U.S. v. Urias-Escobar, 281 F.3d 165 (5th Cir. 2002). Accordingly, the fact that the respondent's conviction may not be a felony does not prevent the crime from being considered an "aggravated felony."

The respondent also argued that his conviction for assault and battery is not an aggravated felony because it is not a crime of violence. Analysis under 18 U.S.C. 16(b) requires first that the offense be a felony and, if it is, that the nature of the crime as elucidated by the generic elements of the offense is such that its commission would ordinarily present a risk that physical force would be used against the person or property of another irrespective of whether the risk

4

develops or harm actually occurs. While this generic or categorical approach to 18 U.S.C. 16(b) might occasionally include consideration of the charging papers or jury instructions in order to identify the "offense", it does not extend to consideration of the underlying facts of the conviction, i.e. the acts committed or what the respondent did; Matter of Alcantar, Interim Decision 3220 (BIA 1994).

Section 13A of chapter 265 of the Massachusetts General Laws states that "[w]hoever commits an assault or an assault and battery upon another shall be punished by imprisonment for not more than two and a half years in a house of correction or by a fine of not more than five hundred dollars." Based on the maximum penalty, the offense of assault and battery is a felony. The section does not define the crime of assault and battery, however, so I must look to the Massachusetts case law to determine whether the crime of assault and battery qualifies as a crime of violence as defined in 18 U.S.C. 16(a) or (b).

A review of the Massachusetts case law reveals that the offense of assault and battery is defined fairly broadly and encompasses a wide variety of conduct. The Supreme Judicial Court of Suffolk has stated that assault and battery is "intentional and unjustified use of force upon the person of another, however slight, or the intentional doing of a wanton or grossly negligent act causing personal injury to another," Commonwealth v. McCan, 178 N.E. 633 (Mass. 1931); see also Commonwealth v.Bruno, 487 N.E. 2d 1366 (Mass 1986). The Appeals Court for Middlesex, has in turn, defined assault and battery as "the intentional, unprivileged, unjustified touching of another with such violence that bodily harm is likely to result," and has stated that the offensive touching "may be direct, as by striking another, or indirect, as by setting in motion some force or instrumentality with the intent to cause injury;" See Commonwealth v. Bruno,

5

supra. In addition, they suggest that the use, attempt use, or threatened use of force is not required of an offense to constitute assault and battery.

Where the state statute under which an alien has been convicted is divisible, it is necessary to look to the record of conviction, and to other documents admissible as evidence in proving a criminal conviction, to determine whether the specific offense of which the alien was convicted constitutes an aggravated felony as defined in section 101(a)(43)(F) of the Act; Matter of Sweetser, Interim Decision 3390 (BIA 1999). Reference to the record of conviction, received as Exhibit 2, shows that the respondent was charged with a violation of section 13A of chapter 265 of the Massachusetts General Laws and that he did assault and beat the victim, Andrea Mascoll. Based on this, I find that the offense has as an element the use of physical force against the person of another. Accordingly, it is a crime of violence. Since the respondent received a sentence of at least one year, the conviction is for an aggravated felony and the charge of removability is sustained.

On the subject of relief from removal, the respondent testified that he is single and has no children. He said he has not served in the Armed Forces of the United States. He said he had 9 or 10 arrests beyond the offenses alleged in the Notice To Appear, but none resulted in a conviction. The respondent also expressed a fear of persecution and torture in his native country. Because he was convicted of an aggravated felony, the respondent is not eligible to apply for asylum; section 208(b)(2)(B)(i) of the Act. Since he was sentenced to less than five years, he is eligible for and was allowed to apply for withholding of removal under section 241(b)(3) of the Act and Article 3 of the Convention Against Torture.

Before the application for relief was due to be filed, the respondent submitted a written

6

motion to terminate based on a lack of jurisdiction. 8 C.F.R. 3.14(a) provides that jurisdiction vests and proceedings before an Immigration Judge commence when a charging document is filed with the Immigration Court by the Service. The regulation then mandates that "[t]he charging document **must** include a certificate of service on the opposing party. . .which indicates the Immigration Court in which the charging document is filed"; Id. (emphasis added).

The Service served the respondent by personal service with a Notice to Appear on July 12, 2002. The Notice to Appear orders the respondent to appear before an Immigration Judge in Boston, Massachusetts. It does not appear that the Notice to Appear was filed with the Immigration Court in Boston. Rather, the record indicates that the Notice to Appear was filed with the Immigration Court in Oakdale, Louisiana. The record contains a Notice to EOIR: Alien Address (Form I-830). That form states that the Notice to Appear "will be filed with the OIJ's office in Oakdale, LA." The form further states that a "[c]opy of this form has been given to the respondent for notification of jurisdiction/commencement of proceedings as required per CFR 3.14."

Pursuant to regulation, the Notice to Appear must indicate the Immigration Court where the Notice to Appear was or will be filed. In addition, the Notice to Appear must be properly served. The requirement affects the vesting of jurisdiction. The Notice to Appear issued to the respondent failed to comply with the procedural requirement. Specifically, the Notice to Appear did not accurately indicate the Immigration Court where the Notice to Appear was filed. In addition, the Form I-830 is not incorporated in the Notice to Appear and does not include a certificate of service showing that the document was properly served. For these reasons, the Form I-830 does not cure the defect in the Notice to Appear or comply with the mandates in 8

7

C.F.R. 3.14(a).

If forced to move the respondent before filing the Notice to Appear with the Immigration Court in Boston, Massachusetts, the Service could have reissued a Notice to Appear reflecting the Immigration Court in which the Notice to Appear would be filed. Alternatively, the Service could have filed the Notice to Appear with the Immigration Court in Boston, Massachusetts and then sought a change of venue; see 8 C.F.R. 3.20.

The regulation contains a requirement related to jurisdiction. Therefore, even in the absence of apparent prejudice to the respondent, the defect requires termination of the proceedings. A jurisdictional defect is not waivable or curable unlike compliance with non-jurisdictional procedural requirements; see Jian v. INS, 28 F.3d 256 (2d Cir. 1994) (holding that the Service improperly transferred venue to Oakdale, Louisiana, but finding no prejudice to the alien). Accordingly, the following order must be entered.

**ORDER:**     The proceedings are terminated, without prejudice to the commencement of new proceedings.

Feb. 10, 2003
Date

Charles A. Wiegand, III
Immigration Judge

I certify that copies of this document have been personally handed to all parties or have been mailed by me via U.S. Postal Service.

Date: FEB 1 0 2003     By:

8

E  X  H  I  B  I  T    11

THE GOVERNMENT'S APPEAL

U.S. Department of Justice
Executive Office for Immigration Review
*Board of Immigration Appeals*

**Notice of Appeal from a Decision of an
Immigration Judge**

**1.** List Name(s) and "A" Number(s) of all Respondent(s)/Applicant(s):

Staple Check or Money Order Here. Include Name(s) and "A" number(s) on the face of the check or money order.

\***********SERVICE APPEAL********************
\**********NO FEE DUE********************

Emmanuel ST FLEUR

A41 483 086

\***********SERVICE APPEAL********************

**2.** I am the ☐ Respondent/Applicant ☒ INS    *(Mark only one box.)*

**3.** **Respondent is**
☒~~X X X X X~~    ☒ DETAINED    ☐ NOT DETAINED    *(Mark only one box.)*

**4.** My last hearing was at ——~~Immigration Court, Oakdale, LA~~
——————————————————————————————— *(Location, City, State)*

**5.** | What decision are you appealing?

*Mark only one box below.* If you want to appeal more than one decision, you must use more than one Notice of Appeal (Form EOIR-26).

☒ I am filing an appeal from the Immigration Judge's decision *in merits* proceedings (example: removal, deportation, exclusion, asylum, etc.) dated **February 10, 2003** .

☐ I am filing an appeal from the Immigration Judge's decision *in bond* proceedings dated
——————————————————————— .

☐ I am filing an appeal from the Immigration Judge's decision *denying a motion to reopen or a motion to reconsider* dated ——————————————————————— .

*(Please attach a copy of the Immigration Judge's decision you are appealing.)*

OMB# 1125-0002; Expires 12/31/02

Form EOIR-26
Revised Sept. 2002

**Page 1 of 3**

*Internet Version*

**6.** **State in detail the reason(s) for this appeal. Please refer to the Instructions at part F for further guidance. You are not limited to the space provided below; use more sheets of paper if necessary. Write your name(s) and "A" number(s) on every sheet.**

 See Attached Reasons for Appeal.

*(Attach additional sheets if necessary)*

**7.**    Do you desire oral argument before the Board of Immigration Appeals?    ☒ Yes    ☐ No

**8.**    Do you intend to file a separate written brief or statement after filing this Notice of Appeal?    ☒ Yes    ☐ No

**9.**    X _____    February 12, 2003
                    Signature of Person Appealing                             Date
                    *(or attorney or representative)*

Form EOIR-26
Revised Sept. 2002

**Page 2 of 3**

*Internet Version*

**10.**

| Mailing Address of Respondent(s)/Applicant(s) |
|---|
| Emmanuel ST Fleur BOP# 18559-265 |
| (Name) |
| **Federal Detention Center** |
| (Street Address) |
| **5060 E. Whatley RD** |
| (Apartment or Room Number) |
| **Oakdale, LA  71463** |
| (City, State, Zip Code) |
| (Telephone Number) |

**11.**

| Mailing Address of Attorney or Representative for the Respondent(s)/Applicant(s) |
|---|
| **None  known** |
| (Name) |
| (Street Address) |
| (Suite or Room Number) |
| (City, State, Zip Code) |
| (Telephone Number) |

**12.**

## PROOF OF SERVICE
### (You Must Complete This)

I __Carl E. Perry__ _____ mailed or delivered a copy of this Notice of Appeal
     (Name)

on **February 12, 2003** _____ to __Emmanuel ST Fleur   BOP # 18559-265__
   (Date)                              (Opposing Party)

at __Federal Detention Center, P.O. Box 5010, Oakdale, LA  71463__
                                           (Address of Opposing Party)

X _____  Signature

☐ Read all of the General Instructions    **HAVE**    ☐ Signed the form
☐ Provided all of the requested information    **YOU?**    ☐ Served a copy of this form and all attachments
☐ Completed this form in English                        on the opposing party
☐ Provided a certified English translation          ☐ Completed and signed the Proof of Service
    for all non-English attachments               ☐ Attached the required fee or Fee Waiver Request

Form EOIR-26
Revised Sept. 2002

*Internet Version*

## Continuation of EOIR-26
## Reasons for Appeal

### Emmanuel ST. FLEUR
### A41 483 086

The Immigration Judge erred as a matter of law in granting Respondent's motion to terminate these proceedings. The Immigration judge erroneously determined that the Notice to Appear, filed with the Immigration Court in Oakdale, LA on August 5, 2002, contained a fatal jurisdictional defect. Specifically, the Immigration judge concluded that he lacked jurisdiction over Respondent's removal proceedings because the Notice to Appear (NTA) did not accurately reflect the Immigration Court where the NTA was filed, even though an I-830 was served upon the alien, and filed with the Immigration Court, indicating that the alien was now detained at the Federal Detention Center in Oakdale and the NTA would be filed with the Immigration Court in Oakdale. Since the date of filing the NTA, the Service has consistently and without fail produced Respondent for all hearings. In fact, Respondent was scheduled to appear in court on February 11, 2003 to file an I-589. Instead, on February 10, 2003 the Immigration Judge terminated this proceeding upon motion of Respondent, filed on or about February 5, 2003. The Service would also note that it was not given an opportunity to respond to this motion to terminate.

This appeal meets the criteria for three-member review under 8 CFR 3.1(e)(6) because of "the need to review a decision of an immigration judge... that is not in conformity with law or applicable precedents." Here, the Immigration Judge's erroneous interpretation of

the regulations requires clarification. The Service would note that this is the fourth nearly identical appeal of this issue filed in approximately a one-month period. Other cases on appeal:

　　　　1) Khaled A.M. MAHMOUD A91 351 582

　　　　2) Juan Ernesto ALCANTARA A72 454 318

　　　　3) Shawn Anthony ALLICOCK A42 682 523

This is an ongoing practice that needs three-member review in order to determine whether the correction of the Court's location and address by an I-830, with a copy furnished to Respondent, is sufficient to cure any jurisdictional problems which otherwise might exist.

　　　The Service attorney filing this appeal is:


　　　Carl E. Perry
　　　Assistant District Counsel
　　　Immigration & Naturalization Service
　　　1010 East Whatley RD
　　　Oakdale, LA  71463
　　　(318)335-0713

E  X  H  I  B  I  T  12

THE BOARD OF IMMIGRATION APPEALS DECISION



U.S. Department of Justice

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

**ST FLEUR,EMMANUEL**
**DIN#: 18559-265 - A41 483 086**
**Federal Detention Center**
**P.O. BOX 5010**
**OAKDALE, LA 71463-0000**

**INS-Litigation Unit/OAK**
**P.O. Box 1128**
**Oakdale, LA 71463-1128**

**Name: ST FLEUR,EMMANUEL**                    A41-483-086

**Date of this notice: 07/25/2003**

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

Jeffrey Fratter
Chief Clerk

Enclosure

Panel Members:
    COLE, PATRICIA A.
    FILPPU, LAURI S.
    HESS, FRED

U.S. Department of Justice    Document 3    Filed 12/20/2004    Page 78 of 156
Executive Office for Immigration Review    Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File:  A41 483 086 - Oakdale

Date:    JUL 2 5 2003

In re:  EMMANUEL ST. FLEUR

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:    Pro se

ON BEHALF OF DHS:    Carl E. Perry
    Assistant District Counsel

CHARGE:

Notice:    Sec.  237(a)(2)(A)(iii), I&N Act [8 U.S.C. § 1227(a)(2)(A)(iii)] -
    Convicted of aggravated felony

    Sec.  237(a)(2)(A)(ii), I&N Act [8 U.S.C. § 1227(a)(2)(A)(ii)] -
    Convicted of two or more crimes involving moral turpitude

APPLICATION:    Termination


The Department of Homeland Security (the "DHS," formerly the Immigration and Naturalization Service) has appealed from the Immigration Judge's decision terminating proceedings. The appeal will be sustained and the record remanded to the Immigration Judge for a new decision.

The record reflects that a Notice to Appear (NTA) (Form I-862), was issued in the respondent's name on July 12, 2002. That document stated that the respondent should appear before an Immigration Judge in Boston, Massachusetts, at a time and place to be determined. It was later determined, however, that the respondent was incarcerated in Oakdale, Louisiana. A Form I-830, dated August 1, 2002, which also is contained in the record, indicated that the NTA would be filed with the Office of the Immigration Judge in Oakdale, Louisiana. There is additional evidence in the record that the NTA was served on the Office of the Immigration Judge in Oakdale. On August 9, 2002, the respondent was notified that his hearing would be held on August 26, 2002, at 2 p.m., at Oakdale, Louisiana.

In a decision rendered on February 10, 2003, the Immigration Judge determined that, although the NTA indicated that it was filed with the Immigration Court in Boston, it actually was filed in Oakdale. The Immigration Judge noted that the Form I-830 was not incorporated into the NTA and that it was not properly served. For that reason, it did not cure the defect in the NTA or comply with

8 C.F.R.§ 3.14(a). The Immigration Judge concluded that the DHS should have issued a new NTA in Oakdale, or should have had venue moved from Boston to Oakdale. He then determined that he had no jurisdiction over the removal proceedings and terminated proceedings, without prejudice.

The regulation at 8 C.F.R. § 1003.14(a), as amended by 68 Fed. Reg. 9824, 9830 (Feb. 28, 2003 (effective Feb. 28, 2003), provides in pertinent part that:

> Jurisdiction vests, and proceedings before an Immigration Judge commence, when a charging document is filed with the Immigration Court by the Service. The charging document must include a certificate showing service on the opposing party pursuant to § 1003.32 which indicates the Immigration Court in which the charging document is filed.

We find that the Immigration Judge erred in finding that jurisdiction over the respondent's removal proceedings did not vest with the Immigration Court in Oakdale, Louisiana. The NTA did indicate that the removal proceedings were to be commenced in the Immigration Court in Boston, Massachusetts. However, this did not affect the vesting of jurisdiction with the Immigration Court in Oakdale, Louisiana. Indeed, the Immigration Judge specifically found that the NTA was filed with the Immigration Court in Oakdale, Louisiana (I.J. at 7). As noted above, the regulation at 8 C.F.R. § 1003.14(a) clearly provides that jurisdiction vests with the Immigration Judge upon the filing of the NTA by the DHS. In this case, jurisdiction vested with the Immigration Court in Oakdale, Louisiana, when the DHS filed the NTA with the Immigration Court there. This occurred prior to the respondent's hearing before the Immigration Judge in Oakdale.

Furthermore, the requirement that the NTA contain the location where the proceedings are to take place is procedural in nature and is intended to provide the respondent with notice of the location for his removal proceedings and to facilitate any communication with the court that is anticipated to have venue over the particular proceeding, rather than to establish the court's jurisdiction. In this case, the respondent was later notified regarding the specific date and time of his hearing from the Immigration Court in Oakdale. Inasmuch as the respondent received notice that removal proceedings were to be commenced in the Immigration Court in Oakdale, Louisiana, and as the respondent was present at his removal hearing, the respondent was not prejudiced by the incorrect information initially contained on the NTA.[1]

We find that proper jurisdiction vested with the Immigration Court in Oakdale, Louisiana at the time the NTA was filed there.   Accordingly, we will remand the record to the Immigration Judge for a new decision.[2]

---

[1] The unpublished order relied upon by the respondent misapprehends the purpose for the regulation requiring notice of the particular court expected to have jurisdiction and hence provides no assistance to the respondent's argument.

[2] The Immigration Judge correctly concluded that the respondent had been convicted of a crime of violence and therefore an aggravated felony.

2

ORDER: The appeal is sustained.

FURTHER ORDER: The record is remanded to the Immigration Judge for a new decision.

FOR THE BOARD

E X H I B I T  13


PETITIONER'S MOTION TO TERMINATE

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT

IN THE MATTER OF:           :
EMMANUEL ST.FLEUR
                            : IN REMOVAL PROCEEDINGS
        VS.
                            : FILE NO.: A41-483-086
BICE
                            :

## MOTION TO TERMINATE REMOVAL PROCEEDINGS AND TO GRANT PETITIONER'S REQUEST FOR CERTIFICATION OF DERIVATIVE CITIZENSHIP PURSUANT TO INA(a)(2)

Comes Now, the respondent EMMANUEL ST.FLEUR appearing pro-se, respectfully moves this honorable court to terminate the removal proceedings based on the criteria set forth.

Your honor, I regretfully have to inform you that I did not prepare the application for Convention Against Torture(CAT), for reasons that is known to the court.

I left Haiti a young child and relocated to the United States with my family, I have been informed and led to believe that before I was born and up to the time I left the country, my parents and my other relatives did not have political affiliation in Haiti, so therefore, it is very unlikely that I would qualify as a recipient of the United Nations Convention Against Torture Act.

Secondly, as I argued before this court and to the Board of Immigration Appeals(BIA), I'm of the opinion that the Bureau of Immigration and Customs enforcement (BICE), have violated the procedural and substantive rules and regulations of the Immigration and Naturalization Act (INA), by the mere fact that the Notice to

Appear (NTA), and the process in which BICE initiated the removal proceedings against me, have been in direct violation of the Immigration laws and, therefore, constitutes a flagrant violation to my Due Process Rights under the Fifth Amendment of the United States Constitution.

Additionally, as evidence in the document and testimonial evidence that I have offered to this court, it is clearly established that I am a citizen of the United States deriving from the very fact that my natural father had acquired his United States Citizenship at the time I was under the age of 16, and that I was in his custody, in addition to the fact that my mother, although not a citizen of the United States, was deceased prior to my father's naturalization and it is evident that my qualification for certification of Derivative Citizenship arise from the fact that I had acquired my permanent Residency through my father's support at the age of 12, which justify the prerequisites for my citizenship.

I respecfully ask this court to terminate the removal proceedings against me in the spirit of fairness to grant my request for certification of Derived Citizenship.

RESPECTFULLY SUBMITTED,

EMMANUEL ST.FLEUR
#18559-265
A41-483-086
Federal Detention Center
P.O. BOX 5010
Oakdale, LA 71463

E  X  H  I  B  I  T   14


THE IMMIGRATION JUDGE'S DECISION

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
OAKDALE, LOUISIANA

**FILE:** A41 483 086

**IN THE MATTER OF:**

Emmanuel ST. FLEUR

**RESPONDENT IN REMOVAL PROCEEDINGS**

| | |
|---|---|
| **CHARGES:** | Section 237(a)(2)(A)(ii) of the Immigration and Nationality Act; an alien convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct. |
| | Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act; an alien who, at any time after admission, has been convicted of an aggravated felony as defined in section 101(a)(43)(F) of the Act. |
| **APPLICATIONS:** | Termination. |
| | Withholding of removal under section 241(b)(3) of the Immigration and Nationality Act. |
| | Withholding of removal under Article 3 of the Convention Against Torture. |

1

**IN BEHALF OF THE RESPONDENT:**

Emmanuel St. Fleur
BOP# 18559-265
FDC, 5060 E. Whatley Rd.
Oakdale, LA 71463

**IN BEHALF OF THE GOVERNMENT:**

Glenda M. Raborn, Craig A. Harlow, and
Monique Harris, Jerry A. Beatmann
Asst. District Counsels
Bureau of Immigration and Customs
Enforcement
Department of Homeland Security
1010 East Whatley Rd.
Oakdale, LA 71463

## DECISION OF THE IMMIGRATION JUDGE

The respondent is a male native of Haiti, alleged to be a citizen of that country who was admitted to the United States as an immigrant on October 20, 1988. On December 13, 2000, he was convicted in the state of Massachusetts of the offense of assault and battery. As a result of that conviction, he was sentenced to incarceration for one year. On the same date and in the same court, he was convicted of the offense of malicious destruction of property. On June 5, 2002, he was convicted in the same state of another offense of assault and battery as well as witness intimidation.

The respondent was initially represented by counsel who denied all of the allegations of fact contained in the Notice to Appear. Counsel for the respondent later withdrew and, after an unsuccessful attempt to retain new counsel, the respondent elected to proceed pro se. The respondent also denied all of the allegations of fact contained in the Notice to Appear and the hearing was continued in order to receive the Government's evidence on removability.

When the hearing resumed on December 31, 2002, counsel for the Government offered the following documents which were received without objection. Exhibit 2 is a copy of the respondent's immigrant visa package. The document establishes that the respondent was born in

2

Haiti and was admitted to the United States as an immigrant on October 20, 1988. Exhibit 3 is a copy of a record of conviction which establishes that on December 13, 2000 the respondent was convicted of assault and battery and malicious destruction of property. He was initially sentenced to probation but on June 5, 2002 he was sentenced to one year on the charge of assault and battery. On that same date, his probation for the offense of malicious destruction of property was extended to June 4, 2003. Exhibit 4 is a copy of a record of conviction which establishes that on June 5, 2002, the respondent was convicted of assault and battery and witness intimidation and sentenced to probation on both charges.

With regard to his claim that he derived United States citizenship, the respondent testified that he was born on June 26, 1976 to George St. Fleur and Philomene Thelusme. He said his parents were never married. He testified that on February 26, 1982 his father was married to Linda Morin. The respondent testified that he does not know when his father came to the United States but added that his father petitioned for him to receive an immigrant visa and he was admitted to the United States as an immigrant on October 20, 1988 at the age of 12. He said his mother never came to the United States and his father naturalized on September 17, 1991. At that time, the respondent was 15 years old. The hearing was continued to January 17, 2003 in order that the respondent could obtain and present a copy of his father's certificate of naturalization.

When the hearing resumed on January 17, the respondent presented a copy of the naturalization certificate of his father. It was received without objection as Exhibit 5. The document verifies that the respondent's father was naturalized on September 17, 1991.

Former section 321(a) of the Act, which was repealed by section 103 of the Child

3

Citizenship Act of 2000 on February 27, 2001, provided that a child born outside of the United States becomes a citizen of the United States upon the naturalization of both parents or the custodial parent if the parents are legally separated or the other spouse is deceased if the naturalization takes place while the child is under the age of 18 and a lawful permanent resident of the United States. When the respondent's father naturalized on September 17, 1991, the respondent's mother was alive and was not a naturalized citizen of the United States. Therefore, the respondent may qualify for derivative citizenship only under the requirements set forth in former section 321(a)(3) of the Act. Applying that section to the instant case, it is the respondent's father, not his mother who is a naturalized citizen of the United States. Former section 321(a)(3) of the Act required that when a child is born out of wedlock, it is his mother's naturalization which qualifies him for derivative status. Since his mother never naturalized or even came to the United States, I find that the respondent did not derive United States citizenship and his alienage is established.

The respondent also argued that his assault and battery conviction is not for a felony and, therefore, cannot be an aggravated felony. Section 101(a)(43)(F) of the Act refers specifically to the federal definition of a "crime of violence" in 18 U.S.C. 16, which requires that any crime falling within section 16(b) be a felony but contains no such requirement for offenses falling within section 16(a). It further provides a specific minimum sentence of "at least one year" for the offense. Thus, this section has been found to include crimes that are not "felonies" within the federal definition of that term; Matter of Crammond, 23 I&N Dec. 9 (BIA 2001); U.S. v. Urias-Escobar, 281 F.3d 165 (5th Cir. 2002). Accordingly, the fact that the respondent's conviction may not be a felony does not prevent the crime from being considered an "aggravated felony."

4

The respondent also argued that his conviction for assault and battery is not an aggravated felony because it is not a crime of violence. Analysis under 18 U.S.C. 16(b) requires first that the offense be a felony and, if it is, that the nature of the crime as elucidated by the generic elements of the offense is such that its commission would ordinarily present a risk that physical force would be used against the person or property of another irrespective of whether the risk develops or harm actually occurs. While this generic or categorical approach to 18 U.S.C. 16(b) might occasionally include consideration of the charging papers or jury instructions in order to identify the "offense", it does not extend to consideration of the underlying facts of the conviction, i.e. the acts committed or what the respondent did; Matter of Alcantar, Interim Decision 3220 (BIA 1994).

Section 13A of chapter 265 of the Massachusetts General Laws states that "[w]hoever commits an assault or an assault and battery upon another shall be punished by imprisonment for not more than two and a half years in a house of correction or by a fine of not more than five hundred dollars." Based on the maximum penalty, the offense of assault and battery is a felony. The section does not define the crime of assault and battery, however, so I must look to the Massachusetts case law to determine whether the crime of assault and battery qualifies as a crime of violence as defined in 18 U.S.C. 16(a) or (b).

A review of the Massachusetts case law reveals that the offense of assault and battery is defined fairly broadly and encompasses a wide variety of conduct. The Supreme Judicial Court of Suffolk has stated that assault and battery is "intentional and unjustified use of force upon the person of another, however slight, or the intentional doing of a wanton or grossly negligent act causing personal injury to another," Commonwealth v. McCan, 178 N.E. 633 (Mass. 1931); see

5

also Commonwealth v. Bruno, 487 N.E. 2d 1366 (Mass 1986). The Appeals Court for Middlesex, has in turn, defined assault and battery as "the intentional, unprivileged, unjustified touching of another with such violence that bodily harm is likely to result," and has stated that the offensive touching "may be direct, as by striking another, or indirect, as by setting in motion some force or instrumentality with the intent to cause injury;" See Commonwealth v. Bruno, supra. In addition, they suggest that the use, attempt use, or threatened use of force is not required of an offense to constitute assault and battery.

Where the state statute under which an alien has been convicted is divisible, it is necessary to look to the record of conviction, and to other documents admissible as evidence in proving a criminal conviction, to determine whether the specific offense of which the alien was convicted constitutes an aggravated felony as defined in section 101(a)(43)(F) of the Act; Matter of Sweetser, Interim Decision 3390 (BIA 1999). Reference to the record of conviction, received as Exhibit 2, shows that the respondent was charged with a violation of section 13A of chapter 265 of the Massachusetts General Laws and that he did assault and beat the victim, Andrea Mascoll. Based on this, I find that the offense has as an element the use of physical force against the person of another. Accordingly, it is a crime of violence. Since the respondent received a sentence of at least one year, the conviction is for an aggravated felony and the charge of removability is sustained.

On the subject of relief from removal, the respondent testified that he is single and has no children. He said he has not served in the Armed Forces of the United States. He said he had 9 or 10 arrests beyond the offenses alleged in the Notice To Appear, but none resulted in a conviction. The respondent also expressed a fear of persecution and torture in his native country.

6

Because he was convicted of an aggravated felony, the respondent is not eligible to apply for asylum; section 208(b)(2)(B)(i) of the Act. Since he was sentenced to less than five years, he is eligible for and was allowed to apply for withholding of removal under section 241(b)(3) of the Act and Article 3 of the Convention Against Torture.

Before the application for relief was due to be filed, the respondent submitted a written motion to terminate based on a lack of jurisdiction. In a written decision dated February 10, 2003, I granted the motion and terminated the proceedings without prejudice to the commencement of new proceedings. The Government appealed. In a decision dated July 25, 2003, the Board of Immigration Appeals sustained the Government's appeal and remanded the matter to me.

The remanded hearing was continued twice in order that the respondent could seek the assistance of counsel. On October 23, 2003, when his efforts to find counsel had been unsuccessful, he elected to proceed pro se. The respondent moved to terminate arguing that he had derived United States citizenship under former section 321(a)(2) of the Act. In support of his argument, he offered the following documents.

An affidavit dated September 15, 1983 by three persons stating that the respondent's birth certificate could not be located in the National Archives. It goes on to state that he was born in Saint Louis Du Nord on January 26, 1976 to Philomene Thelusme and George Saint Fleur.

A copy of the respondent's baptismal certificate dated June 24, 1988 which states that he was born on January 26, 1976 in Saint Louis Du Nord to George Saint Fleur and Philomene Thelusme and baptized on October 22, 1983. It describes him as the "natural son" of his parents.

A death certificate dated December 6, 2000 in which two individuals appeared before the Civil Registrar and declared that Philomene Thelusme died of natural causes in the city of Leogane on December 6, 1989 at the age of 34.

In order to study on the new evidence, I continued the hearing to November 17, 2003.

7

When the hearing resumed on that date, counsel for the Government offered a copy of a letter dated November 6, 2003 from the Department of Homeland Security's office in Washington, D.C.. It was prepared by a senior investigator and presented doubts about the death certificate received as Exhibit 8 because the person identified as Registrar for the city of Leogane never held that office. The respondent testified that he received the copy of his mother's death certificate from his father. He said he obtained the other two documents from the Department of Homeland Security in response to a Freedom of Information Act request.

I continued the hearing to December 4, 2003 and instructed the respondent to obtain from his father the original document and present it at that hearing.

When the hearing resumed on December 4, the respondent had no document to present. He said he had experienced some difficulty in getting it from his father but he believed he would have it in three weeks. The hearing was continued to January 9, 2004 for that purpose.

When the hearing resumed on January 9, the respondent again had no documents to present. He said his father never had the originals, only photocopies, and the originals were being sought from Haiti. He said there was some turmoil going on there that was delaying the process of acquiring the originals. I continued the hearing to February 3, 2004, but cautioned the respondent that it would not be continued again.

When the hearing resumed on February 3, the respondent presented an original of a death certificate, different from that received as Exhibit 8. The document was given to counsel for the Government for submission to the forensic document laboratory and the matter was continued to March 5, 2004 to await a report from the lab.

When the hearing resumed on March 5, counsel for the Government offered a report from

8

the forensic document laboratory which was received without objection as Exhibit 10. The report concludes that the most recent death certificate presented by the respondent is counterfeit.

A person born outside the United States is presumed to be an alien until he or she shows otherwise; <u>Corona-Palomera v. INS</u>, 661 F.2d 814 (9th Cir. 1981); <u>United States ex rel. Rongetti v. Neely</u>, 207 F.2d 281 (7th Cir. 1953); <u>Matter of Ponco</u>, 15 I&N Dec. 120 (BIA 1974); <u>Matter of Tijerina-Villarreal</u>, 13 I&N Dec. 327 (BIA 1969); <u>Matter of A-M-</u>, 7 I&N Dec. 332 (BIA 1956). I found that the respondent had not met his burden of proof to establish that he derived United States citizenship. Therefore, I determined that his alienage was established and that he is removable as charged. As relief from removal, he applied for withholding of removal under both section 241(b)(3) of the Act and Article 3 of the Convention Against Torture.

The application for relief was due to be filed on March 30, 2004, but the respondent stated that he had not completed it. I continued the hearing to allow him to complete it but cautioned him that if it was not ready at the next setting, the hearing would not be continued again, that I would consider the application for relief abandoned, and would render a decision. When the hearing resumed on May 12, 2004, the respondent again had no application to file. In fact, he withdrew it stating that his family did not have a political affiliation in Haiti. Since there is no other relief available to the respondent, the following order is entered.

9

**ORDER:** It is ordered that the respondent be removed from the United States to Haiti on the charges contained in the Notice to Appear.

_May 18, 2004_
Date

Charles A. Wiegand, III
Immigration Judge

10

E  X  H  I  B  I  T    15


PETITIONER'S NOTICE OF APPEAL

U.S. Department of Justice
Executive Office for Immigration Review
*Board of Immigration Appeals*

**Notice of Appeal from a Decision of an Immigration Judge**

| | |
|---|---|
| **1.** | List Name(s) and "A" Number(s) of all Respondent(s)/Applicant(s): |

Staple Check or Money Order Here. Include Name(s) and "A" number(s) on the face of the check or money order.

EMMANUEL ST.FLEUR
A#: A41-483-086

*For Official Use Only*

WARNING: Names and "A" Numbers of everyone appealing an Immigration Judge's decision must be written in here.

**2.** I am the  ☒ Respondent/Applicant ☐ INS  *(Mark only one box.)*

**3.** I am  ☒ DETAINED  ☐ NOT DETAINED  *(Mark only one box.)*

**4.** My last hearing was at ___MAY 18, 2004 Immigration Court, Oakdale,___ *(Location, City, State)*
Louisiana 71463

**5.** **What decision are you appealing?**

*Mark only one box below. If you want to appeal more than one decision, you must use more than one Notice of Appeal (Form EOIR-26).*

☒ I am filing an appeal from the Immigration Judge's decision *in merits proceedings* (example: removal, deportation, exclusion, asylum, etc.) dated_____

☐ I am filing an appeal from the Immigration Judge's decision *in bond proceedings* dated_____

☐ I am filing an appeal from the Immigration Judge's decision *denying a motion to reopen or a motion to reconsider* dated _____

*(Please attach a copy of the Immigration Judge's decision you are appealing.)*

OMB# 1125-0002; Expires 12/31/02

Form EOIR-26
Revised Sept. 2002

6. State in detail the reason(s) for this appeal. Please refer to the Instructions at part F for further guidance. You are not limited to the space provided below; use more sheets of paper if necessary. Write your name(s) and "A" number(s) on every sheet.

(I)
The Immigration Court erred in denying me my certification as a Derived Citizen of the United States from my father. Although I provided the court with authentic documentation to satisfy the required elements from which I'm qualified for a certification of citizenship through my surviving parent, The Court refused to accept the profer testimonial evidence I submitted at the hearing, in addition to the documentary certified material evidence presented to prove my bonified certification of a Derivative Citizenship to the United States.

(II)
The Immigration Court abused it's discretion for not terminating the removal proceedings. At the time of the initial hearing, I notified the court that, the Notice To Appear was improperly served upon me, and that this court had no jurisdiction to entertain the matter of my removal proceedings. The Court at that point terminated the proceedings without prejudice, and the government appealed. the BIA reversed the court's decision, and new removal proceedings was initiated and the court ordered me deported. It is my opinion the Immigration Court's decision which stated it lacked jurisdiction over the case and it's original decision to terminate the proceedings is binded by the doctrine of Res Judicata.

*(Attach additional sheets if necessary)*



7. Do you desire oral argument before the Board of Immigration Appeals?    ☐ Yes    ☒ No

8. Do you intend to file a separate written brief or statement after filing this Notice of Appeal?    ☒ Yes    ☐ No

9.   SIGN HERE ➤   X _____       5-24-04
                   **Signature of Person Appealing**        Date
                   *(or attorney or representative)*

Form EOIR-26
Revised Sept. 2002

To be classified as an aggravated felony or to have been convicted
of Moral Turpitude for the purpose of Immigration removal proceeings,
the law requires that a certain specific criteria is to be fulfilled
to satisfy either the moral turpitude classification or the
aggravated felony conditions.

In the instant case the crimes for which I'm alleged to have
committed satisfied neither of the requirements of the INA to warrant

(III) the initiation of removal proceedings against me. The Statute from
which I suffered the conviction for the alleged offense I was
accused of committing, clearly established that it does not reach
the level of an aggravated felony or a moral turpitude. The State
of Massachusetts legislative body was very clear in it's intent to
to separate the different degrees of Assault and Battery, which
distinguished the moral turpitude factor from that of the aggravated
felony element and the infractuous nature of the offense for which
I was convicted.

INA§236, requires that a person convicted for a crime which requires
possible deportation must have been sentenced to a term of actual

(IV) imprisonment of (1) year or more. In my case I was sentenced to less
than a year. Therefore, the Bureau of Immigration and custom
enforcement had no jurisdictional authority to charge me with a
deportable offense.

10.

| Mailing Address of Respondent(s)/Applicant(s) |
|---|
| EMMANUEL ST.FLEUR, #18559-265 |
| (Name) |
| Federal Detention Center |
| (Street Address) |
| P.O. BOX 5010 |
| (Apartment or Room Number) |
| Oakdale, LA 71463 |
| (City, State, Zip Code) |
| |
| (Telephone Number) |

11.

| Mailing Address of Attorney or Representative for the Respondent(s)/Applicant(s) |
|---|
| Pro-Se |
| (Name) |
| |
| (Street Address) |
| |
| (Suite or Room Number) |
| |
| (City, State, Zip Code) |
| |
| (Telephone Number) |

NOTICE: You must notify the Board within five (5) working days if you move to a new address. You must file an alien's Change of Address Form (Form EOIR-33/BIA).

NOTICE: If an attorney or representative signs this appeal for you, he or she must file a *with this appeal* a Notice of Entry of Appearance as Attorney or Representative Before the Board of Immigration Appeals (Form EOIR-27).

12.

**PROOF OF SERVICE**
**(You Must Complete This)**

I  Emmanuel st.Fleur _____ mailed or delivered a copy of this Notice of Appeal
    (Name)

on May 24, 2004 _____ to INS Litigation Unit/OAK
    (Date)          (Opposing Party)

at P.O. BOX 1128 Oakdale, LA 71463
        (Address of Opposing Party)

SIGN HERE → X _____
              Signature

NOTICE: If you are the Respondent or Applicant the Opposing Party is the District Counsel for the INS.

WARNING: If you do not complete this section properly, your appeal will be rejected or dismissed.

WARNING: If you do not attach the fee or a completed Fee Waiver Request (Form EOIR-26A) to this appeal, your appeal will be rejected or dismissed.

☒ Read all of the General Instructions
☒ Provided all of the requested information
☒ Completed this form in English
☒ Provided a certified English translation for all non-English attachments

**HAVE YOU?**

☒ Signed the form
☒ Served a copy of this form and all attachments on the opposing party
☒ Completed and signed the Proof of Service
☒ Attached the required fee or Fee Waiver Request

**Page 3 of 3**

Form EOIR-26
Revised Sept. 2002

E  X  H  I  B  I  T   16


PETITIONER'S NOTICE OF A BRIEFING SCHEDULE FROM THE
BOARD OF IMMIGRATION APPEALS



**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

ST FLEUR,EMMANUEL
INMATE #: 18559-265
INMATE HOUSING:
FDC, P.O. BOX 5010
OAKDALE, LA 71463-0000

INS-Litigation Unit/OAK
P.O. Box 1128
Oakdale, LA 71463-1128

Name: ST FLEUR,EMMANUEL

A41-483-086

Type of Proceeding: Removal

Date of this notice: 07/14/2004

Type of Appeal: Case Appeal

Appeal filed by: Alien

Date of Appeal: 06/01/2004

## NOTICE -- BRIEFING SCHEDULE

o    Enclosed is a copy of the decision of the Immigration Judge.
o    Enclosed is a copy of the transcript of the testimony of record.
o    Appealing party is granted until 08/04/2004 to submit a brief to the Board of
     Immigration Appeals. The brief must be **RECEIVED** at the Board on or before this
     date.
o    Opposing party is granted until 08/04/2004 to submit a reply brief to the Board of
     Immigration Appeals . The brief must be **RECEIVED** at the Board on or before this
     date.

   **WARNING:**   If you indicated on the Notice of Appeal (Form EOIR-26) that you will file a
brief or statement, you are expected to file a brief or statement in support of your appeal. If you fail
to file the brief or statement within the time set for filing in this briefing schedule, the Board may
summarily dismiss your appeal. *See* 8 C.F.R. § 1003.1(d)(2)(i)(E).

**FILING INSTRUCTIONS -- In General.**

**IMPORTANT: The Board of Immigration Appeals has included two copies of this notice.
Please attach one copy of this notice to the front of your brief when you mail or deliver it to
the Board, and keep one for records. Thank you for your cooperation.**

   A fee is not required for the filing of a brief. Your brief must be RECEIVED at the Clerk's
Office at the Board of Immigration Appeals within the prescribed time limits. It is NOT
sufficient simply to mail the brief and assume your brief will arrive on time. We strongly
urge the use of an overnight courier service to ensure the timely filing of your brief.

Use of an over-night courier service is strongly encouraged to ensure timely filing.

CERT PENDING CASES                                    WALKERA

If the alien is represented by counsel at the appeal level, a Notice of Entry of Appearance as Attorney or Representative before the Board of Immigration Appeals (Form EOIR-27) must be filed with the Board.

If you have any questions about how to file something at the Board, you should review the Board's Practice Manual and Questions and Answers at www.usdoj.gov/eoir.

Proof of service on the opposing party at the address above is required for ALL submissions to the Board of Immigration Appeals -- including correspondence, forms, briefs, motions, and other documents.  If you are the Respondent or Applicant, the "Opposing Party" is the District Counsel for the DHS at the address shown above.  Your certificate of service must clearly identify the document sent to the opposing party, the opposing party's name and address, and the date it was sent to them.  Any submission filed with the Board without a certificate of service on the opposing party will be rejected.

Filing Address:

To send by courier or overnight delivery service, or to deliver in person:
    Board of Immigration Appeals,
    Clerk's Office,
    5201 Leesburg Pike, Suite 1300,
    Falls Church, VA 22041

    Business hours:  Monday through Friday, 8:00 a.m. to 4:30 p.m.

To mail by regular first class mail:
    Board of Immigration Appeals
    Clerk's Office
    P.O. Box 8530
    Falls Church, VA  22041.


**FILING INSTRUCTIONS -- Extension Request.**

Unless you receive a Board Notice granting your extension request, your brief will remain due on the date stated above.

Extensions of briefing time will only be granted for good cause.  All extension requests must be in writing.  Telephonic or fax requests will not be accepted.

Extension requests must be **RECEIVED** at the Board on or before the expiration of the initial briefing schedule.  Requests for extension of briefing time received after expiration of the initial briefing period, will not be granted.

The Board does not grant extensions for more than 21 days.  If your request is granted, the brief will generally be due 21 days from the date the initial briefing schedule expires, not 21 days from the date of the request for an extension or the date of the Board response to the request.  The new due date will be stated on the notice granting the extension.

The policy of the Board is that no additional extensions will be granted.

S148.055  INMATE REQUEST TO STAFF CDFRM
98

3. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

| :(Name and Title of Staff Member) | DATE: |
| Education Supervisor/~~Doenmiren~~ | 7-21-04 |
| OM: Emmanuel St Fleur | REGISTER NO.: 18559-265 |
| RK ASSIGNMENT: Upper A.M. Compound | UNIT: OB-A |

JECT: (Briefly state your question or concern and the solution you are requesting.
tinue on back, if necessary.  Your failure to be specific may result in no action being
en.  If necessary, you will be interviewed in order to successfully respond to your
uest.)

I am in the process of preparing my appeal
Brief to the Board of Immigration Appeals,
and I am informed by the Law librarian that
the Case laws that I need to prepare my brief
are not in the library because they are too Recent
decisions by the BIA and that this Law library
on carries old law cases, dated back to 1996
as the latest case laws they carry. This hindered
my abilities to effectively ~~po~~ research and prepare
my Brief to the BIA, There fore I respectfully urged
you to update the Law library case laws in the near future
Thank you very Much.

(Do not write below this line)

SPOSITION:

| Signature Staff Member | Date |
|  |  |

ord Copy - File; Copy - Inmate
is form may be replicated via WP)            This form replaces BP-148.070 dated Oct 86
                                            and BP-S148.070 APR 94

E  X  H  I  B  I  T    18


PETITIONER'S BP98(INAMTE REQUEST TO STAFF MEMBER FORM)


TO THE FEDERAL DETENTION CENTER, WARDEN


J.P.YOUNG

-S148.055  INMATE REQUEST TO STAFF CDFRM
P 98
S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

| O: (Name and Title of Staff Member) Warden D. Young | DATE: 7-21-04 |
|---|---|
| ROM: Emmanuel DiFleur | REGISTER NO.: 18559-265 |
| ORK ASSIGNMENT: Upper Compound A.M | UNIT: CB-A |

BJECT: (Briefly state your question or concern and the solution you are requesting.
ntinue on back, if necessary.  Your failure to be specific may result in no action being
ken.  If necessary, you will be interviewed in order to successfully respond to your
quest.)

In the next couple weeks I'm scheduled to
submit my appeal brief to the Board of Immigration
Appeals with respect to my INS case, and I have
been informed that F.D.C Law Library is unable to
provide me with materials necessary to prepare my
appeal brief. This is a matter of vital concern to
me because it deals with my freedom and my uncertain
future. Respectfully I urge you to intervene
and assist me in securing these particular case
laws that I need in order to effectively and adequately
prepare my brief for the BIA. I respectfully thank
you.

(Do not write below this line)

:SPOSITION:

| Signature Staff Member | Date |
|---|---|
|  |  |

ord Copy - File; Copy - Inmate
is form may be replicated via WP)          This form replaces BP-148.070 dated Oct 86
                                           and BP-S148.070 APR 94

E  X  H  I  B  I  T   19


PETITIONER'S BP98(INMATE REQUEST TO STAFF MEMBER FORM)


TO THE OFFICER IN CHARGE OF

THE BUREAU OF IMMIGRATION AND CUSTOM ENFORCEMENT

NANCY HOOKS

~S148.055 **INMATE REQUEST TO STAFF** CDFRM
P 98
S. DEPARTMENT OF JUSTICE                                    FEDERAL BUREAU OF PRISONS

| O:(Name and Title of Staff Member) | DATE: |
|---|---|
| NANCy HOOKS /OIC/AICE | 7-21-04 |
| ROM: EMManuel St Fleur | REGISTER NO.: 18559-265 |
| ORK ASSIGNMENT: Upper Compound A.M. | UNIT: OB-A |

BJECT: (Briefly state your question or concern and the solution you are requesting.
ntinue on back, if necessary.  Your failure to be specific may result in no action being
ken.  If necessary, you will be interviewed in order to successfully respond to your
quest.)

    I am appealing to your Authority, as the Officer in
Charge of the Oakdale Immigration and Custom
Enforcement division, to intervene in the Matter of
legal and Vital Concern to Me. as I begin to research
and prepare my appeal brief to the BIA. I am informed and
led to believe that the necessary Case laws that I need
to effectuate my research are not available at the
law library. I am also told that the law library has
only limited amount of Case laws which deals with
Immigration Matters. I desperately need your interference
in this Matter which impede my ability to effectively
ile my brief to the BIA. Thank you very Much.
                    (Do not write below this line)

ISPOSITION:

| Signature Staff Member | Date |
|---|---|
| | |

ord Copy - File; Copy - Inmate
is form may be replicated via WP)          This form replaces BP-148.070 dated Oct 8 6
                                            and BP-S148.070 APR 94

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
BOARD OF IMMIGRATION APPEALS
FALLS CHURCH, VIRGINIA

IN THE MATTER OF:                                **DETAINED**

ST.FLEUR                                         REMOVAL PROCEEDINGS
     (RESPONDENT)
_____/                       FILE No.: A41-483-086

## MOTION FOR EXTENSION OF TIME TO FILE APPEAL BRIEF

Now Comes, respondent respectfully requests that this Honorable
Board of Immigration Appeals to grant him an extension of time, to
complete and submit an appropriate and proper appeal  brief. In
support of this motion respondent deposes and states as follows:

Respondent is unable to prepare and file his brief to the BIA
in a timely fashion, due to an inadequate law library. Respondent's
ability to effectively research and prepare his brief to the BIA is
hindered by the lack of Interim Decisions and published case laws at
the law library to assist respondent in his research. Respondent is
informed and led to believe that the latest Interim Decision Manual
at the law library is dated back to 1996. Given this poor condition
at the law library research center, as evidenced in the attached are
Cop-Outs from respondent to staff members,    he is having a very
difficult time researching and effectively preparing his brief to
the BIA.

Beside the inadequate law library services including highly
restricted and controlled access to the typewriters and copiers,
the space allowed at the F.D.C law library is always crowded,

not withstanding, the fact that it closes on the weekends, in addition to Mondays and Fridays after 3:00 P.M., plus unschedule closed hours. this also effects respondents ability to timely prepare and file his appeal brief in accordance to the Board's scheduled Order.

Respondent believes that the facts of his case warrants the issuance of an Order securing his rights under the United States Constitution, the Immigration and Nationality Act(INA), and the Administrative Procedure Act(APA). Respondent requests for a four week extension of time, from in which to submit his brief.

Whrefore, the premises considered, respondent respectfully request that this Honorable Board grant his motion for extension of time to research, prepare, and file an appropriate and proper appeal brief.

Dated: 7-26-04

Respectfully Submitted,

Emmanuel St.Fleur Pro-Se
Reg. #: 18559-265
Federal Detention Center
P.O. BOX 5010
Oakdale, LA 71463

## CERTIFICATE OF SERVICE

I, Respondent,Emmanuel St.Fleur,Pro-Se , hereby certify that a

true and correct copy of the foregoing:  Motion for Extention of

 time to file appeal brief,

was mailed postage pre-paid on this Month of July   26th day of

2004.  to  INS-LITIGATION UNIT/OAKDALE, P.O. BOX 1128, 1010 East

Whatley Road, Oakdale, La 71463.


                              Respectfully submitted,

DATED:7-26-04
                              EMMANUEL ST.FLEUR Pro-Se
                              Reg.#: 18559-265
                              Federal Detention Center
                              P.O. BOX 5010
                              Oakdale, LA 71463

E X H I B I T    21

PETITIONER"S NOTICE  OF BRIEF EXTENSION

FROM THE BOARD OF IMMIGRATION APPEALS

U.S. Department of Justice

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

ST FLEUR, EMMANUEL
INMATE #: 18559-265
INMATE HOUSING
FDC, P.O. BOX 5010
OAKDALE, LA 71463-0000

INS-Litigation Unit/OAK
P.O. Box 1128
Oakdale, LA 71463-1128

Name: ST FLEUR, EMMANUEL

A41-483-086

Type of Proceeding: Removal

Date of this notice: 08/02/2004

Type of Appeal: Case Appeal

Appeal filed by: Alien

Date of Appeal: 06/01/2004

NOTICE - BRIEFING EXTENSION REQUEST GRANTED

Alien's original due date: 08/04/2004

DHS original due date: 08/04/2004

The request by the alien for an additional amount of time to submit a brief, which was received on 07/30/2004 is GRANTED.

The alien's brief must be received at the Board of Immigration Appeals on or before 08/25/2004.

The DHS brief must be received at the Board of Immigration Appeals on or before 08/25/2004.

PLEASE NOTE

WARNING: If you indicated on the Notice of Appeal (Form EOIR-26) that you will file a brief or statement, you are expected to file a brief or statement in support of your appeal. If you fail to file a brief or statement within the time set for filing, the Board may summarily dismiss your appeal. See 8 C.F.R. § 1003.1(d)(2)(i)(E).

The Board generally does not grant extensions for more than 21 days. Each party should note the date as stated above.

The Board usually grants no more than one briefing extension to each party. Therefore, if you have been granted an extension, you should assume that you will not be granted any further extensions.

If you file your brief late, you must file it along with a motion for consideration of your late-filed brief. There is no fee for such a motion. The motion must set forth in detail the reasons that prevented you from filing your brief on time. You should support the motion with affidavits, declarations, or other evidence. Only one such motion will be considered by the Board.

## FILING INSTRUCTIONS

IMPORTANT: The Board of Immigration Appeals has included two copies of this notice. Please attach one copy of this notice to the front of your brief when you mail or deliver it to the Board, and keep one for records. Thank you for your cooperation.

Use of an over-night courier service is strongly encouraged to ensure timely filing.

If you have any questions about how to file something at the Board, you should review

the Board's Practice Manual and Questions and Answers at www.usdoj.gov/eoir.

Proof of service on the opposing party at the address above is required for ALL submissions to the Board of Immigration Appeals, including correspondence, forms, briefs, motions, and other documents. If you are the Respondent or Applicant, the "Opposing Party" is the District Counsel for the DHS at the address shown above. Your certificate of service must clearly identify the document sent to the opposing party, the opposing party's name and address, and the date it was sent to them. Any submission filed with the Board without a certificate of service on the opposing party will be rejected.

Filing Address:

To send by courier or overnight delivery service, or to deliver in person:
Board of Immigration Appeals
Clerk's Office
5201 Leesburg Pike, Suite 1300
Falls Church, VA 22041

Business hours: Monday through Friday, 8:00 a.m. to 4:30 p.m.

To mail by regular first class mail:
Board of Immigration Appeals
Clerk's Office
P.O. Box 8530
Falls Church, VA 22041

E X H I B I T   22

PETITIONER'S BP98(INMATE REQUEST TO STAFF MEMBER FORM)

RESPONSE

FROM THE OFFICER IN CHARGE OF THE B.I.C.E

NANCY HOOKS

A41483 086

§148.055 INMATE REQUEST TO STAFF CDFRM
98

DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

| (Name and Title of Staff Member) NANCY HOOKS /CIC/BICE | DATE: 7-21-04 |
|---|---|
| FROM: EMManuel St Fleur | REGISTER NO.: 18559-2665 |
| WORK ASSIGNMENT: Upper Compound A.M. | UNIT: OB-A |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary.  Your failure to be specific may result in no action being
taken.  If necessary, you will be interviewed in order to successfully respond to your
request.)

I am appealing to your Authority, as the Officer in
Charge of the Oakdale Immigration and Custom
Enforcement devision, to intervene in the Matter of
legal and Vital Concern to Me. as I begin to research
and prepare My appeal brief to the BIA I am informed and
led to believe that the necessary Case laws that I need
to effectuate my research are not available at the
law library. I am also told that the law library has
only limited amount of Case laws which deals with
Immigration Matters. I desperately need your interference
on this Matter which impede my ability to effectively
file my brief to the BIA. Thank you very Much.

(Do not write below this line)

DISPOSITION:

Provide the cases you necessary
to do your research and we will
try and obtain what you need.

| Signature Staff Member R. NO. DO | Date 07/29/04 |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

E  X  H  I  B  I  T    23

PETITIONER'S BP98(INMATE REQUEST TO STAFF MEMBER FORM)

RESPONSE

TO THE OFFICER IN CHARGE OF THE B.I.C.E.

NANCY HOOKS

148.055 INMATE REQUEST TO STAFF CDFRM
98
. DEPARTMENT OF JUSTICE                                    FEDERAL BUREAU OF PRISONS

| (Name and Title of Staff Member) | DATE: 8-2-04 |
| OIC NANCY HOOKS | |
| M: EMManuel St. Fleur | REGISTER NO.: 18559-266 |
| K ASSIGNMENT: Upper Compound AM | UNIT: OB-A |

JECT: (Briefly state your question or concern and the solution you are requesting.
:inue on back, if necessary.  Your failure to be specific may result in no action being
an.  If necessary, you will be interviewed in order to successfully respond to your
uest.)

ink you for your response to my july 21st 2004 (cop-out), request for your assistance with
pect to the lack of legal material at the FDC law library. As you have suggested, I will
More than happy to provide you with the case laws that I am seeking to obtain from the
rary to continue my research, but I feel that once I am provided with these cases that I am
s submitting to you, I will need to shepardize and it appears that, thus far, it has taken
lays to get a response from my first cop-out to you, and I have no idea how long it will
ce for you to forward these requested cases to me. My feeling is that my research will
done in a peace meal fashion. I don't believe the BIA or the District Court would
willing to allow me this extended amount of time to complete my research and
omit my brief for review. Sincerely, I thank you for your assistance
his matter but this process that you have suggested will take as long as the war of there
es, because it resembles in some fashion to a forever process. Attach is the list
the cases I now need. (Do not write below this line) Thank you much.

:SPOSITION:

| Signature Staff Member | Date |

Attachment to Use out
To Nancy Hicks O.I.C
B.I.C.E

From: Emmanuel St Fleur
A#A4-483-886
#14ESA-266
F.D.C Oakdale

The list of the case laws that I need at the present time
Consist of:

① 22 I & N 83.

② 22 I & N 953.

③ 23 I & N 153

④ 23 I & N 586

⑤ 22 I & N 1206

⑥ 22 I & N 256 ✓

⑦ 23 I & N 621

⑧ 22 I & N 19 ✓

⑨ 22 I & N 590 ✓

Thank you Very Much

E X H I B I T    24

PETITIONER's BP98(INMATE REQUEST TO STAFF MEMEBER FORM)

RESPONSE

FROM THE F.D.C. WARDEN J.P.YOUNG



**U.S. Department of Justice**

Federal Bureau of Prisons

*Federal Correctional Complex*

---

P. O. Box 5060
Oakdale, LA 71463

Name:             St. Fleur, Emmanuel
Register Number:  18559-265
Housing Unit:     OB-A

RE:   Inmate Request to Staff Member

This is in response to your Inmate Request to Staff Member received on July 27, 2004 at the Federal Detention Center, in which you request assistance in obtaining law materials needed to file your appeal with the Board of Immigration Appeals.

The law library maintains an inventory of materials as dictated in Program Statement 1315.07, <u>Inmate Legal Activity</u>.  These materials are inventoried every six months, with the last inventory being completed in June 2004.  Missing or damaged materials from these inventories are immediately replaced.   In your request, you do not specify what materials or particular case law is not available to you through the law library.  Please see the Supervisor of Education on this matter and bring to his attention any materials that may be missing from the law library inventory listed in PS 1315.07.  PS 1315.07 is available in the law library.

_for_ ~~K. Edenfield~~                              _8-3-04_
J. P. Young, Warden                              Date
FCC Oakdale

E  X  H  I  B  I  T    25

PETITIONER'S BP98(INAMTE REQUEST TO STAFF MEMBER FORM)

RESPONSE

FROM THE OFFICER IN CHARGE OF THE B.I.C.E.

NANCY HOOKS

S148.055 INMATE REQUEST TO STAFF CDFRM
98                                                    FEDERAL BUREAU OF PRISONS
. DEPARTMENT OF JUSTICE

| (Name and Title of Staff Member) | DATE: 8-2-04 |
|---|---|
| OIC NANCY HOOKS | REGISTER NO.: 18559-265 |
| OM: EMMANUEL St. Fleur | |
| ORK ASSIGNMENT: Upper Compound AM | UNIT: OB-A |

JBECT: (Briefly state your question or concern and the solution you are requesting.
ntinue on back, if necessary.  Your failure to be specific may result in no action being
en.  If necessary, you will be interviewed in order to successfully respond to your
quest.)

ank you for your response to my July 21st 2004 (Cop-out), request for your assistance. With
spect to the lack of legal Material at the FDC law library. As you have Suggested, I will
More than happy to provide you with the case laws that I am seeking to obtain from the
rary to Continue my research, but I feel that once I am provided with these cases that I am
w submitting to you, I will need to shepardize and it appears that, thus far, it has taken
days to get a response from my first cop-out to you, and I have no idea how long it will
ke for you to forward these requested cases to me. My feeling is that my research will
done in a peace meal fashion. I don't believe the BIA or the District Court would
Willing to allow me this extended amount of time to complete my research and
bmit my brief for review. Sincerely, I thank you for your assistance
this matter but this process that you have Suggested will take as long as the war of these
ses, because it resembles in some fashion to a forever process. Attach is the list of
the cases I now need.  (Do not write below this line) Thank you much.

ISPOSITION:

All of the Vol. 22 B.i.a Dec. you requested
has been sent to the FDC FDC.
Vol. 22 is the most recent decision
I can obtain at this time.

| Signature Staff Member | Date |
|---|---|
| DO | 8/4/04 |

ord Copy - File; Copy - Inmate
his form may be replicated via WP)        This form replaces BP-148.070 dated Oct 86

E X H I B I T   26

PETITIONER'S MOTION FOR EXTENSION OF TIME

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
BOARD OF IMMIGRATION APPEALS
FALLS CHURCH, VIRGINIA

IN THE MATTER OF:                              **DETAINED**

ST.FLEUR
    (RESPONDENT)
_____/                      REMOVAL PROCEEDINGS

                                              FILE No. A41-483-086

## MOTION FOR EXTENSION OF TIME TO FILE APPEAL BRIEF

Respondent St.Fleur respectfully submit to the Board of
Immigration Appeal that on August 7,2004, the Board had granted him
an extension of time to file his appeal brief and a due date of
August 25,2004.

Respondent respectfully ask that the Board extend this extension
of time to file his brief to include September 25,2004. In support
thereof, respondent St.Fleur respectfully submit to the Board of
Immigration Appeal that the poor conditions at the law library
research center has not improve since his last granted extension
from the Board.

Respondent contends that the essential reasons for which he
asked for and was granted the extension from the Board is that the
lack of B.I.A. Interim Decisions at the law library impaired him
from researching and preparing his brief to the Board.

Respondent had made several attempts to get the attention of the responsible authorities to assisthim in his quest for the legal materials necessary to prepare his appeal brief; all attempts futile.

As evidence of his frustration with respect to preparing his appeal brief effectively, respondent submit to the Board copies of B.P.98(Inmate request, cop-outs) and responses from the officials with respect to his request to be provided with legal materials to accomplih his goal.

Wherefore, respondent respectfully ask the Board of Immigration Appeal to grant him additional time to include September 25,2004, in order to effectively prepare his appeal brief.

Respectfully Submitted,

Dated, August 9, 2004

EMMANUEL ST.FLEUR

## CERTIFICATE OF SERVICE

I, respondent EMMANUEL ST.FLEUR, hereby certify that a true and correct copy of the foregoing: MOTION FOR EXTENSION OF TIME TO FILE APPEAL BRIEF, is served on the following party by placing said copy in the F.D.C. Insttitution Mail Box U.S. postal service, postage prepaid.

On this date of August 9,2004, addressed to: Counsel For B.I.C.E
                                               P.O. Box 1128
                                               1010 East Whatley Road
                                               Oakdale, LA 71463


Respectfully Submitted,

Dated: August 9,2004

                                    EMMANUEL ST.FLEUR
                                    REG. No. 18559-265
                                    FEDERAL DETENTION CENTER
                                    P.O. BOX 5010
                                    OAKDALE, LA 71463

E  X  H  I  B  I  T    27

PETITIONER'S BP98(INMATE REQUEST TO STAFF MEMBER FORM)

RESPONSE

TO THE OFFICER IN CHARGE OF THE B.I.C.E.

NANCY HOOKS

DATE August 10, 2004

TO: O.I.C Nancy Hooks
(Name and title of officer)

SUBJECT: State completely but briefly the problem on which you desire assistance, and what you think should be done (Give details).

Thank you for your response to my cop-out, and for informing me that some of the legal materials (BIA Case Laws) I requested from you were sent to the law library technician in order to facilitate my research with respect to my appeal. I regret to inform you that Mrs. Mezzacapo (library technician) stated that she recieved nothing of that sort from your office. She further suggested that I check with her in the next 4 or 5 days "maybe something will come in" for me. I fear that the B.I.A will not grant me another extension because of my inability to properly research my case and file my appeal. I respectfully urge you to do whatever is necessary to help me secure these important case laws to assist me in the preparation of my appeal. My due date to file my appeal to the B.I.A is August 25th, 2004. Respectfully, I thank you for your continuing assistance in my cause.

NAME: Emmanuel St. Fleur          No.: 18559-265

Work assignment: Upper Compound A.M.          Unit: OB-A

NOTE: If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently. You will be interviewed, if necessary, in order to satisfactorily handle your request. Your failure to specifically state your problem may result in no action being taken.

DISPOSITION: (Do not write in this space)          DATE _____

_____
Officer

Original – File
Canary – Inmate



USP LVN          Printed on Recycled Paper          Previous editions not usable          BP-148(55)
OCTOBER 1986

E  X  H  I  B  I  T    28

PETITIONER'S BP98(INMATE REQUEST TO STAFF MEMBER FORM)

RESPONSE.

TO THE OFFICER IN CHARGE OF THE B.I.C.E

NANCY HOOKS

P-S148.055 INMATE REQUEST TO STAFF CDFRM
EP 98
.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) | DATE: |
|---|---|
| O.I.C., NANCY HOOKS | August 10, 2004 |
| FROM: Emmanuel St Fleur | REGISTER NO.: 18559-265 |
| WORK ASSIGNMENT: Upper Compound A.M. | UNIT: OB-A |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary.  Your failure to be specific may result in no action being
.aken.  If necessary, you will be interviewed in order to successfully respond to your
request.)

This afternoon the law library's Specialist provided me with 6 cases from the list which I had sent to you, I sincerely thank you for your assistance thus far. I am hoping that I will recieve the additional documents in the next day or so. In addition I am requesting that you provide me with a few additional case laws: 22 I&N 560; 22 I&N 398; 22 I&N 468; 23 I&N 179; 22 I&N 16; 22 I&N 113; 23 I&N 533; 23 I&N 56,

I'm hoping that these Materials will be provided to me in the very near future. In order to allow me an opportunity to prepare my brief in due time. Thank you very much.

(Do not write below this line)

DISPOSITION:

| Signature Staff Member | Date |
|---|---|
|  |  |

.ecord Copy - File; Copy - Inmate
This form may be replicated via WP)            This form replaces BP-148.070 dated Oct 86
                                               and BP-S148.070 APR 94

E  X  H  I  B  I  T    29


PETITIONER'S BP98(INMATE REQUEST TO STAFF MEMBER FORM)

RESPONSE

FROM THE OFFICER IN CHARGE OF THE B.I.C.E.

NANCY HOOKS

DATE August 10, 2004

TO: O.I.C Nancy Hooks
(Name and title of officer)

SUBJECT: State completely but briefly the problem on which you desire assistance, and what you think should be done (Give details).

Thank you for your response to my Cop-out, and for informing me that some of the legal Materials (BIA CASE LAWS) I requested from you were sent to the law library technician in order to facilitate my research with respect to my appeal. I regret to inform you that Mrs. Mezzacapo (Library technician) stated that she recieved nothing of that sort from your office. She further suggested that I check with her in the next 4 or 5 days "maybe something will come in" for me. I fear that the B.I.A will not grant me another extension because of my inability to properly research my case and file my appeal. I respectfully urge you to do whatever is necessary to help me secure these important case laws to assist me in the preparation of my appeal. My due date to file my appeal to the B.I.A is August 25th, 2004. Respectfully, I thank you for your continuing assistance in my cause.

NAME: Emmanuel St.Fleur                    No.: 18559-265

Work assignment: Upper Compound A.M.       Unit: OB-A

NOTE: If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently. You will be interviewed, if necessary, in order to satisfactorily handle your request. Your failure to specifically state your problem may result in no action being taken.

DISPOSITION: (Do not write in this space)          DATE 08/12/06

It is NOT my job to help you fight your CASE. I sent most of what you asked for because you stated the law library did not have it. I had the documents you request routed to the Law Library by institution MAIL in a Routing Envelope so they are at the FDC some place.

R. H___ . Do
Officer

Original – File
Canary – Inmate

BP-148(55)
OCTOBER 1988

USP LVN          Printed on Recycled Paper          Previous editions not usable

E X H I B I T    30


PETITIONER'S BP98(INMATE REQUEST TO STAFF MEMBER FORM)


RESPONSE


FROM THE OFFICER IN CHARGE OF THE B.I.C.E.


NANCY HOOKS

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
J.S. DEPARTMENT OF JUSTICE

FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) | DATE: |
|---|---|
| O.I.C. NANCY HOOKS | August 10, 2004 |
| FROM: | REGISTER NO.: |
| Emmanuel St.Fleur | 18559-265 |
| WORK ASSIGNMENT: | UNIT: |
| Upper Compound A.M. | OB-A |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

This afternoon the law library's Specialist provided me with 6 cases from the list Which I had sent to you, I Sincerely thank you for your assistance thus far. I am hoping that I will recieve the additional documents in the next day or so, in addition I am ~~Sto~~ requesting that you provide me with a few additional case laws: 22 I&N 569; 22 I&N 398; 22 I&468; 23 I&N 17A; ~~22 I&N 16~~; 22 I&N 113; 23 I&N 533; 23 I&N 56,

I'm hoping that these Materials will be provided to me in the very near future in order to allow me an opportunity to prepare my brief in due time. Thank you Very much.

(Do not write below this line)

DISPOSITION: ~~Sto~~

The BOP has a very good law library. Use it. It is not my job to provide you w/ legal material you request. ~~Sto~~ You can't use what the BOP offers to research your case.

| Signature Staff Member | Date |
|---|---|
| | 08/12/04 |

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

E  X  H  I  B  I  T    31


PETITIONER'S NOTICE OF DENIAL FOR EXTENSION OF TIME FROM

THE BOARD OF IMMIGRATION APPEALS



**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

ST FLEUR EMMANUEL
INMATE # 18559-265
INMATE HOUSING
FDC, P.O. BOX 5010
OAKDALE, LA 71463-0000

INS Litigation Unit/OAK
P.O. Box 1128
Oakdale, LA 71463-1128

Name: ST FLEUR EMMANUEL

A41 483-086

Type of Proceeding: Removal

Date of this notice: 08/19/2004

Type of Appeal: Case Appeal

Appeal filed by: Alien

Date of Appeal: 06/04/2004

### NOTICE - BRIEFING EXTENSION REQUEST DENIED

Alien's current due date: 08/25/2004    DHS' current due date: 08/04/2004

Successive request: The alien's extension request which was received on 08/17/2004 is denied. You were previously granted an extension of time in this case and you have not shown extraordinary circumstances to warrant the extension should be granted by the Board.

### PLEASE NOTE

WARNING - If you indicated on the Notice of Appeal (form EOIR-26) that you will file a brief or statement, you are expected to file a brief or statement in support of your appeal. If you fail to do so, the brief or statement within the time set for filing, the Board may summarily dismiss your appeal. See 8 C.F.R. § 1003.1(d)(2)(i)(E).

If you file your brief late, it will be filed along with a motion for consideration of your late brief. There is no fee for such a motion. The motion must set forth in detail the reasons that prevented you from filing your brief on time. You should support the motion with affidavits, declarations, or other evidence. Only one such motion will be considered by the Board.

### FILING INSTRUCTIONS

Use of an overnight courier service is strongly encouraged to ensure timely filing.

If you have any questions about how to file something at the Board, you should review

the Board's Practice Manual and Questions and Answers at www.usdoj.gov/eoir.

Proof of service on the opposing party at the address above is required for ALL submissions to the Board of Immigration Appeals -- including correspondence, forms, briefs, motions, and other documents.   If you are the Respondent or Applicant, the "Opposing Party" is the District Counsel for the DHS at the address shown above.  Your certificate of service must clearly identify the document sent to the opposing party, the opposing party's name and address, and the date it was sent to them.   Any submission filed with the Board without a certificate of service on the opposing party will be rejected.

Filing Address:

To send by courier or overnight delivery service, or to deliver in person:
Board of Immigration Appeals
Clerk's Office
5201 Leesburg Pike, Suite 1300
Falls Church, VA 22041

Business hours:  Monday through Friday, 8:00 a.m. to 4:30 p.m.

To mail by regular first class mail:
Board of Immigration Appeals
Clerk's Office
P.O. Box 8530
Falls Church, VA 22041

E  X  H  I  B  I  T   32


PETITIONER'S BP98(INMATE REQUEST TO STAFF MEMBER FORM)


RESPONSE


FROM THE F.D.C. WARDEN  J.P.YOUNG



**U.S. Department of Justice**

Federal Bureau of Prisons

*Federal Correctional Complex*

---

P. O. Box 5060
Oakdale, LA 71463

Name: St. Fleur, Emmanuel
Register Number: 18559-265
Housing Unit: OB-A

RE:    Inmate Request to Staff Member

This is in response to your Inmate Request to Staff Member received on July 27, 2004, at the Federal Detention Center, in which you request assistance in obtaining law materials needed to file your appeal with the Board of Immigration Appeals.

The materials that you site in your request are not part of the inventory dictated in Program Statement 1315.07, Inmate Legal Activity, and therefore are not available through the inmate law library. Please see the Supervisor of Education should you need further assistance with this matter.

J. P. Young, Warden
FCC Oakdale

8/25/04
Date

E  X  H  I  B  I  T    33

PETITIONER'S PETITION FOR A WRIT OF MENDAMUS

RECEIVED

SEP 0 8 2004

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

SEP 07 2004

ROBERT H. SHEMWELL, CLERK
BY ——————————
                    DEPUTY

**United States District Court**
**For The Western District of Lousiana**
**Shreeveport, Division**

Detained

Emmanuel St. Fleur
(Petitioner)

VS

Bureau of Immigration
and
Custom Enforcement
Respondent

_____/

# CV04-1867-LC
## SEC P

JUDGE MINALDI
Case #

MAGISTRATE JUDGE WILSON
File#: A 41-483-086

## Petition For A Writ of Mendamus

    Comes Now, Petitioner Emmanuel St. Fleur, Respectfully petition
this Honorable Court to order a writ of Mendamus, pursuant to U.S.C.
1651, All Writ Act, to compel the Board of Immigration Appeals to
release him from Immigration custody and issue an Order vacating his
removal, and to Order the certification of his citizenship to the

United States and allow him the liberty to stay in this country as a bona-fide American citizen or in the alternative allow him a fair and meaningful opportunity to present the issues of his case contesting the allegations and charges of removable alien filed against him by the Bureau of Immigration and Custom Enforcement.

Petitioner respectfully submit to this Honorable Court that on July 12, 2002, he was arrested by the Bureau of Immigration and Custom Enforcement and served with a notice to appear charging him with a violation of the Immigration law under the Immigration Nationality Act § 237(a) as an aggravated felon subject to deportation, due to the fact that he was convicted in the state of Massachusetts on December 13, for the offense of Assault and Battery, and Malicious destruction of property, also on June 5, 2002, for assault and battery and witness intimidation. After a multiple series of hearing before the Immigration Court, in which Petitioner asserted that he is an American citizen derived from his father's naturalization to the United States, on May 18, 2004 the Immigration Judge Ordered Petitioner deported from the United States. Subsequently Petitioner filed a timely notice of appeal to the Board of Immigration Appeals for it's review of petitioner St.Fleur's deportation Order.

On July 14, 2004, the Board of Immigration Appeals provided Petitioner with the transcripts of Immigration Court proceedings and a briefing schedule to file his brief to the Board. Petitioner begin to research the issues of his case in order to prepare an adequate and effective administrative appeal to the Board of

2

Immigration Appeals to review the issues of his contentions that he
is an American citizen whom should be free from deportation from the
United States.  Petitioner's efforts to continue his research was
hindered by the fact that the existing law library at the FDC Oakdale
was not equiped with the necessary Immigration materials and case
laws which Petitioner lacked to effectively prepare his brief.
Petitioner St. Fleur has made several requests,  for the particular
legal materials that he need from the officials of the FDC Oakdale
and the officials of the Bureau of Immigration and Custom Enforcement.
As evident in the attach inmate request forms,Petitioner submitted to
the responsible officials,with regard to the legal materials he
requested to be provided with  in order to pursue his quest for
freedom, it is clear that the responsible officials of the FDC Oakdale,
and the officials of the Bureau of Immigration and Customes
Enforcement were not concerned with providing Petitioner with the
necessary assistance to secure the case laws required to prepare his
brief.  It was at that point Petitioner Emmanuel St. Fleur notified
the Board of Immigration Appeals of the difficulties he was having
securing the assential legal materials which was exigent to research
the issues for his brief to the Board of Immigration Appeals.  He
further asked the Board for an extension of time to file his brief,
in hope that the Bureau of Immigration and Custom Enforcement officials,
and the F.D.C. Oakdale officials would have had a change of heart and
supply Petitioner with the necessary legal meterials.

The Board of Immigration Appeals denied Petitioner's request

for an extension of time and apparently would simply issue a summary
decision on the information and summary arguments Petitioner provided
in the application for the filing of the notice of appeal.  Petitioner
is under the belief that such a decision by the Board of Immigration
Appeals based on the summary arguments of the notice of appeal would
be unfair and in violation of his Constitutional Rights under the
Fifth Amendment and Sixth Amendment.

It should be self evident the Board of Immigration Appeal's
decision to deny Petitioner an extension of time to adequately
prepare and file his brief-due to the lack of legal materials available
to Petitioner at the FDC Oakdale law liberary - is clearly irrational,
arbitrarily, and in violation of his Constitutional rights guaranteed
by under the Fifth Amendment Due Process Clause, and the Sixth
Amendment Fair Hearing Clause of the United States Constitution.

The Due Process Clause of the Fifth Amendment specifictly
requires that administrative agencies not only must inform the
respondent of the proceedings instituated against him but also must
provide petitioner access to the necessary legal materials to
adequately and effectively present a meaningful objection to the
actions and decisions. Here, the liberty of petitioner is deprived
to an eventual removal from his country of citizenship.  Petitioner
Emmanuel St. Fleur is reduced to great hardship of his individual
life, his immediate family, and his relatives.  It also deprived him
of his right to stay and live and work in this land of freedom.

4

The United States Constitution under the Fifth and Sixth Amendments forbids the Bureau of Immigration and Custom Enforcement officials from arbitrarily usurp Petitioner Emmanuel St. Fleur's right of a fair opportunity to defend his constitutional Rights to be free from the Bureau of Immigration and Custom Enforcement's custody and to remain in his country of citizenship.

The Sixth Amendment explicitly established that no one shall be deprived of his liberty without a meaningful opportunity to be heard and to adequately and effectively defend his cause. Petitioner Emmanuel St. Fleur entered this country as a very young child, derived his citizenship from his father, and now, he is taken into custody, arbitrarily facing exile or permanent banishment from his country without giving him an opportunity to effectively establish his right to be an American citizen. All of which in violation of his constitutional right to be free from the flagrant mistreatments both by the Bureau of Immigration and Custom Enforcement authorities.

Wherefore, Petitioner Emmanuel St. Fleur respectfully ask this Honorable Court to issue a writ of mendamus compelling the Bureau of Immigration and Custom Enforcement to release him from Immigration and Nationalization Service's custody forthwith, or in the alternative for the Board of Immigration Appeals to provide him an opportunity to meaningfully argue his cause whih the access to the legal materials necessary to adequately file his administrative brief.

5

Petitioner St.Fleur incoporate copies of the Institution so-called cop-outs for his requests to be provided with the necessary legal materials from the officials of the Federal Detention center, and to Nancy Hooks the Officer In Charge of the Bureau of Immigration and Custom Enforcement. additionally, attached are copies of the relevant dovuments filed to the Board of Immigration Appeals for the Court's verification.

Furthermore, Petitioner St.Fleur prays that this Honorable Court grant him whatever additional relief the court deem necessary.


Respectfully Submitted,

Dated August 30 ,2004


Emmanuel St.Fleur
Pro-Se/ Petitioner

6

## Certificate of Service

I, Emmanuel St. Fleur hereby certify that a copy of the Petition for a writ of Mendamus is served on the following parties, by placing said copies in the F.D.C Institutional mail box, U.S. Postal Service, postage pre-paid on this date of, 8-30- 2004, addressed to:

Clerk of Court
United States District Court
Western District of Louisiana
1167 U.S. Courthouse
300 Fannin Street
Shreveport, LA 71101-3083

Counsel for BICE
P.O. Box 1128
1010 East Whatley Road
Oakdale, LA 71463

John Ashcroft
U.S. Attorney General
United States Department of Justice
10th Street, constitution Avenue, N.W.
Washington, D.C. 20005

Clerk of the Board
Board of Immigration Appeals
P.O Box 8530
Falls Church, VA 22041

Dated Aug. 30 , 2004

Emmanuel St.Fleur

DATE _September 12, 2004_

TO: _J.P. Young, Warden_

(Name and title of officer)

SUBJECT: State completely but briefly the problem on which you desire assistance, and what you think should be done (Give details).

Since I received your responses to my July 27, 2004, and August 6, 2004, Cop-outs, in which you suggested that I contact the law library Supervisor with respect to my quest for obtaining the legal materials necessary to pursue my appeal from the Immigration Judge's decision to remove me from the United States. I have in fact sent a few cop-outs to Mr. povenmiren regarding the matter of my requests to be provided with the legal materials necessary to prepare my appeal, and I finally had a personal interview with Mr. povenmiren in which he informed me that the F.D.C Law Library Staff are not required to provide me with the necessary case laws to prepare my appeal for Immigration detention matters. He further stated that the few legal case laws that are presently at the law library will be removed in the near future, because they are only a bonus to detainees not a requirement. With these facts I am in a position in which that I am impaired to file my brief to the Board and your assistance in this matter would be greatly appreciated. Thank you very much.

NAME: _Emmanuel St. Fleur_               No.: _18859-265_

Work assignment: _Upper Camp Late p.m._         Unit: _OB-A_

NOTE: If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently. You will be interviewed, if necessary, in order to satisfactorily handle your request. Your failure to specifically state your problem may result in no action being taken.

DISPOSITION: (Do not write in this space)        DATE _____

_____
Officer

Original - File
Canary - Inmate



USP LVN      Printed on Recycled Paper      Previous editions not usable      BP-148(55)
OCTOBER 1988

E  X  H  I  B  I  T   35


THE BOARD OF IMMIGRATION APPEALS DECISION

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File:   A41-483-086 - Oakdale

Date:

In re:  ST FLEUR, EMMANUEL

IN REMOVAL PROCEEDINGS

SEP 2 3 2004

APPEAL

ON BEHALF OF RESPONDENT:  Pro se

ON BEHALF OF DHS:  Nora E. Norman, Assistant Chief Counsel

ORDER:

PER CURIAM. The Board affirms, without opinion, the results of the decision below. The decision below is, therefore, the final agency determination. *See* 8 C.F.R. § 1003.1(e)(4).

FOR THE BOARD

E X H I B I T   36

PETITIONER'S BP98(INMATE REQUEST TO STAFF MEMBER FORM)

RESPONSE

FROM THE F.D.C. WARDEN J.P.YOUNG



**U.S. Department of Justice**

FDC     Office

Federal Bureau of Prisons

*Federal Correctional Complex*

P. O. Box 5060
Oakdale, LA 71463

Name: St. Fleur, Emmanuel
Register Number: 18559-265
Housing Unit: OB-A

RE:    Inmate Request to Staff Member

This is in response to your Inmate Request to Staff Member received on September 16, 2004, at the Federal Detention Center, in which you again request assistance in obtaining law materials needed to file your appeal with the Board of Immigration Appeals.

As has been previously stated to you through this venue, the materials that you request are not part of the inventory dictated in Program Statement 1315.07, <u>Inmate Legal Activity</u>, and therefore are not available through the inmate law library. This was reiterated to you from the Supervisor of Education in the personal interview that you mention in your request. The Education Department is not responsible for obtaining legal materials for you outside the law library inventory mandated by policy.

_____          9/30/2004
J. P. Young, Warden                 Date
FCC Oakdale

E X H I B I T  37

PETITIONER'S MOTION TO WITHDRAW

**UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF LOUISIANA**

**SHREEVEPORT DIVISION**

**DETAINED**

EMMANUEL ST.FLEUR                        **CASE** No. CV04-1867-LC
         (PETITIONER)
                                          **FILE** No. A41-483-086

         V.

BUREAU OF IMMIGRATION
         AND
CUSTOM ENFORCEMENT          /

**MOTION TO WITHDRAW**

Comes Now petitioner Emmanuel St.Fleur,in the foregoing
motion to withdraw his petition for a writ of mendamus, respectfully
request that his motion be granted.

Petitioner understand that the remedy sought in the form of
a writ of mendamus was improper.

Therefore, petitioner respectfully request that the Court
withdraw his petition.

Respectfully Submitted,
Dated: Dev. 8,   2004

                                          _____
                                          EMMANUEL ST.FLEUR

E  X  H  I  B  I  T  38

WESTERN DISTRICT'S DECISION

U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

NOV 1 5 2004

ROBERT H. SHEMWELL, CLERK
BY_____
DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| EMMANUEL ST. FLEUR | : | DOCKET NO. 04 CR 1867 |
| VS. | : | JUDGE MINALDI |
| BUREAU OF IMMIGRATION AND CUSTOM ENFORCEMENT | : | MAGISTRATE JUDGE WILSON |

## ORDER

IT IS ORDERED that Emmanuel St. Fleur be allowed to withdraw his petition for writ of mandamus.

Lake Charles, Louisiana, this _1<_ day of November, 2004.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE