UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
EMMANUEL ST. FLEUR,              )
                                 )
              Petitioner,        )
                                 )
         v.                      )   Civil Action No. 04-12671-
DPW                                  
                                 )
JOHN ASHCROFT, ET AL.,           )
              Respondents.       )
```

## MEMORANDUM AND ORDER OF TRANSFER

For the reasons set forth below, this action will be transferred to the Western District of Louisiana.

## BACKGROUND

Petitioner Emmanuel St. Fleur, currently detained in Oakdale, Louisiana by the Department of Homeland Security (formerly the I.N.S.[1]), filed what amounts to his fourth habeas petition in this Court, on December 20, 2004. St. Fleur also filed a Motion to Stay Removal. Petitioner did not file the $5.00 Application fee, nor did he file an Application to Proceed *in forma pauperis*.

St. Fleur alleges that he was born in Haiti and entered the United States as a lawful permanent resident on October

---

[1]The Immigration and Naturalization Service of the United States Department of Justice was "abolished" by section 471 of the Homeland Security Act of 2002, Pub. L. 107-296, tit. IV, subtits. D, E, F, 116 Stat. 2135, 2192 (Nov. 25, 2002) ("HSA").

1

20, 1988, with his father, George St. Fleur, who subsequently became a naturalized United States citizen. He asserts a claim to United States nationality.

On June 5, 2002, petitioner pled guilty, was convicted of Assault and Battery and Witness Intimidation, and was sentenced to one year and sixty days imprisonment with the balance suspended with probation. <u>Id.</u>

Since St. Fleur was taken into INS custody on July 19, 2002, petitioner has sought to challenge removal proceedings. <u>Id.</u> He initially filed several habeas petitions in the United States District Court for the Eastern District of New York, which were transferred to this District, and then further transferred to the United States District Court for the Western District of Louisiana. <u>See</u> C.A. No. 03-11451-RCL (received August 1, 2003); C.A. No. 03-12009-RCL (received in this Court October 14, 2003);C.A. No. 03-12318-RCL (received October 31, 2003). Copies of the docket sheets and the Memorandum and Order entered in each of those cases are attached hereto.

On September 23, 2004, the Board of Immigration Appeals made an administrative final decision, dismissing St. Fleur's appeal and affirming the Immigration Judge's decision. The instant petition was filed directly with this Court on

December 20, 2004 and assigned as C.A. 04-12671-DPW.

A search of public records indicates that St. Fleur has filed a number of other §2241 habeas petitions and mandamus actions in other courts.  Copies of those dockets are attached to this Memorandum and Order as well.

<u>DISCUSSION</u>

<u>This Action is Transferred to the United States District Court for the Western District of Louisiana</u>

Although immigration detainees may seek habeas relief pursuant to Section 2241 of Title 28 and district courts have jurisdiction to review those petitions, <u>see</u> <u>Immigration and Naturalization Service v. St. Cyr.</u>, 533 U.S. 289, 312-313 (2001), this Court does not have jurisdiction to hear this petition because the petitioner is not in custody in this district.

A writ of habeas corpus must be "directed to the person having custody of the person detained." 28 U.S.C. § 2243. The Court issuing the writ must have personal jurisdiction over the person who holds the petitioner in custody. <u>Vasquez v. Reno</u>, 233 F.3d 688, 696 (1st Cir. 2000) <u>cert. denied</u> <u>sub. nom.</u> <u>Vasquez v. Ashcroft</u>, 122 C. Ct. 43 (2001) (alien seeking writ of habeas corpus contesting legality of detention by I.N.S. normally  must name as respondent his immediate custodian, the individual having day to day control over the

3

facility in which he is being detained). Petitioner's legal custodian is the warden of the Oakdale detention facility, the individual with the day-to-day control over the facility in which he is being detained. Id. at 684. This Court does not have personal jurisdiction over the Warden of Oakdale detention facility, and therefore must either dismiss or transfer this Section 2241 petition to the proper district.[2] Id. at 696.

CONCLUSION

Based upon the foregoing, it is hereby ORDERED, that this action be TRANSFERRED to the Western District of Louisiana, 300 Fannin Street, Suite 1167, Shreveport, Louisiana  71101 for the reasons stated above.

It is FURTHER ORDERED that the Petitioner's Motion to Stay Removal is RESERVED for the Court in the Western District of Louisiana.

It is FURTHER ORDERED that this action shall be administratively closed on this Court's docket, and all

---

[2]Because the Court is transferring this action, there is no need to address petitioner's failure to pay the filing fee or the failure to file an Application to Proceed Without Prepayment of Fees. See Vasquez, 233 F.3d at 697 (the district court ought not to have acted on the merits of petition where court lacked jurisdiction over petitioner's custodian). That matter is reserved for the Court in the Western District of Louisiana.

pending motions shall be terminated in view of this Memorandum and Order.


SO ORDERED.

Dated at Boston, Massachusetts, this 22nd day of December, 2004.

                              /s/ Douglas P. Woodlock
                              DOUGLAS P. WOODLOCK
                              UNITED STATES DISTRICT JUDGE

madei - Docket Report

CLOSED

# United States District Court
## District of Massachusetts (Boston)
### CIVIL DOCKET FOR CASE #: 1:03-cv-11451-RCL

St. Fleur v. Ashcroft et al
Assigned to: Judge Reginald C. Lindsay
Cause: 28:2241 Petition for Writ of Habeas Corpus (federa

Date Filed: 08/01/2003
Jury Demand: None
Nature of Suit: 530 Habeas Corpus
(General)
Jurisdiction: Federal Question

**Petitioner**
----------------------

**Emmanuel St. Fleur**

represented by **Emmanuel St. Fleur**
PRO SE

**V.**

**Respondent**
----------------------

**John Ashcroft**

**Immigration & Naturalization
Service**

**U.S. Department of Justice,
Immigration & Naturalization
Service**

| Date Filed | # | Docket Text |
|---|---|---|
| 08/12/2003 | ◗1 | Judge Reginald C. Lindsay : ORDER entered MEMORANDUM AND ORDER entered. It is hereby ORDERED that this action be TRANSFERRED to the Western District of Louisiana, 30 Fannin Street, Suite 1167, Shreveport, Louisiana 71101 for the reasons stated in this Memorandum and Order. cc/pla via us mail(Jenness, Susan) Modified on 8/25/2003 (Jenness, Susan). (Entered: 08/25/2003) |
| 08/25/2003 | ◗ | Certified Mail Receipt from case transfer to Eastern District of Louisiana-Certified Receipt Number 7002-0510-0004-3543-8859. (Jenness, Susan) (Entered: 08/25/2003) |
| 08/25/2003 | ◗ | Coverletter from Pro Se Clerk to the Clerk of the Western District of |

madei - Docket Report

| | | |
|---|---|---|
| | | Louisiana regarding the transfer of this civil action in accordance with the Order entered by the Honorable Reginald Lindsay (Jenness, Susan) (Entered: 08/25/2003) |
| 08/25/2003 | ◑ | Civil Case Terminated-File forwarded to RCL Session with copy of docket sheet indicating action has been terminated in accordance with transfer order. (Jenness, Susan) (Entered: 08/25/2003) |
| 09/02/2003 | ◑2 | Return receipt received for mail sent to U.S.D.C. West. Dist. Louisiana Delivered on 8/27/03 (Tebo, Susan) (Entered: 09/02/2003) |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EMMANUEL ST. FLEUR,                          )
                                             )
              Petitioner,                    )
                                             )
         v.                                  )    Civil Action No. 03-11451-
                                             )
RCL                                          )
                                             )
JOHN ASHCROFT, U.S. Attorney                 )
General, U.S. Department of                  )
Justice; the IMMIGRATION                     )
AND NATURALIZATION SERVICE;                  )
JAMES ZINGLER[1], Commissioner of )
the Immigration and                          )
Naturalization Service; CARYL                )
THOMPSON[2], Acting Louisiana                )
District Director; and CHARLES               )
COBB[3], Massachusetts District              )
Director,                                    )
                                             )
              Respondents.                   )

## MEMORANDUM AND ORDER OF TRANSFER

This habeas action was transferred from the Eastern District of New York to this Court. For the reasons set forth below, this action will be transferred to the Western District of Louisiana.

---

[1]As of December 1, 2002, Michael Garcia became Acting I.N.S. Commissioner.

[2]Michael J. Conway is currently the Acting District Director of the New Orleans District Office of the I.N.S.

[3]Steven J. Farquharson is currently the District Director of the Boston District Office of the I.N.S.

1

## BACKGROUND

On June 6, 2003, Emmanuel St. Fleur, now detained in Oakdale, Louisiana by the Department of Homeland Security (formerly the I.N.S.[4]), filed in the United States District Court for the Eastern District of New York his self-prepared Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 naming as respondents in the case caption of the petition both Attorney General John Ashcroft and the Immigration and Naturalization Service. See Habeas Petition, Docket No. 03 cv 2841(ARR) (E.D. N.Y. July 18, 2003). Petitioner also identifies as respondents James Zinglar, Commissioner of the Immigration and Naturalization service; Caryl Thompson, Acting Louisiana District Director; and Charles Cobb, Massachusetts District Director. Id. at ¶¶ 10 - 12. The habeas petition was accompanied by an Application to Proceed Without Prepayment of Fees. See Docket No. 3, June 19, 2003 Order to Show Cause, 03 cv 2841(ARR).

By Order dated June 18, 2003, petitioner was ordered to show cause why his habeas petition should not be dismissed or transferred to the Western District of Louisiana or the

---

[4]The Immigration and Naturalization Service of the United States Department of Justice was "abolished" by section 471 of the Homeland Security Act of 2002, Pub. L. 107-296, tit. IV, subtits. D, E, F, 116 Stat. 2135, 2192 (Nov. 25, 2002) ("HSA").

District of Massachusetts for lack of venue in the Eastern District of New York. See Docket No. 3, June 19, 2003 Order to Show Cause, 03 cv 2841(ARR).

By Order dated July 18, 2003, this action was transferred to the District of Massachusetts based upon petitioner's response that he once resided with his Aunt in New York and subsequently moved to Massachusetts where he was convicted of the offenses upon which his removal proceedings are premised. See Docket No. 5, July 18, 2003 Order, 03 cv 2841(ARR). This action was received for filing by this Court on August 1, 2003. See Docket, No. 03-11451-RCL.

Petitioner alleges that he was born in Haiti on January 26, 1976 and that his mother, Philomene Thelusme, was not married to his father, George St. Fleur. See Habeas Petition, ¶ 13. Petitioner entered the United States in 1988 at the age of twelve to live with his father as a lawful permanent resident. Id. at ¶¶ 7, 17. On September 17, 1991, when petitioner was 15 years old, his father became a naturalized United States citizen. Id. at ¶ 18.

On December 13, 2000, petitioner pled guilty, was convicted of Assault Battery and Malicious Destruction of Property, and sentenced to a term of probation. Id. at ¶ 19. On June 5, 2002, petitioner pled guilty, was convicted of

3

Assault and Battery and Witness Intimidation, and was sentenced to a term of probation. Id. at ¶ 20. As a result of his 2002 conviction, petition was found to be in violation of his 2000 probation and was sentenced to one year imprisonment with sixty days to be served and the balance suspended. Id. at ¶ 21. After serving sixty days, petitioner was placed into the into the custody of the Immigration and Naturalization Service. Id. at ¶¶ 22, 25.

On July 19, 2002, removal proceedings were initiated against petitioner. Id. During the removal proceedings, petitioner argued to the immigration judge that, based upon his father's naturalization, he was not an alien subject to removal proceedings. Id. at ¶ 23. By Order dated February 10, 2003, the Immigration Judge found, among other things, that petitioner's claim of derivative citizenship must be denied pursuant to the applicable statute [former section 321(a)(3) of the Immigration and Nationality Act] because only his mother's naturalization would have qualified petitioner for derivative citizenship. Id., see also Exhibit E (Decision of the Immigration Judge). The Immigration Judge terminated the removal proceedings based upon an alleged jurisdictional defect in the Notice to Appear. Id., see also Exhibit E (Decision of the Immigration Judge). The Immigration and

Naturalization Service filed an appeal with the Board of Immigration Appeals which petitioner contends is now pending before the Board of Immigration Appeals. Id. at 26, see also Exhibit F (Notice of Appeal from a Decision of an Immigration Judge).

DISCUSSION

I.    The Court Will Construe the Pleading As a Petition for Habeas Corpus Under Section 2241

Petitioner's Habeas Petition invokes the Court's jurisdiction under 28 U.S.C. § 2241 as well as several other federal statutes including 8 U.S.C. § 1101; the Administrative Procedures Act, 5 U.S.C. §§ 701, et seq.; 28 U.S.C. § 1331 (federal question); the Declaratory Judgment Act, 28 U.S.C. §§ 2201, et seq.; the All Writs Act, 28 U.S.C. 1651; the Rules of Decision Act, 28 U.S.C. 1652; and 28 U.S.C. § 1361 (action to compel an officer of the United States to perform his duty). See Habeas Petition, ¶ 2.

Although petitioner invokes this Court's jurisdiction under several provisions, his Habeas Petition is brought specifically as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. As a general matter, a party only may challenge his custody through a habeas petition. See Preiser v. Rodriguez, 411 U.S. 475, 489-90 (1973) (prisoner challenging the very fact or duration of his physical

5

imprisonment and seeking determination that he is entitled to immediate release or speedier release from such imprisonment must proceed under habeas laws).

Because petitioner seeks a writ of habeas corpus, the Court will consider this case only as a petition for writ of habeas corpus and not as an action brought under any of the other jurisdictional bases suggested in the Habeas Petition because the exclusive means of securing a writ of habeas corpus is through a habeas petition. See Rasul v. Bush, 215 F. Supp. 2d 55, 61 (D.D.C. 2002) (construing mixed pleadings as Section 2241 habeas petitions).

The construction of this action as a habeas action under Section 2241 is without prejudice to any future attempt by petitioner to file a complaint in this district on other theories and under other statutes. However, the Court notes that in the context of removal proceedings, judicial review of a claim to United States nationality is with the court of appeals for the circuit in which the immigration judge completed the proceedings. See 8 U.S.C. § 1252(b)(2). Because petitioner's status arose during removal proceedings[5], he is also precluded from bringing an action under 8 U.S.C. §

_____

[5]In his habeas petition, petitioner alleges that he asserted his claim of citizenship during removal proceedings. See Habeas Petition, ¶ 23.

6

1503[6] (denial of rights and privileges as national).  See Said v. Eddy, 87 F. Supp. 2d 937, 940-41 (D. Alaska 2000) (Section § 1503 specifically excludes actions when the issue of a person's status as a national of the United States arose by reason of, or in connection with, any removal proceeding).

II.  The Court Will Transfer this Action to the Western District of Louisiana

Although immigration detainees may seek habeas relief pursuant to Section 2241 of title 28 and district courts have jurisdiction to review those petitions, see Immigration and Naturalization Service v. St. Cyr., 533 U.S. 289, 312-313 (2001), this Court does not have jurisdiction to hear this petition because the petitioner is not in custody in this district.

A writ of habeas corpus must be "directed to the person having custody of the person detained."  28 U.S.C. § 2243. The Court issuing the writ must have personal jurisdiction over the person who holds the petitioner in custody.  Vasquez v. Reno, 233 F.3d 688, 696 (1st Cir. 2000) cert. denied sub.

_____

[6]Subsection 1503(a) provides in pertinent part: "[i]f any person who is within the United States claims a right or privilege as a national of the United States and is denied such right or privilege by any department or independent agency, or official thereof, upon the ground that he is not a national of the United States, such person may institute an action under the provisions of section 2201 of Title 28...." 8 U.S.C. § 1503(a).

7

nom. <u>Vasquez v. Ashcroft</u>, 122 C. Ct. 43 (2001) (alien seeking writ of habeas corpus contesting legality of detention by I.N.S. normally must name as respondent his immediate custodian, the individual having day to day control over the facility in which he is being detained). Petitioner's legal custodian is the warden of the Oakdale detention facility, the individual with the day-to-day control over the facility in which he is being detained. <u>Id.</u> at 684. This Court does not have personal jurisdiction over the Warden of Oakdale detention facility, and therefore must either dismiss or transfer this Section 2241 petition to the proper district.[7] <u>Id.</u> at 696.

<u>CONCLUSION</u>

Based upon the foregoing, it is hereby ORDERED, that this action be TRANSFERRED to the Western District of Louisiana, 300 Fannin Street, Suite 1167, Shreveport, Louisiana 71101 for the reasons stated above.

SO ORDERED.

Dated at Boston, Massachusetts, this <u>12th</u> day of <u>August</u>, 2003.

---

[7]Because the Court is transferring this action, it will not address petitioner's Application to Proceed Without Prepayment of Fees. <u>See Vasquez</u>, 233 F.3d at 697 (the district court ought not to have acted on the merits of petition where court lacked jurisdiction over petitioner's custodian).

8

/s Reginald C. Lindsay
REGINALD C. LINDSAY
UNITED STATES DISTRICT JUDGE

9

madei - Docket Report

CLOSED

# United States District Court
## District of Massachusetts (Boston)
## CIVIL DOCKET FOR CASE #: 1:03-cv-12009-RCL

St. Fleur v. Immigration and Naturalization Service
Assigned to: Judge Reginald C. Lindsay
Cause: 28:2241 Petition for Writ of Habeas Corpus (federa

Date Filed: 10/14/2003
Jury Demand: None
Nature of Suit: 530 Habeas Corpus
(General)
Jurisdiction: U.S. Government
Defendant

**Petitioner**
-----------------------

**Emmanuel St. Fleur**

represented by **Emmanuel St. Fleur**
18559-265
Federal Detention Center
P.O. Box 5010
Oakdale, LA 71463
PRO SE

V.

**Respondent**
-----------------------

**Immigration and Naturalization
Service**

| Date Filed | # | Docket Text |
|---|---|---|
| 10/14/2003 | ●5 | Case transferred in from District of Eastern District of New York; Case Number 03-04753-APR. Original file with documents numbered 1-4, certified copy of transfer order and docket sheet received., filed by Emmanuel St. Fleur.(Tebo, Susan) (Entered: 10/21/2003) |
| 10/29/2003 | ●6 | Judge Reginald C. Lindsay : ORDER entered MEMORANDUM AND ORDER of Transfer entered. Based upon the foregoing, it is hereby ORDERED, that this action be Transferred to the United States District Court for the Western District of Louisiana, 300 Fannin Street, Suite 1167, Shreveport, Louisiana 71101 for the reasons stated above. SO ORDERED.(Jenness, Susan) (Entered: 10/30/2003) |

madei - Docket Report

| | | |
|---|---|---|
| 10/30/2003 | ● | Civil Case Terminated. (Jenness, Susan) (Entered: 10/30/2003) |
| 10/30/2003 | ● | Case filed mailed out with certified copy of docket and certified copy of Memorandum and Order and case transfer transmittal with self address envelope (Jenness, Susan) (Entered: 10/30/2003) |
| 10/30/2003 | ● | File returned to RCL session (Jenness, Susan) (Entered: 10/30/2003) |
| 12/01/2003 | ●7 | NOTICE OF APPEAL as to 6 Memorandum & ORDER, by Emmanuel St. Fleur. Appeal Record due by 12/22/2003. (Tebo, Susan) (Entered: 12/03/2003) |
| 12/03/2003 | ● | Notice of Appeal mailed re 7 Notice of Appeal: (Tebo, Susan) (Entered: 12/03/2003) |
| 12/04/2003 | ●8 | Certified and Transmitted Record on Appeal to US Court of Appeals re 7 Notice of Appeal (Ramos, Jeanette) (Entered: 12/04/2003) |
| 12/04/2003 | ●9 | USCA Case Number 03-2664 for 7 Notice of Appeal filed by Emmanuel St. Fleur. (Ramos, Jeanette) (Entered: 12/04/2003) |
| 12/09/2003 | ●10 | Receipt from the U.S. District Court for the Western District of Louisiana for Case filed. (Tebo, Susan) (Entered: 12/10/2003) |
| 12/31/2003 | ●11 | ORDER of USCA as to 7 Notice of Appeal filed by Emmanuel St. Fleur; This court is in receipt of appellant's request to proceed on appeal in forma pauperis and Form 4. This request is denied without prejudice to refiling a compliant motion, and Form 4 (financial affidavit) with a completed statement of issues section and with an attached certified statement from the Institutional Trust Account on or before January 15, 2004 in the District Court of Massachusetts. The appellant is further directed to notify this court in writing regarding the status of the fee issue on or before January 15, 2004. (Ramos, Jeanette) (Entered: 12/31/2003) |
| 03/23/2004 | ●12 | MANDATE of USCA as to 7 Notice of Appeal filed by Emmanuel St. Fleur; Because we lack jurisdiction over the October 29, 2003 transfer order, the appeal is dismissed. DISMISSED. (Ramos, Jeanette) (Entered: 03/23/2004) |
| 03/23/2004 | ● | Appeal Record Returned: 7 Notice of Appeal (Ramos, Jeanette) (Entered: 03/23/2004) |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EMMANUEL ST. FLEUR,                    )
              Petitioner,              )
                                       )
          v.                           )    Civil Action No. 03-12009-
                                       )    RCL
                                       )
IMMIGRATION AND NATURALIZATION         )
SERVICE,                               )
              Respondent.              )

## MEMORANDUM AND ORDER OF TRANSFER

This habeas action was transferred from the United States District Court for the Eastern District of New York to this Court. For the reasons set forth below, this action will be transferred to the United States District Court for the Western District of Louisiana.

## BACKGROUND

Petitioner Emmanuel St. Fleur, now detained in Oakdale, Louisiana by the Bureau of Immigration and Customs Enforcement of the Department of Homeland Security (formerly the INS[1]), alleges that he was born in Haiti and entered the United States as a lawful permanent resident on October 20, 1988,

---

[1]The Immigration and Naturalization Service of the United States Department of Justice was "abolished" by section 471 of the Homeland Security Act of 2002, Pub. L. 107-296, tit. IV, subtits. D, E, F, 116 Stat. 2135, 2192 (Nov. 25, 2002) ("HSA"). Many of the enforcement functions of the former INS have been transferred to the Bureau of Immigration and Customs Enforcement of the Department of Homeland Security.

with his father, George St. Fleur, who subsequently became a naturalized United States citizen. See Habeas Petition, p. 4.

On June 5, 2002, petitioner pled guilty and was convicted in the Dorchester District Court of the following two offenses: (1) Assault and Battery in violation of Mass. Gen. Laws ch. 265, § 13A; and (2) Witness Intimidation in violation of Mass. Gen. Laws ch. 268, § 13(B). Id.; see also Exhibit 1 (INS Form I-862). Petitioner was sentenced to one year and sixty days imprisonment with the balance suspended with probation. Id. Since petitioner was taken into INS custody on July 19, 2002, he has sought to challenge removal proceedings. Id. On July 25, 2003, the Board of Immigration Appeals ("BIA") remanded to the Immigration Court in Louisiana for further proceedings.[2] Id. at p. 7; see also Exhibit 5 (Decision of Board of Immigration Appeals).

On September 15, 2003, petitioner filed in the United States District Court for the Eastern District of New York the instant habeas petition accompanied by an Application to Proceed Without Prepayment of Fees. See Docket, St. Fleur v. INS, C.A. No. 03-cv-04753-ARR (E.D.N.Y. Sept. 15, 2003). By

---

[2] A clerk of this Court contacted the Board of Immigration Appeals and was informed that a hearing has been scheduled before the Immigration Court in Oakdale, Louisiana for November 17, 2003.

2

Order dated October 3, 2003,that court transferred this action to the District of Massachusetts, finding that petitioner was convicted in Massachusetts of the crimes on which his removal is premised. See Docket No. 3, Oct. 3, 2003 Order, C.A. No. 03 cv 4753-ARR. This action was received for filing by this Court on October 14, 2003. See Docket, C.A. No. 03-12009-RCL.

Petitioner's previous habeas petition was also transferred to this Court from the Eastern District of New York. See St. Fleur v. Ashcroft, et al., C.A. No. 03-11451-RCL (transferred to W.D. La.). In the earlier action, petitioner sought, among other things, to assert a claim to United States nationality.

Here, petitioner seeks to challenge the BIA decision to remand for further proceedings before the Immigration Judge, contending that his removal proceedings should have been terminated based upon certain irregularities with the original notice to appear form that was issued on July 12, 2002. See Habeas Petition, p. 6.

### DISCUSSION

I.    The Court Will Construe the Pleading As a
      Petition for Habeas Corpus Under Section 2241

Petitioner's Habeas Petition invokes the Court's jurisdiction under 28 U.S.C. § 2241 as well as several other federal statutes including 8 U.S.C. § 1101; the Administrative

Procedures Act, 5 U.S.C. §§ 701, et seq.; 28 U.S.C. § 1331 (federal question); the Declaratory Judgment Act, 28 U.S.C. §§ 2201, et seq.; and the All Writs Act, 28 U.S.C. 1651. See Habeas Petition, p. 2.

Although petitioner invokes this Court's jurisdiction under several provisions, his Habeas Petition is brought specifically as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. As a general matter, a party only may challenge his custody through a habeas petition. See Preiser v. Rodriguez, 411 U.S. 475, 489-90 (1973) (prisoner challenging the very fact or duration of his physical imprisonment and seeking determination that he is entitled to immediate release or speedier release from such imprisonment must proceed under habeas laws).

Because petitioner seeks a writ of habeas corpus, the Court will consider this case only as a petition for writ of habeas corpus and not as an action brought under any of the other jurisdictional bases suggested in the Habeas Petition, because the exclusive means of securing a writ of habeas corpus is through a habeas petition.[3] See Rasul v. Bush, 215

---

[3]To the extent petitioner may be seeking to challenge his expired state court convictions, this Court lacks jurisdiction over such claims. See Neyor v. INS, 155 F. Supp. 2d 127, 134 (D. N.J. 2000) (alien in removal proceedings was not "in custody" for purposes of § 2254 based on expired state

F. Supp. 2d 55, 61 (D.D.C. 2002) (construing mixed pleadings as Section 2241 habeas petitions).

The construction of this action as a habeas action under Section 2241 is without prejudice to any future effort by petitioner to file a complaint in this district on other theories and under other statutes. However, to the extent petitioner seeks to appeal the remand order of the Board of Immigration Appeals, the Court notes that petitioner must first exhaust his administrative remedies before seeking judicial review in the appropriate United States Court of Appeals. Section 1252(d)(1) of Title 8 provides that "[a] court may review a final order of removal only if ... the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1).

        II.  The Court Will Transfer this Action
             to the Western District of Louisiana

Although immigration detainees may seek habeas relief pursuant to Section 2241 of title 28 and district courts have jurisdiction to review those petitions, see Immigration and Naturalization Service v. St. Cyr., 533 U.S. 289, 312-313 (2001), this Court does not have jurisdiction to hear this petition because the petitioner is not in custody in this

conviction).

district.

A writ of habeas corpus must be "directed to the person having custody of the person detained." 28 U.S.C. § 2243. The Court issuing the writ must have personal jurisdiction over the person who holds the petitioner in custody. Vasquez v. Reno, 233 F.3d 688, 696 (1st Cir. 2000) cert. denied sub. nom. Vasquez v. Ashcroft, 122 C. Ct. 43 (2001) (alien seeking writ of habeas corpus contesting legality of detention by I.N.S. normally must name as respondent his immediate custodian, the individual having day to day control over the facility in which he is being detained). Petitioner's legal custodian is the warden of the Oakdale detention facility, the individual with the day-to-day control over the facility in which he is being detained. Id. at 684. This Court does not have personal jurisdiction over the Warden of Oakdale detention facility, and therefore must either dismiss or transfer this Section 2241 petition to the proper district.[4] Id. at 696.

CONCLUSION

---

[4]Because the Court is transferring this action, it will not address petitioner's Application to Proceed Without Prepayment of Fees. See Vasquez, 233 F.3d at 697 (the district court ought not to have acted on the merits of petition where court lacked jurisdiction over petitioner's custodian).

Based upon the foregoing, it is hereby ORDERED, that this action be TRANSFERRED to the United States District Court for the Western District of Louisiana, 300 Fannin Street, Suite 1167, Shreveport, Louisiana  71101 for the reasons stated above.

SO ORDERED.

Dated at Boston, Massachusetts, this 29th day of October, 2003.

/s Reginald C. Lindsay

REGINALD C. LINDSAY
UNITED STATES DISTRICT JUDGE

7

madei - Docket Report

CLOSED

# United States District Court
## District of Massachusetts (Boston)
### CIVIL DOCKET FOR CASE #: 1:03-cv-12318-RCL

St. Fleur v. Ashcroft
Assigned to: Judge Reginald C. Lindsay
Cause: 28:2241 Petition for Writ of Habeas Corpus (federa

Date Filed: 10/31/2003
Jury Demand: None
Nature of Suit: 530 Habeas Corpus
(General)
Jurisdiction: Federal Question

**Petitioner**
-----------------------
**Emmanuel St. Fleur**

V.

**Respondent**
-----------------------
**John D. Ashcroft**

| Date Filed | # | Docket Text |
|---|---|---|
| 10/31/2003 | ◕ | Case receieved without payment of the filing fee or submission of an application to waive the prepayment of the filing fee. (Jenness, Susan) (Entered: 11/20/2003) |
| 11/20/2003 | ◕ | Case undergoing preliminary screening (Jenness, Susan) (Entered: 11/20/2003) |
| 11/28/2003 | ◕1 | Judge Reginald C. Lindsay : ORDER entered MEMORANDUM AND ORDER of Transfer to Western District of Louisiana. (Jenness, Susan) (Entered: 12/04/2003) |
| 12/02/2003 | ◕2 | Transfer letter issued by the pro se clerk to the Western District of Louisiana. (Jenness, Susan) (Entered: 12/04/2003) |
| 12/18/2003 | ◕ | Civil Case Terminated. (Tebo, Susan) (Entered: 12/18/2003) |
| 12/22/2003 | ◕4 | Receipt by USDC of Western District of Louisiana for Original Case File, filed.(Tebo, Susan) (Entered: 12/29/2003) |

madei - Docket Report

| 12/23/2003 | ●3 | Return receipt received for mail sent to U.S.District Court for the Western District of Louisiana Delivered on 12/15/03. (NOT SCANNED) (Tebo, Susan) (Entered: 12/24/2003) |
|---|---|---|

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EMMANUEL ST. FLEUR,           )
            Petitioner,       )
                              )
        v.                    )   Civil Action No. 03-12318-
                              )
RCL                           )
                              )
JOHN ASHCROFT, et al.         )
            Respondents.      )

## MEMORANDUM AND ORDER OF TRANSFER

On October 31, 2003, petitioner filed this habeas action seeking to terminate removal proceedings based upon petitioner's claim of United States citizenship. For the reasons set forth below, this action will be transferred to the United States District Court for the Western District of Louisiana.

### DISCUSSION

Mr. Emmanuel St. Fleur is a native of Haiti and is currently detained in Oakdale, Louisiana by the Bureau of Immigration and Customs Enforcement of the Department of Homeland Security (formerly the INS[1]). On October 31, 2003, Mr. St. Fleur submitted the instant pleading seeking leave to

---

[1]The Immigration and Naturalization Service of the United States Department of Justice was "abolished" by section 471 of the Homeland Security Act of 2002, Pub. L. 107-296, tit. IV, subtits. D, E, F, 116 Stat. 2135, 2192 (Nov. 25, 2002) ("HSA"). Many of the enforcement functions of the former INS have been transferred to the Bureau of Immigration and Customs Enforcement of the Department of Homeland Security.

amend his original petition.[2]  Mr. St. Fleur's two earlier
actions were transferred to this Court from the United States
District Court for the Eastern District of New York and then
subsequently transferred by this Court to the United States
District Court for the Western District of Louisiana.  See St.
Fleur v. Ashcroft, et al., C.A. No. 03-11451-RCL (Aug. 25,
2003 Order transferring action to W.D. La.); St. Fleur v.
Immigration and Naturalization Service, C.A. No. 03-12009-RCL
(Oct. 29, 2003 Order transferring action to W.D. La.).

Mr. St. Fleur's earlier actions were transferred to the
United States District Court for the Western District of
Louisiana because that district had personal jurisdiction over
petitioner's legal custodian.  Because Mr. St. Fleur continues
to be detained in Oakdale[3], Louisiana, the Court will transfer
this action to the Western District of Louisiana.  See 28
U.S.C. § 1631 (stating that whenever a court finds that it
lacks jurisdiction, it "shall, if it is in the interest of
justice, transfer such action ... to any other such court in

---

[2]The Court notes that the first page of the pleading is a
proposed order and it appears petitioner seeks leave to amend
his earlier motion seeking to terminate removal proceedings
based upon petitioner's claim of United States citizenship.

[3]A clerk of this Court contacted the Board of Immigration
Appeals and was informed that a hearing has been scheduled
before the Immigration Court in Oakdale, Louisiana for
December 4, 2003.

2

which the action ... could have been brought").

ORDER

Based upon the foregoing, it is hereby ORDERED, that this action be TRANSFERRED to the United States District Court for the Western District of Louisiana, 300 Fannin Street, Suite 1167, Shreveport, Louisiana  71101 for the reasons stated above.

SO ORDERED.

Dated at Boston, Massachusetts, this 28th day of November, 2003.

/s Reginald C. Lindsay
REGINALD C. LINDSAY
UNITED STATES DISTRICT JUDGE

Case Summary for 1-04-cv-12671

**1:04-cv-12671-DPW** St. Fleur v. Ashcroft
Douglas P. Woodlock, presiding
**Date filed:** 12/20/2004 **Date of last filing:** 12/21/2004

## Query

Alias
Associated Cases
Attorney
Calendar - Monthly...
Case Summary
Corporate Parents
Deadlines/Hearings...
Docket Report ...
Filers
History/Documents...
Judge
Party
Motions

Related Transactions...
Speedy Trial
Status

HABEAS, PRISON

# U.S. District Court
## Western District of Louisiana (Lake Charles)
## CIVIL DOCKET FOR CASE #: 2:04-cv-02431-JTT-APW

St Fleur v. Ridge et al
Assigned to: Judge James T Trimble, Jr
Referred to: Honorable Alonzo P Wilson
Cause: 28:2241 Petition for Writ of Habeas Corpus (federa

Date Filed: 11/30/2004
Jury Demand: None
Nature of Suit: 530 Habeas Corpus
(General)
Jurisdiction: U.S. Government
Defendant

**Plaintiff**

**Emmanuel St Fleur**

represented by **Emmanuel St Fleur**
#18559-265/A414
Federal Detention Center
P O Box 5010
Oakdale, LA 71463
PRO SE

V.

**Defendant**

**Tom Ridge**

**Defendant**

**John Ashcroft**

**Defendant**

**Board of Immigration Appeals**

**Defendant**

**Nancy Hooks**

**Defendant**

**U S Bureau of Immigration &
Customs Enforcement**

**Defendant**

**J P Young**

**Defendant**

**Allen Povenmire**

| Date Filed | # | Docket Text |
|---|---|---|

| 11/30/2004 | 1 | PETITION for Writ of Habeas Corpus , filed by Emmanuel St Fleur. (Attachments: # 1 Civil cover sheet)(Mitchell, S) (Entered: 12/16/2004) |
| 11/30/2004 | 2 | MOTION for Leave to Proceed in forma pauperis by Emmanuel St Fleur. (Mitchell, S) (Entered: 12/16/2004) |
| 12/21/2004 | 3 | ORDER granting 2 Motion for Leave to Proceed in forma pauperis. Signed by Judge Robert H Shemwell Sr on 12/21/04. (Davis, C) (Entered: 12/21/2004) |

| PACER Service Center | | |
| --- | --- | --- |
| **Transaction Receipt** | | |
| 12/21/2004 15:50:29 | | |
| PACER Login: | us2510 | Client Code: |
| Description: | Docket Report | Search Criteria: | 2:04-cv-02431-JTT-APW |
| Billable Pages: | 1 | Cost: | 0.07 |

CLOSED, PRISON

# U.S. District Court
## Western District of Louisiana (Lake Charles)
## CIVIL DOCKET FOR CASE #: 2:04-cv-01867-PM

St Fleur v. Bureau of Immigration & Customs Enforcement
Assigned to: Patricia Minaldi
Demand: $0
Cause: 28:1361 Petition for Writ of Mandamus

Date Filed: 09/07/2004
Jury Demand: None
Nature of Suit: 540 Mandamus & Other
Jurisdiction: U.S. Government
Defendant

**Plaintiff**
**Emmanuel St Fleur**

represented by **Emmanuel St Fleur**
#18559-265/A414
Federal Detention Center
P O Box 5010
Oakdale, LA 71463
PRO SE

V.

**Defendant**
**Bureau of Immigration & Customs Enforcement**

| Date Filed | # | Docket Text |
|---|---|---|
| 09/07/2004 | 1 | PETITION for Writ of Mandamus , filed by Emmanuel St Fleur. (Attachments: # 1 Notice of manual attachment # 2 Civil cover sheet) (McDaniel, C) (Entered: 09/10/2004) |
| 09/10/2004 | 2 | MEMORANDUM ORDER: Plaintiff failed to submit filing fee or a completed IFP application. Pro Se Deadline to comply with deficiency set for 10/12/2004. Signed by Judge Robert H Shemwell Sr on 9/10/04. (McDaniel, C) (Entered: 09/10/2004) |
| 09/24/2004 | 3 | MOTION for Leave to Proceed in forma pauperis by Emmanuel St Fleur. (McDaniel, C) (Entered: 09/24/2004) |
| 09/27/2004 | 4 | ORDER granting 3 Motion for Leave to Proceed in forma pauperis. Signed by Judge Robert H Shemwell Sr on 9/27/04. (Davis, C) (Entered: 09/28/2004) |
| 10/22/2004 | 5 | MOTION to Stay of Removal Pending the outcome of Writ of Mandamus by Emmanuel St Fleur. (Prest, B) (Entered: 10/25/2004) |
| 10/27/2004 | 7 | ORDER denying 5 Motion to Stay. Signed by Judge Patricia Minaldi on 10/27/04. (McDaniel, C) (Entered: 10/29/2004) |

| | | |
|---|---|---|
| 10/28/2004 | 6 | REPORT AND RECOMMENDATIONS recommending that the 1 Petition for Writ of Habeas Corpus filed by Emmanuel St Fleur be DENIED AND DISMISSED WITH PREJUDICE. Objections to R&R due by 11/18/2004. Signed by Judge Alonzo P Wilson on 11/28/04. (Monceaux, P) (Entered: 10/29/2004) |
| 11/10/2004 | 8 | MOTION to Withdraw 1 Petition for Writ of Mandamus by Emmanuel St Fleur. (McDaniel, C) (Entered: 11/10/2004) |
| 11/15/2004 | 9 | ORDER granting 8 Motion to Withdraw 8 MOTION to Withdraw 1 Petition for Writ of Habeas Corpus Signed by Judge Patricia Minaldi on 11/12/04. (Davis, C) (Entered: 11/16/2004) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 12/21/2004 15:51:01 | | |
| PACER Login: | us2510 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 2:04-cv-01867-PM |
| Billable Pages: | 1 | Cost: | 0.07 |

CM/ECF - U.S. District Court:Western District of Louisiana - Docket Report

CLOSED, PRISON

# U.S. District Court
## Western District of Louisiana (Lake Charles)
### CIVIL DOCKET FOR CASE #: 2:03-cv-02285-JTT-APW

St Fleur v. Ashcroft
Assigned to: Judge James T Trimble, Jr
Referred to: Honorable Alonzo P Wilson
Demand: $0
Cause: 28:2241 Petition for Writ of Habeas Corpus (federa

Date Filed: 12/15/2003
Jury Demand: None
Nature of Suit: 530 Habeas Corpus
(General)
Jurisdiction: U.S. Government
Defendant

**Plaintiff**

**Emmanuel St Fleur**

represented by **Emmanuel St Fleur**
#18559-265/A414
Federal Detention Center
P O Box 5010
Oakdale, LA 71463
PRO SE

V.

**Defendant**

**John Ashcroft**

| Date Filed | # | Docket Text |
|---|---|---|
| 12/15/2003 | | Amount of fee $0/WV TRANSFER. (Gilmer, P) (Entered: 12/16/2003) |
| 12/15/2003 | 1 | DEFICIENT PLEADING submitted by Emmanuel St Fleur; Name of pleading: 2241 petition filed in the District of Massachusetts on 10/31/03, and given case #03-12318-RCL; Reason for deficiency: not on proper form and no filing fee paid or ifp form submitted (Davis, C) Modified on 12/22/2003 (Entered: 12/22/2003) |
| 12/15/2003 | 2 | TRANSFER ORDER from District of Massachusetts, dated 11/28/03, with certified copy of transfer order and docket sheet received. (Davis, C) (Entered: 12/22/2003) |
| 12/22/2003 | | **Set prison flag. Case held in Shreveport due to deficiency. (Davis, C) (Entered: 12/22/2003) |
| 12/22/2003 | 3 | MEMORANDUM ORDER plaintiff has failed to submit the petition on approved forms and plaintiff failed to submit either the $5.00 or completed ifp application and must submit same within 30 days; Pro se response due 1/22/04 for Emmanuel St Fleur (signed by Magistrate Judge Robert H Shemwell) NOE by: ced (Davis, C) (Entered: 12/22/2003) |

| 01/22/2004 | 4 | PETITION for writ of habeas corpus (McDaniel, C) (Entered: 01/23/2004) |
| 01/22/2004 | 5 | MOTION by Emmanuel St Fleur to proceed in forma pauperis with Proposed Order referred to Magistrate Judge Robert H. Shemwell (McDaniel, C) (Entered: 01/23/2004) |
| 01/23/2004 | 6 | MEMORANDUM ORDER granting [5-1] motion to proceed in forma pauperis (signed by Magistrate Judge Robert H Shemwell) NOE by: cm (McDaniel, C) (Entered: 01/23/2004) |
| 01/23/2004 |  | **RECORD LOCATION flag set to LAF; ( 1 volumes, 0 exhibit folders) (McDaniel, C) (Entered: 01/23/2004) |
| 03/31/2004 |  | **REMOVED Record Location flag. (Guidry, C) (Entered: 03/31/2004) |
| 04/28/2004 | 7 | REPORT AND RECOMMENDATIONS by Magistrate Judge Alonzo P Wilson recommending that the petition for writ of habeas corpus be DENIED AND DISMISSED for lack of jurisdiction. Objections to R and R due by 5/18/04 NOE by pam (Monceaux, P) (Entered: 04/29/2004) |
| 06/21/2004 | 8 | JUDGMENT ORDERING that the petition for writ of habeas corpus be DENIED AND DISMISSED for lack of jurisdiction. Signed by Judge James T Trimble Jr on 06/21/04. (Benoit, J) (Entered: 06/21/2004) |

| **PACER Service Center** | | |
| --- | --- | --- |
| **Transaction Receipt** | | |
| 12/21/2004 15:51:24 | | |
| **PACER Login:** | us2510 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:03-cv-02285-JTT-APW |
| **Billable Pages:** | 1 | **Cost:** | 0.07 |

CLOSED, PRISON

# U.S. District Court
## Western District of Louisiana (Lake Charles)
### CIVIL DOCKET FOR CASE #: 2:03-cv-02033-PM-APW

St Fleur v. I N S
Assigned to: Judge Patricia Minaldi
Referred to: Honorable Alonzo P Wilson
Demand: $0
Case in other court: USDC/EDNY, 03-CV-4753
Cause: 28:2241 Petition for Writ of Habeas Corpus (federa

Date Filed: 11/03/2003
Jury Demand: None
Nature of Suit: 530 Habeas Corpus
(General)
Jurisdiction: U.S. Government
Defendant

**Plaintiff**

**Emmanuel St Fleur**                    represented by    **Emmanuel St Fleur**
                                                          #18559-265/A414
                                                          Federal Detention Center
                                                          P O Box 5010
                                                          Oakdale, LA 71463
                                                          PRO SE

V.

**Defendant**

**Immigration & Naturalization
Service**

| Date Filed | # | Docket Text |
|---|---|---|
| 11/03/2003 | | Amount of fee $0/IFP TRANSFER. (Gilmer, P) (Entered: 11/04/2003) |
| 11/03/2003 | 1 | PETITION for writ of habeas corpus; originally filed in ED/NY #03-4753 on 9/15/03 (McDaniel, C) (Entered: 11/06/2003) |
| 11/03/2003 | 2 | MOTION by Emmanuel St Fleur to proceed in forma pauperis with Proposed Order referred to Magistrate Judge Robert H. Shemwell (McDaniel, C) (Entered: 11/06/2003) |
| 11/03/2003 | 3 | ORDER of ED/NY on 10/10/03 TRANSFERRING CASE TO DISTRICT OF MASSACHUSETTS (McDaniel, C) (Entered: 11/06/2003) |
| 11/03/2003 | 4 | TRANSFER ORDER from District of Massachusetts (Mass #03-12009); original file, certified copy of transfer order and docket sheet received. (McDaniel, C) (Entered: 11/06/2003) |
| 11/06/2003 | | **Set Prison Flag. Case referred to pro se staff attorney for initial review. (McDaniel, C) (Entered: 11/06/2003) |

| 11/06/2003 | 5 | MEMORANDUM ORDER granting [2-1] motion to proceed in forma pauperis ( signed by Magistrate Judge Robert H. Shemwell ) NOE by: cm (McDaniel, C) (Entered: 11/07/2003) |
| 11/14/2003 | | **RECORD LOCATION flag set to LAF; ( 1 volumes, 0 exhibit folders) (McDaniel, C) (Entered: 11/14/2003) |
| 03/31/2004 | | **REMOVED Record Location flag. (Guidry, C) (Entered: 03/31/2004) |
| 04/26/2004 | 6 | REPORT AND RECOMMENDATIONS by Magistrate Judge Alonzo P Wilson recommending that peittioner's challenge to his removal proceedings be DISMISSED WITHOUT PREJUDICE as premature and that his challenge to his detention be DENIED AND DISMISSED WITH PREJUDICE. Objections to R and R due by 5/14/04 NOE by tsb (Benoit, T) (Entered: 04/27/2004) |
| 06/02/2004 | 7 | JUDGMENT for the reasons stated in the [6-1] report and recommendations it is ORDERED that petitioner's challenge to his removal proceedings be DISMISSED WITHOUT PREJUDICE as premature and that his challenge to his detention be DENIED AND DISMISSED WITH PREJUDICE (signed by Judge Patricia Minaldi) (Monceaux, P) (Entered: 06/02/2004) |
| 06/02/2004 | | Case closed (Monceaux, P) (Entered: 06/02/2004) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 12/21/2004 15:51:44 | | | |
| PACER Login: | us2510 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 2:03-cv-02033-PM-APW |
| Billable Pages: | 1 | Cost: | 0.07 |

CLOSED, PRISON

# U.S. District Court
## Western District of Louisiana (Lake Charles)
## CIVIL DOCKET FOR CASE #: 2:03-cv-01622-PM-APW

St Fleur v. Ashcroft, et al
Assigned to: Judge Patricia Minaldi
Referred to: Honorable Alonzo P Wilson
Demand: $0
Case in other court: USDC/District of MA, 1:03-cv-11451
                     USDC/EDNY, :03-cv-02851
Cause: 28:2241 Petition for Writ of Habeas Corpus (federa

Date Filed: 08/27/2003
Jury Demand: None
Nature of Suit: 530 Habeas Corpus
(General)
Jurisdiction: U.S. Government
Defendant

**Plaintiff**

**Emmanuel St Fleur**                    represented by   **Emmanuel St Fleur**
                                                          #18559-265/A414
                                                          Federal Detention Center
                                                          P O Box 5010
                                                          Oakdale, LA 71463
                                                          PRO SE

V.

**Defendant**

**John Ashcroft**

**Defendant**

**Immigration & Naturalization
Service**

**Defendant**

**U S Dept of Justice**

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 08/27/2003 |   | FEE paid; Amount of fee $0/fp. (Thigpen, M) (Entered: 08/27/2003) |
| 08/27/2003 |   | **Set prison flag. Case held in Shreveport due to deficiency. (Prest, B) (Entered: 09/02/2003) |
| 08/27/2003 | 1 | PETITION for writ of habeas corpus filed in USDC/EDNY; #03cv2851 on 6/6/03 and USDC/District of MA; #1:03cv11451 on 8/12/03. (Prest, B) (Entered: 09/02/2003) |
| 08/27/2003 | 2 | DEFICIENT PLEADING submitted by Emmanuel St Fleur. Name of pleading: Motion to proceed in forma pauperis. Reason for deficiency: Not on proper form. Filed in USDC/EDNY; #03cv2851 on 6/6/03 and |

|  |  | USDC/District of MA; #1:03cv11451 on 8/12/03. (Prest, B) Modified on 09/02/2003 (Entered: 09/02/2003) |
|---|---|---|
| 08/27/2003 | 3 | ORDER to show cause filed in USDC/EDNY; #03cv2851 on 6/19/03 and USDC/District of MA; #1:03cv11451 on 8/12/03. (Prest, B) (Entered: 09/02/2003) |
| 08/27/2003 | 4 | TRANSFER from Eastern District of New York; original file, certified copy of transfer order and docket sheet received in USDC/District of MA; #1:03cv11451 on 8/12/03. (Prest, B) (Entered: 09/02/2003) |
| 08/27/2003 | 5 | TRANSFER from District of Massachusetts; original file, certified copy of transfer order and docket sheet received. (Prest, B) (Entered: 09/02/2003) |
| 09/11/2003 | 6 | MEMORANDUM ORDER that petitioner submit within 30 days the $5 filing fee or a completed IFP application (signed by Magistrate Judge Robert H Shemwell) NOE by: cm (McDaniel, C) (Entered: 09/11/2003) |
| 12/01/2003 | 7 | MEMORANDUM ORDER mover has failed to take the required action to pay the filing fee or submit and ifp application; accordingly, IT IS ORDERED that the [1-1] petition is stricken from the record (signed by Magistrate Judge Robert H Shemwell) NOE by: ced (Davis, C) (Entered: 12/01/2003) |
| 12/01/2003 |  | Case closed (Davis, C) (Entered: 12/01/2003) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 12/21/2004 15:52:01 | | |
| **PACER Login:** | us2510 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:03-cv-01622-PM-APW |
| **Billable Pages:** | 1 | **Cost:** | 0.07 |

CLOSED, PRISON

# U.S. District Court
## Western District of Louisiana (Lake Charles)
## CIVIL DOCKET FOR CASE #: 2:03-cv-00687-PM-APW

St Fleur v. Ashcroft, et al
Assigned to: Judge Patricia Minaldi
Referred to: Honorable Alonzo P Wilson
Demand: $0
Cause: 28:2241 Petition for Writ of Habeas Corpus (federa

Date Filed: 04/14/2003
Jury Demand: None
Nature of Suit: 530 Habeas Corpus (General)
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**Emmanuel St Fleur**

represented by **Emmanuel St Fleur**
#18559-265/A414
Federal Detention Center
P O Box 5010
Oakdale, LA 71463
PRO SE

V.

**Defendant**

**John Ashcroft**

**Defendant**

**Caryl Thompson**

**Defendant**

**Immigration & Naturalization Service**

| Date Filed | # | Docket Text |
|---|---|---|
| 04/14/2003 | | Amount of fee $0/IFP. (Prest, B) (Entered: 04/15/2003) |
| 04/14/2003 | | **Set prison flag. Case held in Shreveport due to deficiency. (Prest, B) (Entered: 04/15/2003) |
| 04/14/2003 | 1 | PETITION for writ of habeas corpus. (Prest, B) (Entered: 04/15/2003) |
| 04/14/2003 | 2 | DEFICIENT PLEADING submitted by Emmanuel St Fleur. Name of pleading: Motion to proceed in forma. Reason for deficiency: Not on proper forms. (Prest, B) (Entered: 04/15/2003) |
| 04/16/2003 | 3 | MEMORANDUM ORDER that plaintiff failed to submit in forma pauperis application on approved forms with an authorization for |

| | | |
|---|---|---|
| | | institution to pay fee. Pro se response due 5/16/03 for Emmanuel St Fleur . (signed by Magistrate Judge Robert H Shemwell) NOE by: bp (Prest, B) (Entered: 04/16/2003) |
| 04/24/2003 | 4 | MOTION by Emmanuel St Fleur to proceed in forma pauperis with Proposed Order referred to Magistrate Judge Robert H Shemwell. (Prest, B) (Entered: 04/25/2003) |
| 04/25/2003 | 5 | MEMORANDUM ORDER denying [4-1] motion to proceed in forma pauperis; plaintiff has 30 days to submit $5 filing fee. Pro se response due 5/25/03 for Emmanuel St Fleur . (signed by Magistrate Judge Robert H Shemwell) NOE by: bp (Prest, B) (Entered: 04/25/2003) |
| 06/16/2003 | 6 | MINUTE ENTRY: This matter is hereby reassigned to the Honorable Judge Patricia Minaldi. All future pleadings should bear the name of the newly assigned judge. All pending deadlines remain the same unless otherwise ordered by the court. NOE by: tr (Reeves, T) (Entered: 06/16/2003) |
| 06/16/2003 | | CASE reassigned to Judge Patricia Minaldi (Reeves, T) (Entered: 06/16/2003) |
| 07/02/2003 | 7 | MEMORANDUM ORDER striking [1-1] complaint (signed by Magistrate Judge Robert H Shemwell) NOE by: ced (Davis, C) (Entered: 07/02/2003) |
| 07/02/2003 | | Case closed (Davis, C) (Entered: 07/02/2003) |
| 07/07/2003 | | RECEIVED a request to proceed ifp in this case; clerk sent a copy of the docket sheet to the plaintiff with the request to proceed ifp (Davis, C) (Entered: 07/07/2003) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 12/21/2004 15:52:20 | | | |
| PACER Login: | us2510 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 2:03-cv-00687-PM-APW |
| Billable Pages: | 1 | Cost: | 0.07 |

CLOSED, PRISON

# U.S. District Court
## Western District of Louisiana (Lake Charles)
### CIVIL DOCKET FOR CASE #: 2:03-cv-00192-JTT-APW

St Fleur v. I N S
Assigned to: Judge James T Trimble, Jr
Referred to: Honorable Alonzo P Wilson
Demand: $0
Cause: 28:2241 Petition for Writ of Habeas Corpus (federa

Date Filed: 02/03/2003
Jury Demand: None
Nature of Suit: 530 Habeas Corpus
(General)
Jurisdiction: U.S. Government
Defendant

**Plaintiff**

**Emmanuel St Fleur**

represented by **Emmanuel St Fleur**
#18559-265/A414
Federal Detention Center
P O Box 5010
Oakdale, LA 71463
PRO SE

V.

**Defendant**

**Immigration & Naturalization
Service**

| Date Filed | # | Docket Text |
|---|---|---|
| 02/03/2003 | | Amount of fee $0/IFP (Thigpen, M) Modified on 02/04/2003 (Entered: 02/04/2003) |
| 02/03/2003 | | **Set Prison Flag. Case referred to pro se staff attorney for initial review. (Prest, B) (Entered: 02/05/2003) |
| 02/03/2003 | 1 | PETITION for writ of habeas corpus. (Prest, B) (Entered: 02/05/2003) |
| 02/03/2003 | 2 | MOTION by Emmanuel St Fleur to proceed in forma pauperis with Proposed Order referred to Magistrate Judge Robert H Shemwell. (Prest, B) (Entered: 02/05/2003) |
| 02/07/2003 | 3 | MEMORANDUM ORDER granting [2-1] motion to proceed in forma pauperis ( signed by Magistrate Judge Robert H. Shemwell ) NOE by: cm (McDaniel, C) (Entered: 02/07/2003) |
| 02/11/2003 | | **RECORD LOCATION flag set to Lake Charles; ( 1 volumes, 0 exhibit folders) (Davis, C) (Entered: 02/11/2003) |
| 03/20/2003 | 4 | REPORT AND RECOMMENDATIONS by Magistrate Judge Alonzo P |

| | | Wilson recommending that this petition be DENIED AND DISMISSED WITH PREJUDICE. Objections to R and R due by 4/8/03 NOE by pam (Monceaux, P) (Entered: 03/20/2003) |
|---|---|---|
| 03/31/2003 | 5 | MOTION by Emmanuel St Fleur to withdraw [1-1] complaint referred to Magistrate Judge Alonzo P Wilson (Davis, C) (Entered: 04/01/2003) |
| 04/10/2003 | 6 | JUDGMENT granting [5-1] motion to withdraw [1-1] complaint (signed by Judge James T Trimble Jr) (Monceaux, P) (Entered: 04/10/2003) |
| 04/10/2003 | | Case closed (Davis, C) (Entered: 04/15/2003) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 12/21/2004 15:52:44 | | | |
| PACER Login: | us2510 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 2:03-cv-00192-JTT-APW |
| Billable Pages: | 1 | Cost: | 0.07 |